# Exhibit C

<u>Page 13,493</u>

REGULAR MEETING

SUFFOLK COUNTY WATER AUTHORITY

October 26, 2010, at 5:30 p.m.

Oakdale, New York

Present:   James F. Gaughran, Chairman
Patrick G. Halpin, Secretary
Jane R. Devine, Member
Frank J. Pellegrino, Member
Errol D. Toulon, Jr., Member

Jeffrey W. Szabo, Chief Executive Officer

The meeting was also attended by Counsel T. Hopkins and John Milazzo; and by Messrs. Anderson, Burns, Celiberti, Cortese, DeBlasi, Finello, Kulick, Kuzman, Litka, Miller, Pavacic, and Pokorny; and by Mmes. Ellison, Hohenberger, Lyon, Mancuso, Randazzo, and Tinsley-Colbert.

Robert Marcos of Local 393 was also in attendance.

Booklets containing detailed information for all Agenda items were distributed to each Member, Executive Staff and Counsel to the Authority.

At 5:30 p.m. Chairman Gaughran called the meeting to order. He then opened the meeting for public comment. No one wished to address the board at this time.

Mr. Gaughran then presented the minutes of the regular meeting of September 28, 2010, for approval. On motion made by Ms. Devine, duly seconded by Mr. Toulon, and unanimously carried, the minutes of the regular meeting held on September 28, 2010, were approved.

Page 13,494

Mr. Jeffrey Szabo, Chief Executive Officer described the information in the Members' packets, including regular monthly reports and noted the Third Quarterly Report on the Authority's 2010 Goals and Objectives. He informed the Members that the Authority had closed with the Town of Babylon for the operation of the East Farmingdale Water District.

He then referred to a request from the Purchasing Department to rescind the award of Contract 6609. After the award of the contract at the last meeting, the vendor informed the Authority that they are not able to meet specifications at the quoted price. On motion made by Mr. Pellegrino, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)     RESOLVED, To rescind the award of Contract 6609 for furnishing and delivery of one (1) Ingersoll-Rand Compressor to K&G Power Systems of Hauppauge, New York, as the vendor has advised the Authority on October 12, 2010, that they are unable to meet the contract specifications at the quoted price; and be it

FURTHER RESOLVED, That the Authority will retain the bid security in the amount of Five Hundred Dollars ($500) as liquidated damages.

Mr. Szabo then referred to several contracts scheduled to expire shortly, and he recommended that the Authority exercise its option to extend these contracts in accordance with the letters of recommendation. On motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)     RESOLVED, To extend for a one-year period beginning January 1, 2011, Contract 6398 for construction of asphalt driveways, paved yard areas and walkways on Authority properties in the Eastern Zone with CAC Contracting Corp. of Mattituck, New York; in accordance with the specifications, terms and conditions of the contract.

On motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)     RESOLVED, To extend for a one-year period beginning January 1, 2011, Contract 6401 for construction of well head enclosure buildings with Pioneer Construction Company of Northport, New York; in accordance with the specifications, terms and conditions of the contract.

<u>Page 13,495</u>

On motion made by Mr. Pellegrino, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)   RESOLVED, To extend for a one-year period beginning January 1, 2011, Contract 6402 for supply of granular activated carbon and related services with Nichem Corp. of Hillside, New Jersey for Zone A and with Calgon Carbon Corp. of Pittsburgh, Pennsylvania for Zone B; in accordance with the specifications, terms and conditions of the contract.

On motion made by Mr. Toulon, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)   RESOLVED, To extend for the period April 1, 2011 through December 15, 2011, Contract 6438 for landscape and lawn maintenance with Eastern Horizon Landscaping Inc. of Northport, New York, for the Brentwood and Hauppauge Offices; Landscape Expressions Inc. of Huntington Station, New York; with R&R Landscaping of Central Islip, New York; in accordance with the specifications, terms and conditions of the contracts.

On motion made by Mr. Pellegrino, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)   RESOLVED, To extend for the period April1, 2011 through December 15, 2011, Contract 6462 for landscape and lawn maintenance in the Huntington District, with R&R Landscaping of Central Islip, New York; in accordance with the specifications, terms and conditions of the contract.

On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)   RESOLVED, To extend for a one-year period beginning January 1, 2011, Contract 6474 for miscellaneous concrete construction work in the Western Zone with Christy Concrete Corp. of Huntington, New York; in accordance with the specifications, terms and conditions of the contract.

On motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)   RESOLVED, To extend for a one-year period beginning January 1, 2011, Contract 6504 for construction of asphalt driveways, paved yard areas and walkways on Authority properties in the Western Zone with Suffolk Asphalt Corp. of Medford, New York; in accordance with the specifications, terms and conditions of the contract.

<u>Page 13,496</u>

   On motion made by Mr. Pellegrino, duly seconded by Mrs. Devine, and unanimously carried, it was

(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)  RESOLVED, To table the extension of Contract 6506 for grading, material placement, clearing, excavating and miscellaneous site work in the Western Zone; this contract will be reconsidered at the next meeting.

   On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)  RESOLVED, To extend for a one-year period beginning January 1, 2011, Contract 6509 for furnishing and delivery of liquid blended phosphates with Carus Phosphates, Inc. of Peru, Illinois; in accordance with the specifications, terms and conditions of the contract.

   On motion made by Mrs. Devine, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)  RESOLVED, To extend for a one-year period beginning January 1, 2011, Contract 6514 for removal and disposal of wastewater from the Long Way Well Field in East Marion, with EarthCare, RMS of Long Island LLC of Deer Park, New York; in accordance with the specifications, terms and conditions of the contract.

   On motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)  RESOLVED, To extend for a one-year period beginning January 1, 2011, Contract 6525 for electrical work at various Authority-owned pump stations with Lake Grove Electric Co., Inc. of East Setauket, New York, for Zone A and with JVR Electric, Inc. of Medford, New York, for Zone B; in accordance with the specifications, terms and conditions of the contract.

   On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)  RESOLVED, To extend for a one-year period beginning January 1, 2011, Contract 6527 for furnishing and delivery of cold water service meters with Neptune Technology Group Inc. of Tallassee, Alabama, for Items 1 through 6, 9 through 11, 14 and 18 through 20, and with Badger Meter, Inc. of Milwaukee, Wisconsin, for Items 7, 8 15 through 17 and 21 through 29; in accordance with the specifications, terms and conditions of the contract.

<u>Page 13,497</u>

He then reviewed Contracts 6597, 6619 through 6624, and 6626 through 6630, and he recommended that these contracts be awarded/rejected in accordance with the letters of recommendation. On motion made by Mr. Toulon, duly seconded by Mrs. Devine, and unanimously carried, it was

(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)   RESOLVED, To reject all bids received for Contract 6597 for furnishing and delivery of meter box covers during the one-year period beginning October 1, 2010; this contract will be readvertised.

On motion made by Mr. Pellegrino, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)   RESOLVED, To table Contract 6619 for miscellaneous concrete construction work during the one-year period beginning January 1, 2011; this contract will be reconsidered at the next meeting.

On motion made by Mrs. Devine, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)   RESOLVED, That the low bid for Items 1 through 3, 5, 8, 10, 12, 24, 35, 41 and 42 under Contract 6620 for furnishing and delivery of bronze fittings for underground service lines, during the one-year period beginning December 1, 2010, submitted by Cambridge Brass, Inc. of Cambridge, Ontario, on a unit-price basis as stipulated in the bidder's proposal and calculated on estimated quantities indicated in the contract documents, totaling One Hundred Three Thousand Eight Hundred Seventy-three and 69/100 Dollars ($103,873.69), be and hereby is accepted; and be it

FURTHER RESOLVED, That the low bid for Items 6, 9, 13 through 19, 21, 25, 27, 29 through 31, 33, 34, 36 through 38, 40, and 44 through 46 under Contract 6620, submitted by AY McDonald Mfg. Co. of Dubuque, Iowa, on the same basis and totaling Thirty-six Thousand Three Hundred Ninety-eight and 81/100 Dollars ($36,398.81), be and hereby is accepted; and be it

FURTHER RESOLVED, That the low bid for Items 11, 20, 22, 23, 26, 28 and 32 under Contract 6620, submitted by Mueller Co. of Decatur, Illinois, on the same basis and totaling Eleven Thousand Three Hundred Ninety-four and 05/100 Dollars ($11,394.05), be and hereby is accepted; and be it

FURTHER RESOLVED, That the low bid for Items 4, 7, 39, 43 and 47 under Contract 6620, submitted by Ford Meter Box Co., Inc. of Wabash, Indiana, on the same basis and totaling Three Thousand Forty-eight and 97/100 Dollars ($3,048.97), be and hereby is accepted; and be it

Page 13,498

FURTHER RESOLVED, That any Member and/or the Chief Executive Officer be and hereby is authorized to execute these contracts on behalf of the Authority.

On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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) RESOLVED, To reject all bids for Contract 6621 for construction of Well No. 20A at Meetinghouse Road, Quogue, as the cost is higher than anticipated; this work will be performed under an existing contract.

On motion made by Ms. Devine, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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) RESOLVED, That the low bid for Contract 6622 for furnishing and delivery of spread spectrum radios and miscellaneous equipment during the one-year period beginning November 1, 2010, submitted by Score Engineering, Inc. of Lexington, Massachusetts, on a unit-price basis as stipulated in the bidder's proposal and calculated on estimated quantities indicated in the contract documents, totaling Forty-two Thousand One Hundred Nine Dollars ($42,109), be and hereby is accepted; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this contract on behalf of the Authority.

On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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) RESOLVED, That the high bid for Contract 6623 for sale of scrap meters submitted by Loni-Jo Metal Corp. of Westbury, New York, on a unit-price per pound basis as stipulated in the bidder's proposal and calculated on estimated quantities indicated in the contract documents, totaling One Hundred Eleven Thousand Six Hundred Dollars ($111,600), be and hereby is accepted; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this contract on behalf of the Authority.

On motion made by Mr. Pellegrino, duly seconded by Mrs. Devine, and unanimously carried, it was

(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) RESOLVED, That the low bid for Contract 6624 for furnishing and delivery of DOT-approved polyethylene tanks during the one-year period beginning November 1, 2010, submitted by Plastic & Steel Supply Co., Inc. d/b/a PEP of Branchburg, New Jersey, on a unit-price basis as stipulated in the bidder's proposal and calculated on estimated quantities indicated in the contract documents, totaling Five Thousand Twenty

Page 13,499

Dollars ($5,020), be and hereby is accepted; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this contract on behalf of the Authority.

On motion made by Mr. Toulon, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)  RESOLVED, That the low bid for Projects 1 and 2 under Contract 6626 for electrical work at two granular activated carbon buildings at Virginia Avenue, Lake Grove and Wicks Path, Commack, submitted by South Shore Electric, Inc. of West Babylon, New York, on a unit-price basis as stipulated in the bidder's proposal and calculated on quantities indicated in the contract documents, totaling Thirty-six Thousand Six Hundred Dollars ($36,600), be and hereby is accepted; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this contract on behalf of the Authority.

On motion made by Mr. Pellegrino, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)  RESOLVED, To reject all bids for Contract 6627 for construction of Well No. 2 at Douglas Avenue well field, Northport, as the low bidder withdrew the bid in a letter dated October 22, 2010; this contract will be readvertised.

On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)  RESOLVED, That the low bid for Contract 6628 for construction of Well No. 3 at Gus Guererra well field, Village of Westhampton Beach, submitted by Delta Well & Pump Co., Inc. of Ronkonkoma, New York, on a unit-price basis as stipulated in the bidder's proposal and calculated on estimated quantities indicated in the contract documents, totaling One Hundred One Thousand Eight Hundred Ten Dollars ($101,810), be and hereby is accepted; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this contract on behalf of the Authority.

On motion made by Mrs. Devine, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)  RESOLVED, That the low bid for Contract 6629 for furnishing and delivery of Type C remote terminal unit control panels and spare control boards, during the one-year period beginning November 1, 2010, submitted by Systems Integrated, LLC of Orange, California, on a unit-price basis as stipulated in the bidder's proposal and calculated on estimated quantities indicated in the contract documents, totaling One

<u>Page 13,500</u>

Hundred Ninety-one Thousand Six Hundred Fifty Dollars ($191,650), be and hereby is accepted; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this contract on behalf of the Authority.

On motion made by Mr. Toulon, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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) RESOLVED, That the low bid for Contract 6630 for removal and disposal of brine wastewater from the South Spur well field and pump station, East Northport, submitted by RMS of Long Island, LLC of Deer Park, New York, on a unit-price basis as stipulated in the bidder's proposal and calculated on estimated quantities indicated in the contract documents, totaling Thirty-three Thousand Five Hundred Ninety-seven Dollars ($33,597), be and hereby is accepted; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this contract on behalf of the Authority.

Mr. Szabo referred to a request from the Chief Financial Officer to update documentation for Bank of America. After further explanation by Mr. Kulick and on motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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) RESOLVED, To authorize execution of a funds transfer agreement and a resolution of the board members for Bank of America as the bank is updating their files; and that the Secretary of the Board be and hereby is authorized to execute these documents on behalf of the Authority.

The Members reviewed a resolution to be included in an application to the New York State Department of Environmental Conservation. On motion made by Mrs. Devine, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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) RESOLVED, To deepen existing Well No. 1A from 125 feet to approximately 240 feet at the Montauk Highway Well Field, located on the north side of Montauk Highway, approximately 1,350 feet east of Oakdale-Bohemia Road, Oakdale, Town of Islip; and be it

FURTHER RESOLVED, That application be made to the Department of Environmental Conservation of the State of New York and that said application may be executed by any Member of the Authority, its Chief Executive Officer, or its Chief Engineer.

<u>Page 13,501</u>

      The Members reviewed the proposal to increase the height of the SCADA poles at several Authority pump stations in order to improve connectivity for the SCADA system. Mr. Szabo noted that only nine (9) priority sites were listed in the report and photographs for each site accompany the report. Mr. Miller stated that it was necessary to raise the height of the poles at these nine (9) stations for Authority purposes. There was much discussion on the public purpose and the benefit to the Authority. Mr. Miller responded that the readings from the pump stations were not being transmitted on a regular basis back to the SCADA system in Bay Shore. Mr. Gaughran stated that at this point, the Authority would be authorizing public hearings to be held in the specific towns and that the results of the hearings would be brought back to the Members for review prior to authorizing actual construction. On motion made by Mr. Pellegrino, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)    RESOLVED, To authorize public hearings in the Towns of Huntington, Smithtown, Brookhaven, East Hampton and Islip to consider the construction of higher towers on nine (9) priority Authority pump stations located at Waterside Road, Mayfair Drive, Accabonac Road, St. Johnsland Road, Daniel Webster Drive, Oak Street, Flower Hill Road, Lakeview Avenue and Main Street (Mastic), for Authority use as indicated in the report prepared by the Engineering Department dated October 2010; the cost of each tower to be approximately Eighty Thousand Dollars ($80,000).

      Mr. Szabo referred to a request from the Chief Engineer to renew the lease for the Authority's portable carbon filter. On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)    RESOLVED, To renew the lease agreement with the Water Authority of Western Nassau County for the use of the Authority's portable carbon filter, for a one-year period beginning January 1, 2011, for the monthly rental amount of One Thousand Three Hundred Fifty-two and 65/100 Dollars ($1,352.65); and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this agreement on behalf of the Authority.

      Mr. Szabo asked Mr. Miller to explain his memorandum regarding a reimbursable contract for a main extension on McKinley Road in Montauk. After explanation and on motion made by Mr. Pellegrino, duly seconded by Mrs. Devine, and unanimously carried, it was

Page 13,502

(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)   RESOLVED, To authorize the utilization of a reimbursable contract with Mr. McDonough for a main extension to 9 McKinley Road in Montauk; as he has already paid an amount equal to 100% participation or Twenty-two Thousand Seven Hundred Twelve Dollars ($22,712), he will be reimbursed the amount of Eleven Thousand Three Hundred Fifty-six Dollars ($11,356) upon execution of the agreement and he will be further reimbursed the amount of the surcharge of Five Thousand Six Hundred Seventy-eight Dollars ($5,678) if one additional customer connects to the main within a five-year period; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this agreement on behalf of the Authority.

Mr. Szabo referred to several memoranda regarding Authority equipment.

After further explanation and discussion on each item; on motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, the following resolution was unanimously carried:

(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)   WHEREAS, there were no bids received for Items 35 through 41 under Contract 6610 for the furnishing and delivery of radio communications equipment, a request for quotes No. 1322 was issued; now therefore be it

RESOLVED, To authorize the purchase of certain items for radio communications from the lowest quote received, Motorola of Patchogue, New York, in the amount of Eleven Thousand Seven Hundred Seventy-three and 90/100 Dollars ($11,773.90).

On motion made by Mr. Pellegrino, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)   RESOLVED, To authorize the purchase of miscellaneous nuts and bolts by the Storeroom from the lowest quotes received for RFQ No. 1323 under New York State and Suffolk County contracts, during the period June 1, 2010 through May 31, 2011, in the total estimated amount of Twenty-seven Thousand Dollars ($27,000).

On motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)   RESOLVED, To authorize the purchase of transportation equipment, parts, vehicles, and gasoline from the lowest quotes received for RFP No. 1324 under New York State and Suffolk County contracts during the period June 1, 2010 through May 31, 2011, in the total estimated amount of Two Million Dollars ($2,000,000).

On motion made by Mr. Halpin, duly seconded by Mrs. Devine, and unanimously carried, it was

(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)   RESOLVED, To authorize the purchase of hardware and software by the Information Technology Department from the lowest quotes received for RFP No. 1325 under New York State and GSA contracts during the period June 1, 2010 through May 31, 2011, in the total estimated amount of Four Hundred Seventeen Thousand Dollars ($417,000).

On motion made by Mrs. Devine, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)   RESOLVED, To authorize the purchase of chemicals and supplies with a 7% discount, directly from the manufacturer, Restek Corporation of Bellefonte, Pennsylvania, during the one-year period beginning November 1, 2010, in the amount of Forty-Thousand Dollars ($40,000).

On motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)   RESOLVED, To authorize the purchase of ten (10) Cl-17 chlorine analyzers for Production Control from the lowest quote received of Hach Company of Loveland, Colorado, in the amount of Twenty-eight Thousand Eight Hundred Thirty Dollars ($28,830).

On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)   RESOLVED, To authorize the upgrade of the survey equipment in the Engineering Department, from the lowest quote received, NY Precision of Bohemia, New York, in the amount of Six Thousand Five Hundred Dollars ($6,500).

On motion made by Mr. Pellegrino, duly seconded by Mrs. Devine, and unanimously carried, it was

(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)   RESOLVED, To renew the software support and license agreement for the Laboratory Information Management System (LIMS) with LabVantage of East Bridgewater, New Jersey, for a one-year period beginning November 1, 2010, in the amount of Thirty-one Thousand Two Hundred Forty-seven and 40/100 Dollars ($31,247.40); and that any Member and/or the Chief Executive officer be and hereby is authorized to execute this agreement on behalf of the Authority.

On motion made by Mrs. Devine, duly seconded by Mr. Toulon, and unanimously carried, it was

(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) RESOLVED, To renew the service agreement for twenty-one (21) nitrate analyzers with Hach Company of Loveland, Colorado, for the one-year period beginning November 1, 2010, in the amount of Eleven Thousand One Hundred Fifteen Dollars ($11,115); and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this agreement on behalf of the Authority.

On motion made by Mrs. Devine, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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) RESOLVED, To confirm the emergency purchase of a refurbished circuit breaker for the Oxhead Road pump station, from Satin American of Shelton, Connecticut, in the amount of Six Thousand Five Hundred Fifty-one Dollars ($6,551).

On motion made by Mr. Toulon, duly seconded by Mr. Halpin, and unanimously carried, it was

(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) RESOLVED, To accept the lowest quote received of DC Group, Inc. of Minneapolis, Minnesota, under Request for Proposals No 1321 for the maintenance and emergency service of UPS and battery systems during the two-year period beginning December 1, 2010, in the amount of Thirty-five Thousand Dollars ($35,000); and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this agreement on behalf of the Authority.

On motion made by Mrs. Devine, duly seconded by Mr. Halpin, and unanimously carried, it was

(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) RESOLVED, To authorize the use of Agilent Technologies of Chicago, Illinois, to provide service for the Laboratory's instruments, for a one-year period beginning November 1, 2010, in the amount of Twenty Thousand Dollars ($20,000).

Mr. Szabo then referred to several items relating to special services. After explanation and discussion on each; on motion made by Mrs. Devine, duly seconded by Mr. Toulon, and unanimously carried, it was

(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) RESOLVED, To accept the proposal received of Trojan Technologies of Ontario, Canada, to provide the Authority with pilot test equipment and assistance to perform the Advanced UV Oxidation Pilot Test for treating the compound 1-4 Dioxane, for a two-month period, in the amount of Fourteen Thousand Three Hundred Forty-two Dollars ($14,342).

<u>Page 13,505</u>

On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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) RESOLVED, To extend the Agreement No. 1267 with National Association for Drug-Free Employees (NADE) of Commack, New York, to provide drug and alcohol testing services, for a one-year period beginning January 1, 2011, in accordance with the pricing, terms and conditions of the current agreement; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this agreement on behalf of the Authority.

On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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) RESOLVED, To extend the Agreement No. 1277 with USI Insurance Services, LLC to provide insurance agent/broker services for employee benefits and insurance services during the one-year period beginning January 1, 2011, in the amount of Twenty-five Thousand Dollars ($25,000); and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this agreement on behalf of the Authority.

On motion made by Mr. Pellegrino, duly seconded by Mrs. Devine, and unanimously carried, it was

(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) RESOLVED, To extend the Agreement No. 1279 with Employee Support Network (ESN) of Hauppauge, New York, to provide employee assistance services during the one-year period beginning January 1, 2011, in the amount of Twenty-four Dollars ($24) per employee annually; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this agreement on behalf of the Authority.

On motion made by Mrs. Devine, duly seconded by Mr. Halpin, and unanimously carried, it was

(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) RESOLVED, to extend the Agreement No. 1280 with ExamWorks, Inc., formerly Crossland Medical Review Services, of Syosset, New York, to provide third-party independent medical examination services, during the one-year period beginning January 1, 2011, in accordance with the pricing, terms and conditions of the current agreement; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this agreement on behalf of the Authority.

Mr. Szabo referred to a request from Donna Mancuso, Administrative Coordinator to attend training. On motion made by Mr. Pellegrino, duly seconded by Mrs. Devine, and unanimously carried, it was

Page 13,506

(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)    RESOLVED, To authorize Donna Mancuso to attend the training "Essentials of Human Resources Management Certificate Program" to be given by the Society of Human Resource Management, at NYIT in Old Westbury, on November 5, 12, and 19, 2010, in the amount of Five Hundred Ninety-five Dollars ($595).

Mr. Szabo then referred to the continuing project being conducted by the Internal Auditor and the Management Analyst with assistance from Human Resources. All of the policies in the HR manual are being reviewed section by section for clarity and basic updating. This month a new fleet policy and Sections 5, 7 and 8 are ready for review and approval. On motion made by Mr. Pellegrino, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)    RESOLVED, To approve the addition of the Fleet Policy to the Human Resources Policy Manual in accordance with the memorandum dated October 8, 2010, and policy attached hereto and made a part hereof.

On motion made by Mr. Halpin, duly seconded by Mrs. Devine, and unanimously carried, it was

(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)    RESOLVED, To approve revisions to Human Resources Policies Nos. 501 through 504, in accordance with the memorandum dated October 7, 2010, and policies attached hereto and made a part hereof, with an effective date of October 27, 2010.

On motion made by Mr. Pellegrino, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)    RESOLVED, To approve revisions to Human Resources Policies Nos. 701 through 703 in accordance with the memorandum dated October 7, 2010, and policies attached hereto and made a part hereof, with an effective date of October 27, 2010.

On motion made by Mr. Toulon, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)    RESOLVED, To approve revisions to Human Resources Policies Nos. 801 and 802 in accordance with the memorandum dated October 7, 2010, and policies attached hereto and made a part hereof, with an effective date of October 27, 2010.

<u>Page 13,507</u>

      Mr. Szabo referred to a memorandum from Mr. Miller regarding paving in the Village of Lindenhurst. On motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)      RESOLVED, To approve the offer of the Village of Lindenhurst to perform final restoration of three Authority patches on Village roads during their annual paving program, in exchange for the Authority providing a 1-inch service at their municipal parking field on School Street, Lindenhurst, in the amount of One Thousand Five Hundred Dollars ($1,500); the Village will assume all future liability for the paving work.

      The Members reviewed a request from Mr. Kulick to enter into an agreement with the Village of Northport. On motion made by Mr. Toulon, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)      RESOLVED, to enter into an agreement with the Village of Northport, whereby the Authority will provide consumption records to the Village for the purpose of billing the Village sewer customers; the Authority will receive a fee of $.50 per reading; and that any Member and/or the Chief Executive Officer be and hereby is authorized to execute this agreement on behalf of the Authority.

      Mr. Szabo explained a request from the Suffolk County Department of Health Services to provide a grant for the purchase of prenatal water bottles; he noted that this is the seventh year the Authority has participated. On motion made by Mr. Halpin, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)      RESOLVED, To provide a grant in the amount of Three Thousand Seven Hundred Eighty-five Dollars ($3,785) to the Suffolk County Department of Health Services, to provide 4,000 prenatal bottles to patients at the County Health Centers, to emphasize the importance of drinking water during pregnancy.

      The Members reviewed the original invoices to be paid from the Operating Fund, and on motion made by Mrs. Devine, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)      RESOLVED, That the following invoices be paid from the Operating Fund:

| | |
|---|---:|
| Dvirka & Bartilucci | $ 7,167.96 |
| Havkins Rosenfeld Ritzert & Varriale, LLP | 7,250.50 |
| O'Connor, O'Connor, Hintz & Deveny, LLP | 3,435.00 |
| Putney, Twombly, Hall & Hirson, LLP | 9,492.75 |

<u>Page 13,508</u>

The Members scheduled their next regular meeting for Tuesday, November 23, 2010, beginning at 5:30 p.m. at the Administration Building in Oakdale.

<u>SEQRA REVIEW</u>
Where applicable, the foregoing resolutions, unless otherwise noted, will not have a significant adverse impact on the environment within the meaning of Section 8-0109 of the Environmental Conservation Law.

Chairman Gaughran opened the meeting again for discussion of new business and additional public comment. There was no further public comment.

Mr. Szabo announced that there would be a meeting at the end of the year to review the 2010 Goals and Objectives and the benchmarks that were reached. Mr. Halpin questioned if the Authority had ever considered balanced billing and perhaps that would be helpful to those customers who receive a large bill after the summer season. Ms. Tinsley-Colbert responded that if a customer has trouble paying the large bill, Customer Service does offer a payment plan to make it easier for them.

At 6:55 p.m., on motion made by Mr. Toulon, duly seconded by Mrs. Devine, and unanimously carried, it was

(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)   RESOLVED, That the Members go into Executive Session for the purposes of discussing several personnel matters and receiving an update on labor negotiations.

The meeting was again called to order at 7:25 p.m.

On motion made by Mrs. Devine, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)   RESOLVED, to confirm the action of the Chief Executive Officer as authorized by Resolution No. 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, to employ Alicia Ann Simson of Commack, New York, as Internal Auditor at an annual salary of Sixty-five Thousand Dollars ($65,000), with employment effective October 19, 2010.

<u>Page 13,509</u>

On motion made by Mrs. Devine, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)    RESOLVED, To promote Charles McLaughlin to the position of Assistant Superintendent for Distribution in the Construction-Maintenance Department, with a promotional increase of Five Thousand Dollars ($5,000), effective immediately.

On motion made by Mr. Pellegrino, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)    RESOLVED, To employ Joseph Sawicki III of Southold, New York, as Workforce Technology Specialist in the Customer Service Department, with employment to commence on or about November 2, 2010, at an annual salary of Thirty-eight Thousand Five Hundred Dollars ($38,500).

On motion made by Mrs. Devine, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)    RESOLVED, To employ Maria Trupia of West Babylon, New York, as Executive Assistant in the CEO's office, with employment to commence as soon as possible, at an annual salary of Forty-seven Thousand Dollars ($47,000).

On motion made by Mr. Halpin, duly seconded by Mr. Toulon, and unanimously carried, it was

(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)    RESOLVED, To promote Ty Fuller to the position of Senior Hydrogeologist in the Engineering Department, with an annual salary of Seventy Thousand Dollars ($70,000), effective immediately.

On motion made by Mr. Toulon, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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)    RESOLVED, To terminate the employment of Joseph Ruggieri, Senior Chemist Intern in the Laboratory, effective immediately.

On motion made by Mrs. Devine, duly seconded by Mr. Halpin, and unanimously carried, it was

(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)    RESOLVED, To adjust the salary of Carmen Cordero, Customer Call Center Supervisor, to Seventy-nine Thousand Ninety-two and 69/100 Dollars ($79,092.69), effective immediately.

---

<u>Page 13,510</u>

On motion made by Mrs. Devine, duly seconded by Mr. Pellegrino, and unanimously carried, it was

(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) RESOLVED, That the Authority accept the settlement offered by The Hartford Insurance of Illinois, with respect to the fuel oil spill at the West Prospect Street well field in Southampton on November 29, 2009, in the amount of Sixty-nine Thousand One Hundred Seventy-five and 55/100 Dollars ($69,175.55).

As there was no further business to be considered, on motion made by Mr. Halpin and duly seconded by Mrs. Devine, the meeting was adjourned at 7:30 p.m.

_____
Patrick G. Halpin, Secretary