UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

SUFFOLK COUNTY WATER AUTHORITY,

               Plaintiff,

      v.

THE DOW CHEMICAL COMPANY, *et al.*,

               Defendants.

_____

**DEFENDANT THE DOW CHEMICAL COMPANY'S ANSWER**

Case No. 17-cv-6980-JFB-AYS

Defendant The Dow Chemical Company ("Dow") answers Plaintiff Suffolk County Water Authority's Complaint as set forth below. To the extent the Complaint makes allegations against "Defendants" without identifying a specific Defendant, Dow answers only as the allegation pertains to it, and denies knowledge or information sufficient to form a belief about the truth of allegations pertaining to the other, unspecified, "Defendants." The allegations in the Complaint relate to activities that occurred or are alleged to have occurred decades ago. The Complaint does not identify any factual basis linking alleged 1,4-dioxane contamination in any individual well to specific sources, users, or disposal practices. Dow's investigation continues. Its answer is based on the knowledge or information available to it at this time.

## I.    Introduction

    1.    Dow admits that SCWA is a public drinking water provider serving certain residences and businesses in Suffolk County, New York. Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1.

2.      Dow admits that 1,4-dioxane exists in certain industrial and commercial products.  Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

3.      The allegations in Paragraph 3 are denied.

4.      The allegations in Paragraph 4 are denied.

**II.    Parties**

5.      Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6.      Dow denies the first sentence of Paragraph 6.  Dow admits that it is a Delaware corporation with its principal office in Midland, Michigan.  Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 and its subparts.

**III.   Jurisdiction and Venue**

7.      The allegations in Paragraph 7 are legal conclusions to which no response is required.

8.      The allegations in Paragraph 8 are legal conclusions to which no response is required.

9.      The allegations in Paragraph 9 are legal conclusions to which no response is required.

**IV.    Factual Allegations**

**A.     The Contaminant: 1,4-Dioxane**

10.     Dow admits that 1,4-dioxane is an industrial chemical.  The remaining allegations in Paragraph 10 are denied.

11.     Dow admits that it manufactured and sold 1,4-dioxane as did Union Carbide Corporation, and that after 2001 Union Carbide Corporation became a wholly owned subsidiary of Dow.  The remaining allegations in Paragraph 11 are denied.

12.     Dow admits that 1,4-dioxane was used as a stabilizer for TCA, that historical uses of TCA included degreasing, and that the EPA subsequently required that the use and production of TCA be phased out in certain circumstances.  Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12.

13.     Dow admits that it had a patent for stabilizing TCA using 1,4-dioxane and that it and third-parties used 1,4-dioxane as a stabilizer for TCA.  Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13.

14.     Dow admits that there are other sources of 1,4-dioxane, including many consumer products.  Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14.

15.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.     Dow admits that 1,4-dioxane can, under certain circumstances, migrate in groundwater, but denies the remaining allegations in Paragraph 16.

17.     Dow admits that the EPA, based on the assumptions and reasons explained in EPA publications, including "inadequate evidence of carcinogenicity in humans," classified 1,4-dioxane as "likely to be carcinogenic to humans" under its internal classification system, but denies the remaining allegations in Paragraph 17.

**B.   Regulatory Standards Applicable to 1,4-Dioxane**

18.   Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.   The allegations in Paragraph 19 are denied.

20.   Dow admits that 1,4-dioxane is regulated as an "unspecified organic contaminant" by the New York State Department of Health with a generic "maximum contaminant level" (MCL) of 50 parts per billion.  Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20.

21.   Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.   Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.   Dow admits that in February 2016 New York Governor Andrew M. Cuomo created a Water Quality Rapid Response Team.  Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23.

24.   Dow admits Governor Cuomo signed the Clean Water Infrastructure Act. Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24.

25.   Dow admits that Governor Cuomo appointed members to a Drinking Water Quality Council in 2017.  Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25.

**C.   Defendants' Knowledge of 1,4-Dioxane's Hazards**

26.   The allegations in Paragraph 26 are denied.

- 4 -

27.     The allegations in Paragraph 27 are denied.

28.     The allegations in Paragraph 28 are denied.

29.     The allegations in Paragraph 29 are denied.

30.     The allegations in Paragraph 30 are denied.

31.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are denied.

**D.     Harm Resulting from 1,4-Dioxane in SCWA's Wells**

33.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36.     The allegations in Paragraph 36 are denied.

37.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

**V.     Causes of Action**

**FIRST CAUSE OF ACTION**
**Strict Products Liability for Defective Design**

38.     Dow's responses to the allegations in the preceding paragraphs are hereby incorporated by reference.

39.     The allegations in Paragraph 39 are denied.

40.     The allegations in Paragraph 40 are denied.

41.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are denied.

44.     The allegations in Paragraph 44 and all of its subparagraphs are denied.

45.     The allegations in Paragraph 45 are denied.

46.     The allegations in Paragraph 46 are denied.

47.     The allegations in Paragraph 47 are denied.

48.     The allegations in Paragraph 48 are denied.

49.     The allegations in Paragraph 49 are denied.

**SECOND CAUSE OF ACTION**
**Strict Products Liability for Failure to Warn**

50.     Dow's responses to the allegations in the preceding paragraphs are hereby incorporated by reference.

51.     The allegations in Paragraph 51 are denied.

52.     The allegations in Paragraph 52 are denied.

53.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are denied.

56.     The allegations in Paragraph 56 are denied.

57.     The allegations in Paragraph 57 are denied.

58.    The allegations in Paragraph 58 are denied.

59.    The allegations in Paragraph 59 are denied.

60.    The allegations in Paragraph 60 are denied.

61.    The allegations in Paragraph 61 are denied.

62.    The allegations in Paragraph 62 are denied.

## THIRD CAUSE OF ACTION
### Negligence

63.    Dow's responses to the allegations in the preceding paragraphs are hereby incorporated by reference.

64.    The allegations in Paragraph 64 are denied.

65.    The allegations in Paragraph 65 are denied.

66.    The allegations in Paragraph 66 are denied.

67.    The allegations in Paragraph 67 are denied.

68.    The allegations in Paragraph 68 are denied.

## FOURTH CAUSE OF ACTION
### Public Nuisance

69.    Dow's responses to the allegations in the preceding paragraphs are hereby incorporated by reference.

70.    Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71.    The allegations in Paragraph 71 are denied.

72.    The allegations in Paragraph 72 are denied.

73.    The allegations in Paragraph 73 are denied.

74.    The allegations in Paragraph 74 are denied.

75.    The allegations in Paragraph 75 are denied.

76.    The allegations in Paragraph 76 are denied.

77.    The allegations in Paragraph 77 are denied.

**FIFTH CAUSE OF ACTION**
**Private Nuisance**

78.    Dow's responses to the allegations in the preceding paragraphs are hereby incorporated by reference.

79.    No response to Paragraph 79 is required as the Court's December 13, 2018 Order dismissed this cause of action.

80.    No response to Paragraph 80 is required as the Court's December 13, 2018 Order dismissed this cause of action.

81.    No response to Paragraph 81 is required as the Court's December 13, 2018 Order dismissed this cause of action.

82.    No response to Paragraph 82 is required as the Court's December 13, 2018 Order dismissed this cause of action.

83.    No response to Paragraph 83 is required as the Court's December 13, 2018 Order dismissed this cause of action.

84.    No response to Paragraph 84 is required as the Court's December 13, 2018 Order dismissed this cause of action.

85.    No response to Paragraph 85 is required as the Court's December 13, 2018 Order dismissed this cause of action.

86.    No response to Paragraph 86 is required as the Court's December 13, 2018 Order dismissed this cause of action.

## SIXTH CAUSE OF ACTION
### Trespass

87.     Dow's responses to the allegations in the preceding paragraphs are hereby incorporated by reference.

88.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90.     Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 are denied.

92.     The allegations in Paragraph 92 are denied.

93.     The allegations in Paragraph 93 are denied.

94.     The allegations in Paragraph 94 are denied.

95.     The allegations in Paragraph 95 are denied.

96.     The allegations in Paragraph 96 are denied.

97.     The allegations in Paragraph 97 are denied.

**VI.     Prayer for Relief**

The allegations in Plaintiff's prayer for relief and all of its subparts are denied.

### GENERAL DENIAL

1.     Each and every allegation not specifically admitted herein is denied.

### AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth herein, and without assuming any burden of proof that Dow would not otherwise bear, Dow asserts the following defenses:

1.      SCWA's claims are barred, in whole or in part, by the applicable statutes of limitations, including CPLR § 214-c(2).

2.      SCWA's claims are barred, in whole or in part, by the bulk-supplier, responsible-intermediary, sophisticated-purchaser, sophisticated-user, knowledgeable-user, learned-intermediary, and/or informed-intermediary doctrines.

3.      SCWA's claims are barred, in whole or in part, because SCWA has failed to join one or more necessary or indispensable parties, including parties that it concedes are the source of the alleged contamination on which it bases its claims.

4.      SCWA's claims are barred, in whole or in part, by its own contributory negligence and comparative fault, including but not limited to its failure to adequately plan for, monitor, detect, remediate or otherwise address contamination in its wells or to adequately address problems caused by septic systems throughout the area SCWA serves.

5.      SCWA's claims are barred, in whole or in part, by the negligent or intentional acts of others, including the alteration, improper handling, use or disposal of the product at issue.

6.      SCWA's claims are barred, in whole or in part, by the doctrine of unjust enrichment, including unjust enrichment resulting from SCWA's attempt to recover costs for which other funding sources are available.  To the extent that SCWA has received or may receive some or all of the requested relief from other sources, Dow is entitled to an appropriate set-off or reduction of any judgment against it.

7.      SCWA's claims are barred, in whole or in part, by SCWA's failure to mitigate its damages.

- 10 -

8.      SCWA's claims are barred, in whole or in part, by the government-function doctrine and/or the municipal cost-recovery rule.

9.      Dow incorporates by reference all applicable defenses set forth in the answers of all other Defendants and, further, reserves the right to supplement these defenses with any additional defenses that subsequently become available during discovery or trial.

## DEMAND FOR BIFURCATED TRIAL

If SCWA is permitted to proceed to trial upon any claims for punitive or exemplary liability or damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

Dow demands a trial by jury of all issues so triable.

WHEREFORE, Dow respectfully requests that the Court enter judgment in its favor, dismissing SCWA's Complaint against Dow in its entirety, together with costs and disbursements; and award Dow such other and further relief as the Court deems just and proper.

Dated:  January 25, 2019                        KIRKLAND & ELLIS LLP

By:  /s/ Kevin T. Van Wart, P.C.
        Kevin T. Van Wart, P.C. (*pro hac*)
        Nader R. Boulos, P.C. (*pro hac*)
300 N. LaSalle Street
Chicago, Illinois 60654
Telephone No. (312) 862-2000
kevin.vanwart@kirkland.com
nader.boulos@kirkland.com

-and-

PHILLIPS LYTLE LLP
Joel A. Blanchet
Andrew P. Devine
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone No. (716) 847-8400
jblanchet@phillipslytle.com
adevine@phillipslytle.com

Attorneys for Defendant
*The Dow Chemical Company*

## CERTIFICATE OF SERVICE

I certify that on January 25, 2019, I electronically filed the foregoing Answer with the Court using the CM/ECF system, and served the same via the CM/ECF system upon all counsel of record.  There are no *pro se* parties.

/s/Joel A. Blanchet

Doc #01-3207600.