```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
```

```
SUFFOLK COUNTY WATER          *    Case No. 17-CV-06980(NG)
 AUTHORITY,                   *
                              *
              Plaintiff,      *    Brooklyn, New York
                              *    June 19, 2019
     v.                       *
                              *
THE DOW CHEMICAL COMPANY,     *
  et al.,                     *
              Defendants.     *
                              *
* * * * * * * * * * * * * * * *
```

```
       TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
             BEFORE THE HONORABLE ROANNE L. MANN
                UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For the Plaintiff:                MATTHEW EDLING, ESQ.
                                  VICTOR SHER, ESQ.
                                  KATHERINE JONES, ESQ.
                                  STEPHANIE BIEL, ESQ.
                                  Sher Edling LLP
                                  100 Montgomery Street
                                  Suite 1410
                                  San Francisco, CA  94104

                                  SCOTT ALLAN MARTIN, ESQ.
                                  JEANETTE BAYOUMI, ESQ.
                                  Hausfeld LLP
                                  165 Broadway
                                  Suite 2301
                                  New York, NY  10006

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

```
APPEARANCES Cont'd:

For New York American Water      FRANK SCHIRRIPA, ESQ.
Co., Inc, Defendant:             Hach Rose Schirripa &
                                  Cheverie, LLP
                                 112 Madison Avenue
                                 New York, NY  10016


For Dow Chemical Company,        KEVIN T. VanWART, ESQ.
 Defendant:                      JONATHAN ADAIR, ESQ.
                                 Kirkland & Ellis LLP
                                 300 N. Lasalle
                                 Chicago, IL  60654

                                 JOEL ALAN BLANCHET, ESQ.
                                 Phillips Lytle LLP
                                 One Canalside
                                 125 Main Street
                                 Buffalo, NY  14203

For Ferro Corporation,           ROBB W. PATRYK, ESQ.
 Defendant:                      FARANAK TABATABAI, ESQ.
                                 Hughes Hubbard & Reed LLP
                                 One Battery Park Plaza
                                 New York, NY  10004

For Shell Oil Company,           PAULA J. SCHAUWECKER, ESQ.
 Defendant:                      MEGAN ROSE BRILLAULT, ESQ.
                                 DANIEL MARK KRAININ, ESQ.
                                 Beveridge & Diamond, P.C.
                                 477 Madison Avenue
                                 New York, NY  10022

For Proctor & Gamble Company,    DAVID J. LENDER, ESQ.
 Defendant:                      Weil, Gotshal & Manges,
                                  LLP
                                 767 Fifth Avenue
                                 New York, NY  10153
```

```
APPEARANCES: (Cont'd.)

For Vulcan Materials Company,   FELICE B. GALANT, ESQ.
 Defendant:                     STEPHEN C. DILLARD, ESQ.
                                Norton Rose Fullbright US
                                  LLP
                                1301 McKinney
                                Suite 5100
                                Houston, TX  77010

For Northrop Grumman,           MARK CHERTOK, ESQ.
 Defendant:                     Sive, Paget & Riesel, P.C.
                                560 Lexington, Ave.
                                New York, NY  10022

                                FRANK LEONE, ESQ.
                                Hollingsworth, LLP
                                1350 I Street N.W. #900
                                Washington, DC  20005
```

1             (Proceedings commenced at 12:27 p.m.)
2                   THE CLERK:  Civil cause for initial conference,
3     Suffolk County Water Authority v. the Dow Chemical Company,
4     Docket No. 17-CV-6980, and related cases.
5                   Parties, please state your appearances for the
6     record.
7                   I think a lot of the microphones are off so you may
8     need to press the button if you turn them on.
9                   MR. VANWART:  On the defense side, Kevin VanWart for
10    Dow Chemical.
11                  MR. BLANCHET:  Joel Blanchet for Dow Chemical.
12                  MR. ADAIR:  Jonathan Adair for Dow Chemical.
13                  MR. PATRYK:  Robb Patryk for Ferro.
14                  MS. TABATABAI:  Fara Tabatabai for Ferro.
15                  MS. SCHAUWECKER:  Paula Schauwecker for Shell Oil.
16                  MS. BRILLAULT:  Megan Brillault for Shell Oil.
17                  MR. KRAININ:  Daniel Krainin for Shell.
18                  MR. LENDER:  David Lender from Weil, Gotshal for
19    Proctor and Gamble.
20                  MS. GALANT:  Felice Galant from Norton Rose
21    Fullbright for Vulcan.
22                  MR. DILLARD:  Stephen Dillard for Vulcan.
23                  THE COURT:  I'm sorry.
24                  UNIDENTIFIED SPEAKER:  We'll give you one of ours,
25    sir.

1           MR. LEONE:  Frank Leone from Northrop Grumman.
2           MR. CHERTOK:  And Mark Chertok for Northrop Grumman.
3           MR. EDLING:  Thank you.  Good afternoon, Your Honor.
4           THE COURT:  Good afternoon.
5           MR. EDLING:  Matt Edling, Sher Edling on behalf of
6   Suffolk County Water Authority and the related water
7   authorities other than New York American Water.
8           MR. SHER:  Vic Sher.  Sher Edling for the same
9   plaintiffs, Your Honor.  Good morning.
10          THE COURT:  Good morning.
11          MR. MARTIN:  Good morning, Your Honor.  Scott Martin
12  from Hausfeld for Suffolk County Water Authority.
13          MS. JONES:  Katie Jones for Suffolk County Water
14  Authority.
15          MS. BIEL:  Good morning, Your Honor.  Stephanie Biel
16  from Sher Edling for plaintiffs, other than New York Water.
17          MS. BAYOUMI:  Jeanette Bayoumi from Hausfeld for
18  plaintiff, Suffolk County Water Authority.
19          MR. SCHIRRIPA:  Good morning, Your Honor.  Frank
20  Schirripa for Acrelli Schirripa for New York American Water.
21          MR. SLOANE:  Hello, Your Honor.  Timothy Sloane for
22  all plaintiffs except New York Water.
23          THE COURT:  All right.  Welcome to all of you.
24  Please be seated.  I encourage you to remain seated during
25  this proceeding so you'll be closer to the microphones.  Make

sure all your microphones are on.

I didn't catch everyone's name, so it would be helpful if before you said something you again stated your name. It would be helpful for the record as well.

And when we conclude this proceeding, to the extent my law clerk has not gotten a sign-in sheet, make sure that you've all noted your appearances on it.

I understand you just -- or a half an hour ago you concluded a proceeding before Judge Gershon. As a courtesy to all of you, since you were here and there's such a large group, I agreed to meet with you.

However, as Judge Gershon may have told you, I'm on arraignment duty. We've had an incredibly busy week this week and I've got a number of criminal applications pending so I don't have a great deal of time to spend with you, but I did want to introduce myself to you and to at least get the conversation started to be able to move these cases forward.

I understand that Judge Gershon has denied the defense motion for bifurcation and has referred discovery matters to this Court to handle.

The only proposal that would be consistent with the -- Judge Gershon's ruling of today is the plaintiff's proposal for discovery, so defendants have not had an opportunity to respond.

I don't know whether in the half hour since you've

1   been waiting for me to take the bench while I was in the
2   arraignment courtroom, whether you've started to talk about
3   how to proceed in discovery.
4            MR. VANWART: Yes. Kevin VanWart, Your Honor. We
5   had some initial discussions and we let the plaintiffs know
6   that the concept of a fact sheet, which was part of their
7   proposal, is fine and that we would get back to them over the
8   next two weeks with our suggested modifications of the fact
9   sheet and then work out a schedule with them. But that's kind
10  of the first task that we identified.
11           THE COURT: And the plaintiff's counsel has also
12  proposed the selection of two cases to serve as *Bellwether*
13  trials. *Bellwether* actions and trials. Is that something
14  you've had an opportunity to consider?
15           MR. VANWART: We did have a brief discussion, and
16  it's an issue that we -- I think we both agree, both sides
17  agree, doesn't have to be resolved now.
18           And if there's a decision on that approach, it needs
19  to come after there's been an initial exchange of information.
20           Our initial position, Your Honor, though, is that
21  we're opposed to the *Bellwether* process. We don't think it's
22  an official way to handle these cases. But again, it's --
23  that's a down-the-road issue. Thank you.
24           THE COURT: Well, one question I had is the time
25  line that plaintiffs have suggested involves discovery --

1  common discovery, discovery on issues common to all the cases
2  and then discovery that's specific to individual cases only be
3  conducted on the two *Bellwether* actions.
4  　　　　So that decision is going to have to be made soon,
5  in the next few months, as to whether or not there are going
6  to be *Bellwether* actions, and if so, what they are.
7  　　　　One question I had in reading this is, will the
8  parties be ready to select -- assuming that there are going to
9  be *Bellwether* actions, will the parties be ready to select the
10  *Bellwether* actions before they've had discovery that's
11  particular to specific cases?  So I just throw that out there.
12  　　　　MR. VANWART:  And, Your Honor, we would -- that
13  would be part of our discussions in the next couple of weeks.
14  But at least as I understood their proposal it was, there
15  would be an initial exchange of information; some type of
16  discovery.
17  　　　　But then the intensive discovery that would be case
18  specific would not start until -- under their proposal,
19  January 2020.
20  　　　　And so that's why when I indicated I think it's a
21  down-the-road issue, we're going to have to address -- and
22  we'll have to see if our positions change.  But right now,
23  they prefer the *Bellwether* approach.  We do not.
24  　　　　I mean, one of the issues that I think is going to
25  come up in different proceedings before Your Honor, we believe

9

1  that if you are making a claim for contamination of a well
2  that you need to show who the polluter is and how that product
3  that you say is ours, got there.  Was a product misused?  Who
4  used it?  When did it happen?  What's the concentration in the
5  well?
6        So it's a -- the information that we require is very
7  specific to the well and that the identification of the
8  alleged source and information surrounding that source.
9        And so that's why we think we're not going to learn
10 much from the *Bellwether* approach and our preference would be
11 to have kind of full-board discovery in all the cases after
12 we've done the initial baseline exchange.
13       But that's an issue that we're still prepared to
14 discuss with the plaintiffs.
15       THE COURT:  So the plaintiffs had proposed some
16 dates that are coming up shortly.  The plaintiffs' proposal
17 was made in -- on May 30th.
18       We're now in the second half of June, so I don't
19 know whether these dates are still realistic.  For example,
20 the plaintiffs said they could provide defendants a draft ESI
21 proposal by June 26th, and a draft protective order by June
22 26th.
23       Do the plaintiffs still believe that that's
24 realistic?
25       MR. EDLING:  Good afternoon, Your Honor.  Matt

10

1   Edling for the plaintiffs.  Yes.
2           THE COURT:  And I believe there were -- there were
3   also proposed dates for the initial facts sheets, although
4   draft fact sheets can be served by July 1st, but I assume at
5   this point the parties want to have an opportunity to confer
6   about the contents in the fact sheets.
7           MR. VANWART:  Yes, Your Honor.  And so, but we would
8   propose to have submitted -- and earlier if we can, by July
9   8th.  We've got the 4th of July weekend coming up.
10          But we would submit to them our proposed
11  modifications to the fact sheet, and then within a week,
12  submit to the Court -- let the Court know if there's any
13  issue.
14          MR. EDLING:  Yeah, I mean, I think the date July 8th
15  is fine.  Where we are now, you know, we all want the July 4th
16  holiday.
17          What we have not provided the defendants yet -- I
18  mean, this was a summation, but an actual draft fact sheet
19  that you could all mark up, and I think we could have that to
20  you -- what day is it?  Wednesday?  We could have it by
21  Monday.
22          MR. VANWART:  Right.
23          THE COURT:  All right.  So the plaintiffs' fact
24  sheet, you can -- you can have even earlier.
25          Well, when you said draft fact sheets, I'm not sure

11

1  whether in the May 30th letter, were you talking about
2  completed fact sheets, or just the outline of what issues
3  would be addressed?
4          MR. EDLING:  No.  My proposal is, I'll provide them
5  a fact sheet that has all the questions that we would
6  anticipate would go into a fact sheet, and then the
7  defendants would have an opportunity to see if those
8  questions sufficiently address what they want addressed in a
9  fact sheet.
10          We go back and forth and we reach, hopefully, a
11  resolution on fact sheets that would apply to all the cases.
12  And to the extent we can't, we come see you.
13          THE COURT:  But you're proposing to move up the
14  July 1st date to June 24th.
15          MR. EDLING:  Yes, to give them --
16          THE COURT:  For the plaintiffs' draft fact sheets.
17          MR. EDLING:  Yes, to give the counsel -- I heard
18  Mr. VanWart say they think we could work this out by the 8th,
19  so it would seem to me they would need some time given the
20  4th of July holiday to have one, and -- yeah, so I think we
21  could give them a fact sheet by Monday of next week, in which
22  point they have time to confer and get back to us by July
23  8th.
24          MR. VANWART:  And then, Your Honor, just to run
25  about that in the fact sheet, I think we would commit to

1       letting the Court know within a week.
2                   So say, July 15th, whether there are any issues
3       that require -- we need the Court's guidance on, relating to
4       the fact sheet.
5                   THE COURT:  Well, I understood that Mr. VanWart was
6       talking about -- there are two sets of fact sheets.  There
7       are the fact sheets for the plaintiffs to fill in, and those
8       for the defendants, and I'm getting confused about which ones
9       everyone has in mind.
10                  But let me say this; I don't need to micro manage
11      the specific dates when you're going to be exchanging drafts
12      of each form of the plaintiff's fact sheets and the
13      defendants' fact sheets, as long as I know you're working
14      cooperatively and that things are not being delayed.
15                  If it turns out someone needs an extra day, I don't
16      want to have set a date and then you have to come and seek a
17      scheduling modification, so I would just assume that those
18      interim dates that you work cooperatively and I just want to
19      have a control date at the outside so that I know that
20      progress is being made.
21                  And I don't need to approve the form of the fact
22      sheets any near -- any more than I would need to approve
23      specific interrogatories and document demands.  If the
24      parties are satisfied with the forms, then I'm satisfied.
25                  So the only thing I would want to know by a date,

1    and we can pick that date is, is there going to be litigation
2    over this.
3            MR. VANWART:  And, Your Honor, we've just agreed.
4    We can let you know by July 15th if there's any issue that
5    requires the Court's attention.
6            THE COURT:  All right.  So that's to bring to the
7    Court's attention whether or not there are going to be
8    disputes regarding the scope and form of the fact sheets.
9            MR. VANWART:  And related to that or encompassed by
10   that, Your Honor, is -- we'll also have discussions about
11   dates.  They had different dates that were playing off the
12   fact sheets.  But we will discuss those as well and hopefully
13   we reach agreement by July 15th.
14           THE COURT:  So should I just set July 15th as a
15   date for joint status report?
16           MR. VANWART:  Yes.
17           THE COURT:  Not only concerning the fact sheets,
18   but more generally?  Maybe you can --
19           MR. VANWART:  Yes.
20           THE COURT:  -- hopefully by that point you will
21   have worked it out, you know, discovery deadlines, proposed
22   deadlines.
23           MR. EDLING:  Yeah.  I think that makes sense, Your
24   Honor.  Thank you.
25           THE COURT:  Is there anything else that any of you

14

1   would like to discuss today?
2           MR. EDLING:  Not from the plaintiffs, Your Honor.
3           THE COURT:  I've never had such a large group
4   assembled with so little to say.  I guess you all had -- had
5   your say before Judge Gershon.
6           While I have you here, let me go through some
7   housekeeping matters with you.  I don't anticipate having
8   another initial conference, since this will serve as the
9   initial conference, even though I'm not yet setting any
10  schedule.  I'm at least sending you on your way to come up
11  with a schedule.
12          Once I set a schedule, if for any reason you need
13  to modify the deadlines, you are going to need leave of the
14  Court for that.
15          My individual rules require that all such requests
16  be made in writing.  I assume with all these cases you're not
17  going to be calling up chambers in any event to ask for more
18  time, but I do have lawyers who do that from time to time.
19          Any such request should be made in writing after
20  conferring with all counsel, and since the cases have been
21  deemed related, they're going to be -- at least until we
22  determine whether they're going to be *Bellwether* actions or
23  not, for discovery purposes they're going to be on the same
24  schedule.
25          So send out an email blast if you need additional

1    time and want to see if anyone objects to it, then make the
2    request to me in the form of a letter docketed into ECF as a
3    motion.  Any time you're asking the Court to take action, my
4    individual rules require that you docket it as a motion event
5    in ECF, even if it's in letter form.
6              The reason for that is we have an electronic
7    tickler system.  With more than 400 civil cases, we need to
8    have ticklers to make sure that motions don't fall between
9    the cracks.
10             So again, any time you're asking me to take action,
11   docket your submission as a motion event.  I'm not looking
12   for a formal motion, particularly if it's on consent; just a
13   letter, but docketed as a motion event.
14             If any discovery disputes come up during the course
15   of the case try to work those out with opposing counsel, and
16   I would say with all counsel in the case, even those who are
17   on the same side as you, because maybe some attorneys for a
18   different party might have a different view.
19             If you're unable to resolve the matter informally
20   and you want to get the Court involved, my individual rules
21   incorporate by reference, Local Civil Rule 37.3(c).
22             Discovery disputes ordinarily should be addressed
23   by letter motion and letter responses of up to four pages,
24   plus attachments.
25             If you need -- feel the need to exceed four pages,

16

1   and this is not a simple case so you might well, write and
2   request permission to exceed the three-page limitation.  Did
3   I say four pages?  It's three pages plus attachments.
4           And I do want the parties to focus also on trying
5   to settle these cases.  I don't have enough of a sense as to
6   whether that's realistic or not.  I wouldn't want to talk
7   settlement while we're currently on the -- on the record, but
8   have there been any efforts to try and resolve these cases?
9           MR. EDLING:  No, Your Honor.
10          THE COURT:  I mean, at some point you're either
11  going go be required to attend a settlement conference or a
12  mediation, and I would prefer that that be sooner rather than
13  later.
14          This is a matter we can revisit down the road, but
15  I would like the parties to make good faith efforts to see if
16  they can resolve the cases.
17          I think that covers everything that I had intended
18  to.  Is there anything else that any of you would like to
19  say?
20          MR. EDLING:  No.  Thank you, Your Honor.
21          THE COURT:  All right.  Thank you, and thank you
22  for your patience and waiting until I was freed up.
23          ALL:  Thank you.  Thank you, Your Honor.
24        (Proceedings concluded at 12:46 p.m.)
25

17

1    I, CHRISTINE FIORE, court-approved transcriber and
2    certified electronic reporter and transcriber, certify that
3    the foregoing is a correct transcript from the official
4    electronic sound recording of the proceedings in the above-
5    entitled matter.

*Christine Fiore*

8    _____        June 24, 2019
9    Christine Fiore, CERT-410