```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
SUFFOLK COUNTY WATER AUTHORITY,

                    Plaintiff,                              ORDER

       -against-                                            17-CV-6980 (NG)

THE DOW CHEMICAL COMPANY, FERRO
CORPORATION, and VULCAN MATERIALS
COMPANY,

                    Defendants.
----------------------------------------------------------------------x
AND RELATED CASES:
2:18-cv-07266 (NG); 2:18-cv-07272 (NG); 2:18-cv-07279 (NG);
2:18-cv-07281 (NG); 2:19-cv-01351 (NG); 2:18-cv-07269 (NG);
2:19-cv-01404 (NG); 2:18-cv-07271 (NG); 2:18-cv-07278 (NG);
2:19-cv-01348 (NG); 2:19-cv-00085 (NG); 2:18-cv-07282 (NG);
2:19-cv-02490 (NG); 2:19-cv-02990 (NG); 2:19-cv-02973 (NG);
2:19-cv-02974 (NG); 2:19-cv-02975 (NG); 2:19-cv-03059 (NG);
2:19-cv-03197 (NG); 2:18-cv-07277 (NG); 2:19-cv-02150 (NG);
2:19-cv-03570 (NG); 2:19-cv-02986 (NG); 2:19-cv-05632 (NG);
2:19-cv-05775 (NG); 2:19-cv-05825 (NG)
----------------------------------------------------------------------x
```

Because the parties' recent correspondence to Judge Mann (DE #158 in 17cv6980), setting forth their competing plans for completing discovery, includes competing proposals for trial management, their submission has been reviewed by Judge Gershon as well as Judge Mann.  We jointly conclude as follows:

Plaintiffs refer to "common discovery across all cases" (id. at 7), but fail to identify common factual issues in the discovery to be taken - either from plaintiffs or defendants.  Nor do they explain what discovery mechanisms would be utilized to explore such issues across all cases.  Finally, they do not describe whether they are proposing that common issues be tried together across all cases or simply that individual cases be tried in a particular sequence.

Either way, they must justify their proposals and explain how the parties, and ultimately the Court, will be in a position to make determinations as to prioritization as early as April 15, the deadline that they advocate.

Defendants, for their part, propose that the parties soon commence depositions that "would not be confined to particular actions or limited in scope" (id. at 14); defendants do not, however, explain how such unrestricted discovery would further the goal of "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Nor do they explain their resistance to plaintiffs' suggestion that the first-filed case, Suffolk County Water Authority v. The Dow Chemical Company, *et al*., 17cv6980, be one of the prioritized cases - if not for trial, then at least for discovery.

To assist us in fashioning a pretrial schedule and case management order, the parties are directed to promptly confer in a good faith effort to reach agreement at least with respect to formulating measures to avoid duplicative discovery across multiple cases. By way of example only, the parties should discuss how depositions of the five defendants should be conducted; surely, there will be many issues that can be addressed in a single deposition of each defendant.

After conferring with opposing counsel, each side is directed to submit, by February 1, 2021, a revised proposal, as well as a more detailed explanation as to how its proposal would operate and why its approach is superior to that advocated by opposing counsel. A telephonic hearing will be held on February 9, 2021, at 2:00 p.m. To dial-in to the conference, the parties are directed to call (877) 336-1839 and type in the access code 6672833.

In the interim, the parties are expected to continue to conduct documentary discovery

and to complete party document discovery by March 31, 2021.

        **SO ORDERED.**

**Dated:**    Brooklyn, New York
             **January 22, 2021**

/s *Nina Gershon*                               /s *Roanne L. Mann*
**NINA GERSHON**                          **ROANNE L. MANN**
**UNITED STATES DISTRICT JUDGE**        **UNITED STATES MAGISTRATE JUDGE**