# SHER EDLING LLP
*PROTECTING PEOPLE AND THE PLANET*

February 1, 2021

<u>Via ECF</u>

Hon. Nina Gershon
  United States District Judge
Hon. Roanne L. Mann
  United States Magistrate Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     **Plaintiffs' Proposal for Efficient Discovery, Case Selection, and Trial Management:**
        ***Suffolk County Water Authority v. The Dow Chemical Company et al.,***
        **No. 2:17-cv-6980-NG-RLM, and Related Cases**

Dear Judges Gershon and Mann:

Plaintiffs in all of the above-referenced actions (the "Related Cases") respectfully provide this response to Your Honors' January 22, 2021 Order [Dkt. 160] concerning the completion of discovery and trial management. Plaintiffs offered additional and revised proposals on these issues to Defendants last week, received responses in exchange from some Defendants, and conferred at length by telephone with counsel for Defendant Dow Chemical Co. (whom we understand discussed their response with all Defendants), but were told that Defendants "have different views on fundamental approach," including, *inter alia*, the scope of discovery required for selecting prioritized cases and even whether the first-filed *Suffolk County Water Authority* action ("*SCWA*") can be prioritized.

For the reasons summarized below, and consistent with agreed-upon expanded disclosures of information by Plaintiffs that have taken place across *SCWA* and the other 26 Related Cases, Plaintiffs submit that the "just, speedy, and [comparatively] inexpensive determination" of these actions, *see* Fed. R. Civ. P. 1, through summary adjudications, trial, or alternative resolution, can best be accomplished by:

  (i)     prioritizing *SCWA* for discovery as well as trial;

  (ii)    using discovery taken in *SCWA* as to Defendants throughout all other Related
          Cases, which would both substantially reduce Defendants' burdens as well as
          potentially streamline management of the Related Cases through summary
          adjudications of common fact issues; and

  (iii)   selecting additional priority cases following substantial completion of initial
          documentary discovery. But if the Court deems necessary, Plaintiffs would engage

Hon. Nina Gershon & Hon. Roanne L. Mann
February 1, 2021
Page 2

in *reasonable* additional discovery by Defendants (*e.g.*, up to 50 depositions, including Rule 30(b)(6) depositions of any or all Plaintiffs and their relevant consultants) during an "Initial Discovery Period" in the other Related Cases. This Initial Discovery Period, in addition to the agreed-upon fact sheets completed and provided by Plaintiffs well over a year ago and Plaintiffs' document productions (already totaling over 327,000 documents and 1,000,550 pages, and to be substantially completed by March 31, 2021), certainly would afford Defendants more than sufficient information to make informed decisions concerning further prioritization. Plaintiffs have proposed that such an Initial Discovery Period could proceed contemporaneously in the other Related Cases, so as not to delay the pretrial progress of *SCWA*, for a period extending approximately six months after the completion of initial document productions on March 31, 2021.

Notably, Plaintiffs have offered prong (iii) above in compromise, though they do not concede its necessity. Defendants have ample information to propose an initial set of priority cases for full discovery and have had this information for over a year. As the Court is aware, Defendants negotiated fact sheets encompassing 23 questions, many with multiple subparts, to which Plaintiffs have devoted many hundreds of hours in response, including the substantial productions of requested and supporting documents and data—which Plaintiffs understood would enable Defendants' prioritization analysis to occur by April 15, 2021.[1] However, Plaintiffs would be prepared to agree to a Rule 30(b)(6) deposition and even a sensible total number of additional deposition(s) of some of the "leading candidates" if the Court finds it necessary for Defendants to refine their analysis.[2]

---

[1] Indeed, it is commonplace for such fact sheets (without more) to be the sole source for case prioritization decisions in mass tort cases, including water contamination cases where thousands of contaminated wells are at issue. *See, e.g.*, *In Re Aqueous Film-Forming Foams (AFFF) Prods. Liab. Litig.*, MDL No. 2873 (D.S.C.), Dkt. 1049 (Case Management Order No. 13—setting case schedule for bellwether actions and requiring selection of bellwether cases to be on the basis of plaintiff fact sheet responses alone); *see also* MANUAL FOR COMPLEX LITIGATION (4TH) § 22.315 (2004) ("Test cases should produce a sufficient number of representative verdicts and settlements to enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis and what range of values the cases may have if resolution is attempted on a group basis.").

[2] By contrast to Plaintiffs' proposal of up to 50 additional depositions for this gatekeeping decision, Dow and other Defendants have suggested that they be permitted to take up to *five* depositions of *each* of the Plaintiffs (and even more of Plaintiff SCWA), or 135+ in total *before* any case prioritization—a position that squanders time and, frankly, strains credibility. This is especially so since this proposal requires plaintiff witnesses to be deposed as many as three times: once during an initial discovery period as a fact witness, once during an initial discovery period as a Rule 30(b)(6) witness, and then again as a fact witness when that plaintiff's case is ultimately set for full discovery and trial. Plaintiffs' current proposal avoids such an undue burden for these public water providers.



Hon. Nina Gershon & Hon. Roanne L. Mann
February 1, 2021
Page 3

Plaintiffs have offered this compromise even though Defendants have never articulated to Plaintiffs what information they still need to make a determination regarding which cases to prioritize for full discovery. The closest Defendants have come is an airy desire for more information about "sources" of dioxane contamination. But Plaintiffs have provided such information in response to fact sheets, in response to the common interrogatories Defendants served, and in thousands of documents produced to Defendants. If Defendants seek more analytical and granular answers, their unarticulated questions are more properly the subjects of expert discovery, and Defendants have not countered the expert discovery schedule Plaintiffs have proposed. Plaintiffs' fact sheet responses, interrogatory responses, and document productions squarely address the remaining questions Defendants propose in their December 8, 2020 submission [Dkt. 158], *e.g.*, when particular Plaintiffs learned of contamination affecting their wells, what they did about it, and what treatment alternatives exist. *See, e.g.*, Plaintiffs' Fact Sheet No. 13 [Dkt. 127-1].

**1. Common Factual Issues Prevail for Discovery of Defendants.**

The exchange of fact sheets allowed for the separate Plaintiffs in the Related Actions to provide information in a uniform format concerning *issues* identified by Defendants as common across Plaintiffs (such as the statute of limitations)—hence, the utility for prioritizing or identifying bellwether actions depending upon different *factual* circumstances. By contrast, the lion's share of discovery taken of Defendants can be anticipated to be legally *and* factually relevant to all cases, and thus should be made usable across *all* of the Related Cases in order to reduce the burden on all parties, as well as the Court for motion practice, and to substantially advance each of the cases without wasted effort. These common issues of fact include the following, among others:

(i)      Defendants' research and development of dioxane products;

(ii)     Defendants' knowledge regarding the adverse health effects of dioxane products;

(iii)    Defendants' knowledge regarding the fate and transport, and associated environmental harm of dioxane products;

(iv)    Defendants' knowledge regarding the chemical characteristics of dioxane products;

(v)     The historic uses of Defendants' dioxane products and solvents;

(vi)    The hydrogeology of Long Island generally;

(vii)   Industry knowledge and practice concerning dioxane products and solvents;

(viii)  Defendants' and industry warnings and notices concerning dioxane products and solvents; and

(ix)    Defendants' industry efforts to oppose regulation of dioxane products.

As discussed below, among other things, Plaintiffs have proposed two alternatives that would substantially increase efficiencies and reduce burdens on Defendants and third parties with respect to deposition discovery specifically, in view of these common fact issues.



Hon. Nina Gershon & Hon. Roanne L. Mann
February 1, 2021
Page 4

**2.  Prioritization of *SCWA*, Sensible Discovery Mechanisms, and General Application of Discovery Taken Therein Will Advance Efficient Litigation Management Overall.**

Although some defense counsel have indicated that they could not agree at this time to prioritization of *SCWA* for purposes of discovery or trial, they have offered no rationale for any alternative. *SCWA* is the first-filed action, prevailed and set the precedents for Rule 12 motions in the other Related Actions, is brought by the country's largest groundwater supplier, can address essentially all common factual issues concerning Defendants, and is of paramount public health importance to millions of Long Islanders. Defendants can be expected to argue that it is a *substantial* case in terms of the number of wells involved (and, by extension, their potential exposure), but that is not a reason for a tail to wag a dog, but rather to proceed efficiently and leverage discovery taken in *SCWA* on common issues.

Here, Plaintiffs have already employed sensible discovery mechanisms to streamline discovery, including serving modest fact sheets of their own directed to Defendants to acquire basic information, as well as initial document requests rather than interrogatories—arguably more onerous for Defendants (if more convenient for Plaintiffs). With respect to deposition discovery, Plaintiffs are prepared to begin with well-articulated Rule 30(b)(6) notices on Defendants and third parties focusing on common issues—indeed, one already has been served on Dow.

Moreover, Plaintiffs have proposed that discovery taken in *SCWA* could be used in all Related Actions as if taken therein. Further, Plaintiffs have indicated their willingness to proceed in either of two fashions to streamline that process with respect to depositions:

(i)     "principal" depositions in *SCWA* on common issues, with the burden on Plaintiffs in the Related Actions to demonstrate the basis for "recalling" such a witness specifically on new or Plaintiff-specific matters and doing so in the least burdensome method reasonable under the circumstances (*e.g.*, depositions by written questions if appropriate); or

(ii)    a presumption of an enlarged time period for depositions in *SCWA* (*e.g.* Dow proposed two seven-hour deposition days) in order to permit all Plaintiffs time to participate in questioning so that questioning need not to be revisited by all Plaintiffs.

Provided that Rule 30(b)(6) depositions are not unnecessarily constrained in time, Option (ii) may be most practical and predictable. However, Plaintiffs understand that at least two Defendants, Shell and Procter & Gamble, oppose the second option with respect to the length of their depositions because they are in a limited number of the Related Cases. Plaintiffs' proposal in Option (ii) would scale back deposition time for *each and every* Defendant through case coordination (even if deposition time were simply presumed to relate directly and solely to cases in which a Defendant has been named), reducing the potential for several Plaintiffs to re-plow territory already covered by other Plaintiffs.

It is to be expected, of course, that more than 10 depositions per party may be required in *SCWA* as the lead action, which Plaintiffs trust can be reasonably agreed upon. However,



Hon. Nina Gershon & Hon. Roanne L. Mann
February 1, 2021
Page 5

substantial savings should be realized through the general application of discovery taken of Defendants and third parties where practicable.

Additionally, while Plaintiffs have not advocated for common issues to be tried together across all cases, they have not foreclosed that discussion if the Court wishes to pursue it. As a practical matter, of course, there may be certain issues appropriate for partial summary adjudication in *SCWA* that can reduce disputed issues for trial in the Related Cases. Currently Plaintiffs' proposal is to streamline discovery such that common issues be efficiently litigated now, and a select number of prioritized cases, *SCWA* included, be set for full discovery and trial so that litigation progress generally is not stymied by Defendants' time spent solely on Plaintiff-specific issues.

### 3. Plaintiffs' Proposed Schedule Will Accommodate Enlarged "Prioritization" Discovery by Defendants, Should the Court Provide for It.

In consideration of the amount of information available to Defendants through fact sheet responses since November 2019, as well as voluminous document productions already made and to be substantially completed by the end of next month, Plaintiffs submit that deposition discovery is not necessary to prioritize additional cases beyond *SCWA*. However, if Defendants are permitted to proceed with such depositions, Plaintiffs stand ready, provided that the depositions are reasonably limited in number and include Plaintiffs' relevant consultants—as many as 50 overall should more than suffice—and that they do not delay the progress of *SCWA*, which advances the resolution of the Related Cases generally.

Accordingly, Plaintiffs submit that plenary fact discovery in *SCWA* may and should proceed as set forth in Plaintiffs' December 8, 2020 proposal [Dkt. 158]. However, Plaintiffs are amenable to adjournment of both the April 15, 2021 and June 15, 2021 case prioritization and pretrial scheduling dates in that proposal through September 30, 2021, to permit Defendants to conduct the further limited prioritization inquiries described above if the Court deems this necessary.

Finally, Plaintiffs have proposed and understand that Defendants agree that periodic status reports to the Court may assist in overall litigation management. Plaintiffs have suggested such reports at 90-day intervals.

We look forward to the Court's guidance and responding to any questions or concerns at the February 9th conference.

Respectfully submitted,

*/s/ Matthew K. Edling*

Matthew K. Edling
MATTHEW K. EDLING
matt@sheredling.com
VICTOR M. SHER



Hon. Nina Gershon & Hon. Roanne L. Mann
February 1, 2021
Page 6

vic@sheredling.com
STEPHANIE D. BIEHL
stephanie@sheredling.com
KATIE H. JONES
katie@sheredling.com
TIMOTHY R. SLOANE
tim@sheredling.com
NICOLE E. TEIXEIRA
nicole@sheredling.com
**SHER EDLING LLP**
100 Montgomery St. Suite 1410
San Francisco, CA 94104
(628) 231-2500

*Attorneys for Plaintiffs*[3]

SCOTT MARTIN
smartin@hausfeld.com
JEANETTE BAYOUMI
jbayoumi@hausfeld.com
**HAUSFELD LLP**
33 Whitehall St., 14th Floor
New York, NY 10004
(646) 357-1100

RICHARD S. LEWIS
rlewis@hausfeld.com
YELENA W. DEWALD
ydewald@hausfeld.com
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
(202) 540-7200

KATIE R. BERAN
kberan@hausfeld.com
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 985-3270

*Attorneys for Plaintiff Suffolk County Water Authority*

FRANK R. SCHIRRIPA
fschirripa@hrsclaw.com

---

[3] The Sher Edling firm represents all Plaintiffs in these related cases except Plaintiffs New York American Water (19-cv-2150) and Hicksville Water District (19-cv-5632).



**SHER EDLING LLP**
*PROTECTING PEOPLE AND THE PLANET*

Hon. Nina Gershon & Hon. Roanne L. Mann
February 1, 2021
Page 7

MICHAEL A. ROSE
mr@hachroselaw.com
HILLARY M. NAPPI
hnappi@hrsclaw.com
**HACH ROSE SCHIRRIPA & CHEVERIE, LLP**
112 Madison Avenue - 10th Floor
New York, New York 10016
(212) 213-8311

J. NIXON DANIEL, III
jnd@beggslane.com
MARY JANE BASS
mjb@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, FL 32502
850-469-3306

T. ROE FRAZER, II
roe@frazer.law
THOMAS ROE FRAZER, III
trey@frazer.law
W. MATTHEW PETTIT
mpettit@frazer.law
**FRAZER PLC**
30 Burton Hills Blvd
Suite 450
Nashville, TN 37215
615-647-0987

*Attorneys for Plaintiff New York American Water Company, Inc.*

PAUL J. NAPOLI
pnapoli@nsprlaw.com
LILIA FACTOR
lfactor@napolilaw.com
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, NY 10017
(212) 397-1000

*Attorneys for Plaintiff Hicksville Water District*

