**SHER EDLING LLP**
*PROTECTING PEOPLE AND THE PLANET*

February 16, 2021

<u>Via ECF</u>

Hon. Nina Gershon
  United States District Judge
Hon. Roanne L. Mann
  United States Magistrate Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**     **Plaintiffs' Submission Regarding Matters Raised at the February 9, 2021 Status Conference,** *Suffolk County Water Authority v. The Dow Chemical Company et al.***, No. 2:17-cv-6980-NG-RLM, and Related Cases**

Dear Judges Gershon and Mann:

During the telephonic status conference on February 9, 2021, Your Honors expressed interest in particular issues concerning two other water contamination litigations. For good order's sake, we thought it appropriate to provide the short follow-up below for the Court's consideration and convenience, with responsive court orders from those two matters.

    **1.**   **Suffolk County Water Authority's Role in the MTBE MDL**

As counsel mentioned at last Tuesday's hearing, Judge Scheindlin designated the MTBE action brought by Suffolk County Water Authority ("SCWA" or the "Authority") as one of four "focus" cases in that MDL. *See* Case Management Order 4, *In re MTBE Prods. Liab. Litig.*, MDL No. 1358 (S.D.N.Y. Oct. 19, 2004) at 2 (copy attached as Exhibit A). Specifically, those four focus cases received priority for discovery and pretrial motion practice. *Id*. at 3–15 (detailing procedures for focus cases discovery and motion practice). The Authority's case, the largest in that MDL, involved some 478 SCWA wells (versus the approximately 300 SCWA wells at issue here). *See, e.g.*, *id.*, Pretrial Order No. 3 (S.D.N.Y. Dec. 31, 2004) (Special Master Warner) at 4 (copy attached as Exhibit B). The Authority's case was the first in the MDL set for trial by Judge Scheindlin, *see id.*, Case Management Order 22 (Nov. 16, 2006) at 2 ("County of Suffolk shall be tried before the remaining focus cases") (copy attached as Exhibit C). *See In re MTBE Prods. Liab. Litig.*, 510 F. Supp. 299, 301 & n.9 (S.D.N.Y. 2007) (summarizing procedural history). Perhaps not surprisingly, the Authority's case—along with more than 150 public water supplier cases from around the country involving thousands of wells—settled with all but a few defendants in 2008, shortly before the Authority's trial date.

100 Montgomery Street, Suite 1410 – San Francisco, CA 94104
Office: (628) 231-2500 – sheredling.com

Hon. Nina Gershon & Hon. Roanne L. Mann
February 16, 2021
Page 2

The Authority's case was the largest MTBE case before Judge Scheindlin, and thus provided a vehicle for early examination by the court and parties of a large range of issues found across many—if not all—of the other MTBE cases. For example, defendants in the MTBE cases argued that many of the plaintiffs' claims were not "justiciable" because they involved contamination below (or in the absence of) an MCL, and that wells that had not yet suffered contamination were not ripe for claims, and similar issues. *See, e.g.*, Pretrial Order No. 3 (Exh. B), *supra*, at 4 (noting that the Authority's case "includes virtually every possible scenario defendants seek to address in their justiciability / no impact / imminent threat motions," including "wells with hits, wells with low hits, well[s] with historic hits, well[s] above the MCL, wells below the MCL and wells with no hits but advancing plumes of MTBE nearby"). In the MTBE related cases, the defendants pressed a wide range of causation and "product identification" defenses, all of which the court dealt with in a series of summary judgment and related motions in the Authority's case. *See, e.g.*, *In re MTBE Prods. Liab. Litig.*, 591 F. Supp. 2d 259, 264, 268 (S.D.N.Y. 2008) (denying defendants' "omnibus motions for summary judgment . . . based on inability to prove causation" in Suffolk County Water Authority's case and allowing case to proceed on, *inter alia*, "commingled product" alternative theory of causation). The court also approved approaches to causation in other cases after the Authority's case settled. *See, e.g., In re MTBE Prods. Liab. Litig.*, 725 F.3d 65, 115–16 (2d Cir. 2013) (affirming verdict for New York City based on direct causation established circumstantially by defendant's market share).

Of course, the Authority's case here presents similar opportunities for early resolution of a range of common issues that will guide (if not control) many, if not all, of the issues in the other Related Cases. The number of wells at issue in this case is not alone the significant point, although the size of the population served by the Authority (more than 1 million Long Island residents depend on Authority-provided water) supports the urgency of moving the case to resolution. Rather, as in the MTBE context, the Authority's case presents wells above the MCL; wells below the MCL; wells with dioxane-stabilized-TCA fingerprints from solvent degreaser uses; wells with contamination contributed from consumer (ethoxylated) compounds; wells in sewered areas; wells in non-sewered areas; deep aquifer wells; and shallow aquifer wells—*i.e.*, virtually all factual and legal issues pressed by the parties. And it is the only case that includes all Defendants as well as that diverse factual mosaic.

2. **The AFFF MDL**

The Court also inquired about the MDL currently pending before Judge Gergel in South Carolina. *In Re Aqueous Film-Forming Foams (AFFF) Prods. Liab. Litig.*, MDL No. 2873 (D.S.C.) ("AFFF MDL"). As the Court noted, some of the cases in that MDL involve personal and property injuries of a mass tort nature. *However*, in more than fifty cases the plaintiffs are water suppliers like those here. Indeed, a case by the Authority involving certain of the compounds at issue in the AFFF MDL has been transferred by the Judicial Panel on Multidistrict Litigation to Judge Gergel's courtroom. Notably, Judge Gergel has prioritized *only* the water supplier cases on their own "track" for early focus. *See* Case Management Order No. 13 (copy attached as Exhibit D) at 1 ("The first bellwether category shall be selected from Water Provider cases."). The parties in the MDL and the court are currently working to designate focus cases in only that water provider track for prioritized discovery and pretrial motion practice. *Id.* at 1–2 (water provider bellwether



Hon. Nina Gershon & Hon. Roanne L. Mann
February 16, 2021
Page 3

cases selected for priority discovery "will be selected by the parties and undergo additional discovery (beyond the Plaintiff Fact Sheet ('PFS') and Defense Fact Sheet ('DFS') processes and the general liability discovery of defendants that is currently proceeding"). Many of the water supplier cases being considered for prioritized discovery and bellwether trials in the AFFF MDL involve very large numbers of wells, some extending to hundreds of wells each, just as in the Authority's case here. Collectively, the water providers that are being considered for prioritized discovery and trial in the AFFF MDL involve far more wells than at issue in the Authority's case here.

   3. Summary

We hope that the foregoing facts aid the Court's consideration of criteria that other courts, and Plaintiffs, have considered for evaluating cases for priority designation—i.e., cases that present common factual and legal issues to provide either definitive answers of general applicability (e.g., on legal questions) or guidance (e.g., for factual questions) for most if not all cases concerning:

- injury (e.g., contamination above or below the Maximum Contaminant Level);

- causation (including which defendant's product is present in affected wells in sufficient quantities to be a substantial cause of plaintiffs' injuries); and

- damages (including estimated duration and cost of treatment).

The parties' views differ concerning the role, if any, of intermediaries (i.e., the myriad of actual users of Defendants' products) and the import of the absence of actual warnings from Defendants concerning the presence, handling, and disposal specifically of 1,4-dioxane and related wastes. These are issues and defenses that Defendants are free to raise and have no bearing on identifying which cases to prioritize for trial.

Plaintiffs respectfully submit that the parties already have more than sufficient information to make the preliminary screening choices of cases, consistent with the litigations about which the Court inquired that present these kinds of issues, as discussed above. Indeed, the fact sheets each Plaintiff filled out include (at Defendants' request) information related to, among other items: (1) number and size of impacted wells; (2) levels of contamination, including in relation to the MCL for 1,4 dioxane; (3) number of persons served by each supplier; (4) all wells in each plaintiff's water system; (5) treatment history; (6) contamination history; (7) mitigation steps undertaken by each plaintiff; (7) designated Source Water Protection Areas (which identify many likely source areas of contamination) and any investigations of known or potential sources of contamination; and (8) actual costs incurred and anticipated costs of treatment (damages). *See* Dkt. 158, Attachment A at 3 (detailing Plaintiffs' fact sheet responses and document productions).

Plaintiffs, of course, are prepared to confer with Defendants immediately and to promptly report to the Court regarding any additional criteria the Court may identify for selection as well as to present cases for priority consideration, so that focused discovery and resolution of common issues can proceed without delay.



Hon. Nina Gershon & Hon. Roanne L. Mann
February 16, 2021
Page 4

Respectfully submitted,

   /s/ Matthew K. Edling
———————————————

Matthew K. Edling
MATTHEW K. EDLING
matt@sheredling.com
VICTOR M. SHER
vic@sheredling.com
STEPHANIE D. BIEHL
stephanie@sheredling.com
KATIE H. JONES
katie@sheredling.com
TIMOTHY R. SLOANE
tim@sheredling.com
NICOLE E. TEIXEIRA
nicole@sheredling.com
**SHER EDLING LLP**
100 Montgomery St. Suite 1410
San Francisco, CA 94104
(628) 231-2500

*Attorneys for Plaintiffs*[1]

SCOTT MARTIN
smartin@hausfeld.com
JEANETTE BAYOUMI
jbayoumi@hausfeld.com
**HAUSFELD LLP**
33 Whitehall St., 14th Floor
New York, NY 10004
(646) 357-1100

RICHARD S. LEWIS
rlewis@hausfeld.com
YELENA W. DEWALD
ydewald@hausfeld.com
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
(202) 540-7200

---

[1] The Sher Edling firm represents all Plaintiffs in these related cases except Plaintiffs New York American Water (19-cv-2150) and Hicksville Water District (19-cv-5632).



    KATIE R. BERAN
    kberan@hausfeld.com
    **HAUSFELD LLP**
    325 Chestnut Street, Suite 900
    Philadelphia, PA 19106
    (215) 985-3270

    *Attorneys for Plaintiff Suffolk County Water Authority*

    FRANK R. SCHIRRIPA
    fschirripa@hrsclaw.com
    MICHAEL A. ROSE
    mr@hachroselaw.com
    HILLARY M. NAPPI
    hnappi@hrsclaw.com
    **HACH ROSE SCHIRRIPA & CHEVERIE, LLP**
    112 Madison Avenue - 10th Floor
    New York, New York 10016
    (212) 213-8311

    J. NIXON DANIEL, III
    jnd@beggslane.com
    MARY JANE BASS
    mjb@beggslane.com
    **BEGGS & LANE, RLLP**
    501 Commendencia Street
    Pensacola, FL 32502
    850-469-3306

    T. ROE FRAZER, II
    roe@frazer.law
    THOMAS ROE FRAZER, III
    trey@frazer.law
    W. MATTHEW PETTIT
    mpettit@frazer.law
    **FRAZER PLC**
    30 Burton Hills Blvd
    Suite 450
    Nashville, TN 37215
    615-647-0987

    *Attorneys for Plaintiff New York American Water Company, Inc.*

    PAUL J. NAPOLI
    pnapoli@nsprlaw.com
    LILIA FACTOR



Hon. Nina Gershon & Hon. Roanne L. Mann
February 16, 2021
Page 6

>lfactor@napolilaw.com
>**NAPOLI SHKOLNIK PLLC**
>360 Lexington Avenue, 11th Floor
>New York, NY 10017
>(212) 397-1000

*Attorneys for Plaintiff Hicksville Water District*

