UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
SUFFOLK COUNTY WATER AUTHORITY,

                Plaintiff,                              ORDER

       -against-                             17-CV-6980 (NG)

THE DOW CHEMICAL COMPANY, FERRO
CORPORATION, and VULCAN MATERIALS
COMPANY,

                Defendants.
---------------------------------------------------------------------------x
AND RELATED CASES:
2:18-cv-07266 (NG); 2:18-cv-07272 (NG); 2:18-cv-07279 (NG);
2:18-cv-07281 (NG); 2:19-cv-01351 (NG); 2:18-cv-07269 (NG);
2:19-cv-01404 (NG); 2:18-cv-07271 (NG); 2:18-cv-07278 (NG);
2:19-cv-01348 (NG); 2:19-cv-00085 (NG); 2:18-cv-07282 (NG);
2:19-cv-02490 (NG); 2:19-cv-02990 (NG); 2:19-cv-02973 (NG);
2:19-cv-02974 (NG); 2:19-cv-02975 (NG); 2:19-cv-03059 (NG);
2:19-cv-03197 (NG); 2:18-cv-07277 (NG); 2:19-cv-02150 (NG);
2:19-cv-03570 (NG); 2:19-cv-02986 (NG); 2:19-cv-05632 (NG);
2:19-cv-05775 (NG); 2:19-cv-05825 (NG)
---------------------------------------------------------------------------x

      Having considered the submissions of the parties and the hearing held on February 9, 2021, we now issue the following order to govern the proceedings in all of the above-captioned related cases.

      The first-filed <u>Suffolk County Water Authority</u> case will be given priority for the completion of all of its discovery, including expert discovery. Presumptively, but subject to further consideration, it will also be given priority in the scheduling of dispositive motions and/or trial.

      The parties have reached agreements, as set forth at the hearing, as to the avoidance of duplication of discovery across these cases. We understand from the hearing, at which the

plaintiffs not represented by Sher Edling LLP expressed no disagreement, that the discovery of all defendants in all cases will be complete upon completion of plaintiffs' discovery of the defendants in the <u>Suffolk County Water Authority</u> case.

But the parties have not agreed upon any date by which defendants must seek to add third-parties in all cases, either by agreement or with leave of the Court following a request for a premotion conference. The parties are directed to meet and confer and, by March 3, 2021, to notify us of their agreed upon date for seeking to add third-parties.

Also, after a meet and confer, by March 3, 2021, the parties are directed to submit an agreed upon schedule for the completion of all discovery, including expert discovery, in the <u>Suffolk County Water Authority</u> case.

In order to avoid any duplication of depositions that might otherwise occur, only after third-party defendants have been added in the various cases may the parties proceed with party (and consultant) depositions in the <u>Suffolk County Water Authority</u> case and also in the other cases. With regard to the other cases, the depositions should be taken with an eye toward determining whether there are common issues that can be subject to joint motions/trials, and what order of priority, after the <u>Suffolk County Water Authority</u> case, they choose to propose. For these purposes and during this phase of discovery, no more than 65 such depositions of plaintiffs and their consultants should be taken in the other cases. Proposals on the common issues and prioritization should be submitted to the Court, following efforts by the parties to reach agreement, at the time of the completion of fact discovery in the <u>Suffolk County Water Authority</u> case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 17, 2021

/s/ *Nina Gershon*                         /s/ *Roanne L. Mann*
**NINA GERSHON**                           **ROANNE L. MANN**
**UNITED STATES DISTRICT JUDGE**           **UNITED STATES MAGISTRATE JUDGE**