March 9, 2021

**VIA ECF**

The Honorable Nina Gershon
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

The Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Suffolk County Water Authority v. The Dow Chemical Company, et al.*
No. 2:17-cv-6980-NG-RLM, and *Related Cases*

Dear Judge Gershon and Judge Mann:

All parties jointly submit this letter to provide their respective positions on (i) a deadline for seeking to add third parties in all 27 cases, and (ii) a proposed discovery schedule for the *Suffolk County Water Authority* ("*SCWA*") case.

As directed in the Court's February 17, 2021 Order (Dkt. No. 168) (the "Order"), counsel for the parties met and conferred regarding the above items. Despite their good faith efforts, the parties were unable to reach agreement on the third-party joinder date and other elements of the discovery schedule.

The specific areas of agreement and disagreement are set forth immediately below, followed by the parties' respective positions.

The following are <u>areas of agreement</u> reached through the parties' conferral:

1. The parties continue to target March 31, 2021, to substantially complete document productions in response to discovery requests previously served;

2. The parties agree that discovery will be conducted in the *SCWA* action as the Court ordered on February 17, 2021:

    a. The default discovery limitations as set forth in the Federal Rules of Civil Procedure do not apply to the number of depositions or interrogatories in the *SCWA* case. These limitations also do not apply to the number of third-party depositions in all cases. As ordered by the Court, Defendants may take up to 65 depositions of all other Plaintiffs and their consultants during the SCWA fact discovery period


      adopted by the Court. The parties reserve their rights to move the Court for relief in the event of excessive or abusive discovery regarding all forms of discovery.

  b. All Defendant depositions taken and additional written discovery propounded on Defendants in *SCWA* may be used across the Related Cases to the same extent as if taken therein. Discovery of all Defendants in all cases will be complete upon completion of Plaintiffs' discovery of Defendants in the *Suffolk County Water Authority* case.

  c. The parties may engage in full discovery with respect to third parties in all cases.

  d. Third-party discovery taken in the *Suffolk County Water Authority* case shall be usable in all Related Cases. Third-party discovery in the non-*Suffolk County Water Authority* cases shall be usable in the other Related Cases, when appropriate and reasonable to avoid duplicative discovery.

The parties have been <u>unable to agree</u> on the following:

1. The deadline to seek to add third parties in all cases;

2. The fact discovery completion date in *SCWA*; and

3. The expert discovery schedule in *SCWA*.

Set forth below are the parties' competing proposals for the Court's consideration.

**PLAINTIFFS' POSITION**

**A. Deadline for Seeking to Add Third Parties in All Cases**

    Plaintiffs propose June 18, 2021, as the deadline to seek to add third parties; Defendants do not all agree. Respectfully, Defendants' position is nothing but dilatory and prejudicial. The 14 days after service of an original answer contemplated by Fed. R. Civ. P. 14(a)(1) for filing of a third-party complaint without leave of court expired more than *two years ago* in SCWA's case. Nonetheless, Plaintiffs' June 2021 third-party deadline proposal provides an *additional four months* from the entry of the Court's recent Order concerning scheduling. Defendants—or more specifically, the "non-consumer products" Defendants Dow, Ferro, and Vulcan[1]—seek until December 31, 2021.

    Nothing has precluded identification of, or discovery from, such putative third-party defendants since 2019 or even earlier (indeed, Defendants have already engaged in third-party discovery). Further, there is no practical reason precluding joinder of third parties by June 18, 2021—nearly four years after *SCWA* was filed. Defendants have not specifically articulated third

---

[1] Counsel for Defendants Procter & Gamble and Shell each indicated, by emails on February 22, 2021, that they had no objection to the June 18, 2021 date to add third parties.

The Honorable Nina Gershon 
The Honorable Roanne L. Mann
March 9, 2021
Page 3

parties from whom they need further discovery or whom they would consider adding—nor even what categories of entities would qualify as potential third parties in these actions. Presumably, however, they are consumers of Defendants' own products, whom Defendants somehow believe can inoculate them from a failure to warn (which is not in accord with the law). Regardless, Defendants have known their customers and what they did or did not tell those customers, for over four decades and have produced records of those customers in this case—some as early as 2019. A further six-month delay from June until December to *potentially* add an undefined class of third parties thus serves no purpose but *does* result in substantial prejudice to Plaintiffs and the Court: the absence of *any* party discovery progress in the interim.[2]

### B. Proposed Discovery Schedule in *Suffolk County Water Authority* Case

The vast majority of facts relevant to both SCWA's claims and Defendants' defenses will be determined through discovery regarding the products at issue; what the parties knew and when; 1,4-dioxane's chemical properties; and the warnings that were (or were not) given to end-users and consumers of products containing 1,4-dioxane. These cases turn on *Defendants'* conduct (including omissions) and the knowledge *Defendants* had when they acted (or failed to act). These decisions were made not on a site-by-site basis but on a company-wide basis, leading to the contamination of groundwater in Long Island.

Defendants propose a "focus well" approach. But they fail to articulate both what they mean by "focus wells" and how their approach would expedite the cases. Indeed, their "focus well" proposal guarantees that fact discovery would not be completed in *SCWA* for at least five years and contemplates little, if any, forward progress in the Related Cases until that time. "Focus wells" provide no focus at all if that approach does not otherwise help advance the *SCWA* case (and perhaps the entire litigation) to resolution—*i.e.*, such a departure is only merited if it constitutes a focus to some purpose and end. Selecting "focus wells" and issues for early discovery should only be considered based on criteria that will advance the action, and once discovery on such focus wells is completed, there must be some assurance that the results will have value beyond those wells generally (*i.e.*, some type of preclusive effect). In the absence of such assurances, it leads only to "permanent litigation," a fact of certain MTBE cases that Judge Scheindlin lamented before her retirement. Exhibit 1 (Hearing Transcript at 15:10–11, *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.* ("*In re MTBE*"), MDL No. 1358 (S.D.N.Y. Mar. 29, 2016)). Further, as the court in the New Hampshire MTBE case found, a well-by-well approach would cause the case "to continue beyond all lives in being." *State v. Exxon Mobil Corp.*, 168 N.H. 211, 252 (2015).

Defendants have not offered to Plaintiffs and fail still to offer any framework for actually advancing the case by their "focus well" approach. In its MTBE case, SCWA did seek to designate a number of focus wells for *early trial*, for the explicit purpose of elucidating a specific set of legal

---

[2] It should not escape the Court's notice that Defendants previously represented they could conduct discovery necessary to make case prioritization determinations by December 8, 2021. *See* Dkt. 158 at Ex. B, pp. 14–15. Their assertion thus rings especially hollow that they need until December 31, 2021 merely to determine third parties they *might* add as parties on a good faith basis.



and factual issues that had confounded all parties in extensive pretrial practice, which would have preclusive effect as to remaining wells and thus advance the goal of efficiency. Judge Scheindlin adopted that approach, and the case ultimately resolved in light of the impending trial date. Those issues are not present here—many were resolved legally in plaintiffs' favor in MTBE. Moreover, Defendants here offer no comparable framework for how their "focus wells" approach would lead to efficiencies in the conduct of this case in the absence of specifically advancing certain factual and legal issues to be used across all wells and all cases.

In contrast to Defendants' assertion that these cases must proceed on a well-by-well basis, Plaintiffs intend to present these cases as the defective product and failure to warn cases that they are. The proper focus is on Defendants' tortious conduct, and the proof will overwhelmingly involve actions (or failures to act) that apply everywhere and are not specific to well locations. This is the exact approach that was taken in the New Hampshire MTBE case, which involved *hundreds of thousands* of wells across the state of New Hampshire, and resolved in a *single* trial. A case management approach that advances discovery in preparation for a single trial of the *SCWA* case is the most efficient and effective means of resolving that case (and the Related Cases). Plaintiffs can ready this case for trial by September 2022, approximately five years from filing. Defendants' approach, in stark contrast, could lead to a series of trials that would extend another decade at a minimum—an annuity that does not serve the parties or the Court.

Plaintiffs' scheduling proposal is as follows:

| | |
|---|---|
| Substantial Completion of Party Document Discovery (outstanding requests) | **March 31, 2021** |
| Joint status reports due (approximately every 90 days) | **June 3, 2021 forward** |
| Deadline to add third-party defendants in one or more of all cases, either by agreement or with leave of Court following a request for a pre-motion conference | **June 18, 2021** |
| Commencement of party (and consultant) depositions in all cases pursuant to the Court's February 17, 2021 order (third-party defendants, if any, may attend by agreeing to case confidentiality provisions) | **July 19, 2021**<br><br>Approximately thirty (30) days after any third-party defendants have been added |
| Completion of Fact Discovery in *SCWA* and date for submissions regarding additional prioritized cases | **March 4, 2022**<br><br>Approximately six (6) months after deadline to add third parties |


| | |
|---|---|
| Affirmative expert reports due | **June 6, 2022**<br><br>Approximately ninety (90) days after completion of fact discovery |
| Responsive expert reports due | **August 8, 2022**<br><br>Approximately sixty (60) days after service of affirmative expert reports |
| Pretrial Conference and Trial | **To be set by the Court** |

**DEFENDANTS' POSITION**

**A. Deadline for Seeking to Add Third Parties in All Cases**

Defendants propose December 31, 2021 as the deadline for seeking to add third parties in all cases. There are approximately 500 allegedly impacted wells in these 27 cases, collectively. As such, Plaintiffs' proposed date of June 18, 2021 would not leave Defendants with sufficient time to complete the necessary discovery and investigation to make determinations concerning third party joinder in all 27 cases. Defendants' February 1, 2021 submission describes in detail the substantial challenges and scope of necessary discovery in securing relevant documents (and, if necessary, third-party testimony) on these issues from Plaintiffs and third parties before those parties are brought into the case, and we respectfully refer the Court to that submission. But Defendants must specifically respond to Plaintiffs' accusation of dilatory tactics, which is particularly galling given the fact that Plaintiffs have still not produced the information in their possession regarding sources of historical contamination of their wells, for the simple reason that it does not fit Plaintiffs' desired theory of the cases. Yet this information is crucial to the Defendants in all 27 cases, and providing 90 days for third-party joinder is essentially calculated to strip Defendants of their right to do so.

More specifically, on January 21, 2020, Defendants served each Plaintiff with an interrogatory asking for the identification of the source of the dioxane contamination in the wells Plaintiffs contend are at issue in this case. One would expect this information would be readily available, as Plaintiffs are required in the ordinary course of their business to undertake a study and issue a report addressing the source of contaminants "[w]henever the supplier of water determines . . . that [an MCL] . . . may be exceeded." *See, e.g.,* 10 NYCRR §§ 5-1.12(a)(1), (3)-(5). As of today, however, 11 of 27 Plaintiffs have provided no information at all. Of the 16 Plaintiffs that have responded, their answers collectively address approximately 60 of the 500-plus wells at issue. The remainder of Plaintiffs' responses contain boilerplate and still-unfulfilled promises that "Plaintiff[s] will produce and identify documents related to potential sources."



Plaintiffs' deadlines for third-party joinder are also inconsistent with the Order. It provides that the parties are to provide a date for *seeking to add* third parties and that commencement of party and consultant depositions in the non-SCWA cases would commence after the last third-party *is added*. The latter date cannot be July 19, 2021 -- 30 days after Plaintiffs' proposed date for seeking to add third parties -- as it is a date that is not yet known.

### B. Proposed Discovery Schedule in *Suffolk County Water Authority* Case

Defendants' proposed schedule provides specific deadlines for the parties to conduct and complete full discovery regarding a number of focus wells in the *Suffolk County Water Authority* case. Defendants propose this focus well approach because, in the experience of Defense counsel in the MTBE litigation in particular, it is simply not feasible to conduct fact and expert discovery of approximately 300 allegedly impacted wells, conduct dispositive motion practice, and conduct a trial of so large a number of wells in a case of this magnitude, given the multiplicity of issues and the number of defendants--much less to do so in a time frame such as Plaintiffs propose. This is because the evidence and elements of Plaintiffs' claims and Defendants' affirmative defenses are well-specific.

Further, Plaintiffs' position statement above goes beyond what the Court requested by arguing for a trial structure that raises significant constitutional issues, which would require full briefing to address. In response to Plaintiffs' claim that the cases should proceed on anything other than a well-by-well basis, Defendants would object on multiple grounds, including that such approach would violate Defendants' constitutional Due Process rights. Moreover, it would completely skip-over the central requirement of causation under established New York law. Defendants reserve all rights and objections regarding any alternate proof or trial theories that Plaintiffs may advance, and hereby request an opportunity for full briefing before the Court were to make a decision on any such approach.

Thus, Defendants propose the below deadlines with the understanding that (i) the parties would complete fact and expert discovery on a set of "focus wells" in the *Suffolk County Water Authority* case; and (ii) following resolution of the claims regarding the focus wells, the parties would complete discovery regarding the remaining allegedly impacted wells of Suffolk County Water Authority. Such an approach would both inform and enable the parties to assess the relative strengths or weaknesses of their respective claims and defenses, thereby facilitating the potential resolution of all claims.

A focus well approach will simply be a more efficient and streamlined way to proceed given the large number of wells. It is the approach that Plaintiff Suffolk County Water Authority itself advocated for in the MTBE litigation, which involved 40% *fewer* wells than this case (182 of its wells are at issue in that case, as opposed to the approximately 300 allegedly at issue here). Indeed, Judge Scheindlin in the MTBE case observed that Suffolk County Water Authority could have brought 182 separate lawsuits, each alleging damage to a single well. This is because each well has its own story: sources and dates of contamination, causation, knowledge, warnings,


limitations, damages, etc. Counsel for Plaintiffs has acknowledged that these are the kind of issues that are well-specific. *See, e.g.*, Exhibit 2, June 19, 2019 Hearing Transcript, at 17: "Again, statute of limitations is on a well-by-well basis." At the conference on February 9, 2021, counsel for Plaintiff Suffolk County Water Authority argued that damages would also be well-specific. Exhibit 3, Feb. 9, 2021 Hearing Transcript, at 42-43. Plaintiff's counsel further acknowledged that Defendants were entitled to discovery to support "their ability to assert that sources and third-parties were or could be contributing parties for their own consideration, as Mr. Boulos identified previously, the potential to be defendants in this case." Exhibit 3, at 25-26. This is glaringly at odds with their current position (hinged on the limited view of their theory of the case), and contrary to Defendants' right to defend themselves and conduct full discovery in support of their affirmative defenses and to rebut each element of Plaintiffs' claims.

Plaintiffs attempt to justify nine months of fact discovery in a 300 well case by saying they intend to "focus on . . . Defendants' tortious conduct" rather than the facts about how contamination came to be in specific wells. As Defendants have explained in prior submissions and in the February 9, 2021 conference before the Court, Plaintiffs cannot establish the elements of their claims--including failure to warn and causation--by ignoring *who* actually released dioxane into each well, *how* that dioxane was released, *when* the responsible party caused the release (which, among other things, will indicate what warnings the party received) and *what* that entity knew or understood about the product it was handling. Even if the law somehow allowed Plaintiffs to sweep aside those foundational factual issues--a proposition for which they have *never* cited any authority and cite none now--Defendants are still entitled to develop those issues in order to defend the claims. Put differently, Plaintiffs might choose to take a "50,000-foot" view of the case (a choice they make at their peril), but that does not and cannot deprive Defendants of the right to take discovery on the actual source of the contamination for which Plaintiffs seek to hold them liable, and the actual facts concerning how that contamination came to be in each well.

Defendants propose that the parties meet and confer to determine both the number of focus wells and process for their selection. (Defendants anticipate that a set of 25-40 focus wells would be appropriate and propose that the wells be selected randomly, as has been done in the recent statewide MTBE cases.) If the parties are unable to agree on the number of focus wells or the selection process, the Court could determine the number and process based upon submissions of the parties.

Defendants' proposed schedule, assuming a focus well approach, is as follows:

| | |
|---|---|
| Substantial Completion of Party Document Discovery (outstanding requests) | **March 31, 2021** |
| Deadline for Parties to Submit Agreed Upon or Competing Proposal(s) for Selection of Focus Wells (including number | **April 15, 2021** |


| | |
|---|---|
| of wells, selection process, and deadline for selecting focus wells) in *Suffolk County Water Authority* case | |
| Deadline for Motions to Compel relating to Party Document Discovery (outstanding requests) | **May 31, 2021** |
| Deadline for Motions to Compel relating to Third-Party Subpoenas (outstanding requests) | **July 30, 2021** |
| Joint Status Reports concerning Discovery and Any Known or Anticipated Disputes Requiring Court Intervention (every approximately 90 days) | **June 3, 2021; September 3, 2021; December 3, 2021; March 3, 2022, June 3, 2022; September 2, 2022; December 2, 2022; March 3, 2023; June 2, 2023; September 1, 2023; December 1, 2023, and so on.** |
| Deadline for Seeking to Join Third Parties as third-party defendants in all cases, either by agreement or with leave of Court following a request for a pre-motion conference | **December 31, 2021** |
| Commencement of Party (and Consultant) Depositions in all cases | **Thirty (30) days after any and all third-party defendants have been added or motions seeking to join third parties have been resolved in all cases ("Third-Party Defendant Date")** |
| Completion of Fact Discovery (Focus Wells) | **Eighteen (18) months after Third-Party Defendant Date.** |
| The parties shall each submit to the Court their respective proposals on common issues and prioritization. Following the parties' submissions, the Court will schedule a hearing and make a determination on common issues and prioritization, and make any other case management rulings, in all cases, as appropriate. | **Thirty (30) days after Deadline for Completion of Fact Discovery (Focus Wells) in the *Suffolk County Water Authority* case** |
| Deadline for Plaintiff to Identify Testifying Experts' Names and the Subject(s) on Which Expert Will Testify (Focus Wells) | **Thirty (30) days after Deadline for Completion of Fact Discovery** |



| | |
|---|---|
| Plaintiff's Expert Reports (Focus Wells) | **Ninety (90) days after Deadline for Completion of Fact Discovery** |
| Deadline for Defendants to Identify Testifying Experts' Names and the Subject(s) on Which Expert Will Testify (Focus Wells) | **Thirty (30) days after Deadline for Service of Plaintiff's Expert Reports** |
| Defendants' Expert Reports (Focus Wells) | **Sixty (60) days after Deadline for Service of Plaintiff's Expert Reports** |
| Completion of Expert Discovery (including Expert Depositions) (Focus Wells) | **Sixty (60) days after Deadline for Service of Defendants' Expert Reports** |
| Completion of Fact and Expert Discovery for Claims Regarding Remaining Suffolk County Authority Wells following resolution of Focus Well Claims | **Thirty-Two (32) Months after Resolution of All Claims Regarding Focus Wells with Internal Deadlines of: Twenty-Four (24) Months from Resolution of Focus Well Claims for Completion of Fact Discovery; Thirty Days from that date for Plaintiff's Identification of Testifying Experts and Subjects of Expert Testimony; Sixty (60) Days from that date for Service of Plaintiff's Expert Reports; Thirty (30) Days from that date for Defendants' Identification of Testifying Experts and Subjects of Expert Testimony; Sixty (60) Days from that date for Defendants' Expert Reports; and Sixty (60) Days from that date for Completion of Expert Discovery, including Expert Depositions.** |

In the alternative, should the Court decline to adopt the focus well approach, Defendants would propose the following changes to the above schedule to allow additional time for discovery of the approximately 300 allegedly impacted wells in the *Suffolk County Water Authority* case:



     1.    **Completion of Fact Discovery**: **Sixty (60) months from the Date for Commencement of Party and Consultant Depositions** (instead of eighteen (18) months as proposed for the focus well approach). This would be a presumptive deadline for fact discovery, with the parties providing regular status updates to the Court every 90 days as provided above, enabling the Court to monitor the progress of discovery in the SCWA litigation as well as the other actions;

     2.    **The parties shall each submit to the Court their respective proposals on common issues and prioritization. Following the parties' submissions, the Court will schedule a hearing and make a determination on common issues and prioritization, and make any other case management rulings, as appropriate: Thirty (30) days after Deadline for Completion of Fact Discovery in the *Suffolk County Water Authority* case** (instead of thirty (30) days after deadline for completion of fact discovery regarding the focus wells);

     3.    Remove from the above proposed schedule (as unnecessary in light of this alternative approach):

        a. "Deadline for Parties to Submit Agreed Upon or Competing Proposal(s) for Selection of Focus Wells (including number of wells, selection process, and deadline for selecting focus wells) in *Suffolk County Water Authority* case";

        b. "Completion of Fact and Expert Discovery for Claims Regarding Remaining Suffolk County Authority Wells following resolution of Focus Well Claims"; and

        c. Other references to Focus Wells within the description of an event.

     Defendants would welcome the opportunity to provide the Court with more information on the rationale and mechanics of Defendants' proposal, including details regarding the effectiveness of focus wells in the MTBE litigation, should the Court believe it would be useful. We could file such a submission within a week's time, or another date set by the Court.

     We thank the Court for its consideration. Should the Court require additional information, the parties would be happy to provide it.

Respectfully submitted,                        Respectfully submitted,

/s/ Stephen C. Dillard                      /s/ Matthew K. Edling

With Enclosures
cc: All Counsel of Record via ECF