UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------x
SUFFOLK COUNTY WATER AUTHORITY,

                              Plaintiff,                                    **SCHEDULING ORDER**

                  -against-                                    **17-CV-6980 (NG)(RLM)**

THE DOW CHEMICAL COMPANY, FERRO
CORPORATION, and VULCAN MATERIALS
COMPANY,

                              Defendants.
---------------------------------------------------------------------------------x
AND RELATED CASES:
2:18-cv-07266 (NG); 2:18-cv-07272 (NG); 2:18-cv-07279 (NG);
2:18-cv-07281 (NG); 2:19-cv-01351 (NG); 2:18-cv-07269 (NG);
2:19-cv-01404 (NG); 2:18-cv-07271 (NG); 2:18-cv-07278 (NG);
2:19-cv-01348 (NG); 2:19-cv-00085 (NG); 2:18-cv-07282 (NG);
2:19-cv-02490 (NG); 2:19-cv-02990 (NG); 2:19-cv-02973 (NG);
2:19-cv-02974 (NG); 2:19-cv-02975 (NG); 2:19-cv-03059 (NG);
2:19-cv-03197 (NG); 2:18-cv-07277 (NG); 2:19-cv-02150 (NG);
2:19-cv-03570 (NG); 2:19-cv-02986 (NG); 2:19-cv-05632 (NG);
2:19-cv-05775 (NG); 2:19-cv-05825 (NG)
---------------------------------------------------------------------------------x

       In a letter-motion filed on March 9, 2021 ("Joint Mot."), as docket entry ("DE") #170

in the first-filed of these related cases, Suffolk County Water Authority v. The Dow Chemical

Co., et al., 17cv6980 (NG)(RLM) (the "SCWA case"), the parties offer competing proposed

schedules for completing discovery in the SCWA case, which the undersigned judges have

determined will be prioritized for discovery purposes and, presumptively, for scheduling

dispositive motions and/or trial.  See Scheduling Order (Feb. 17, 2021) ("2/17/21 Scheduling

Order"), DE #168.  Plaintiffs have proposed a schedule pursuant to which the second round of

expert disclosures would be completed by August 8, 2022, see Joint Mot. at 5; defendants, on

the other hand, propose a timeline with uncertain dates, pursuant to which the parties would

conduct discovery into 2024 on what defendants characterize as "focus wells," with nearly

another three years of discovery on the remaining wells in the *SCWA* case in the event the

focus-well approach does not yield a resolution of that action, see id. at 8-9.

As plaintiffs rightly observe, see id. at 3, defendants have failed to establish how a

focus-well approach would streamline the resolution of the various cases.   Defendants' offer to

provide "more information on the rationale and mechanics" of their proposal, see id. at 10, is,

simply put, too little too late; the Court needs no further briefing on this issue.   Having

considered the parties' dueling proposals, and in exercising our judicial discretion over

scheduling matters, the two judges assigned to these cases jointly reject defendants' request to

adopt a focus-well approach in the *SCWA* case.   Nor do we find persuasive defendants'

fallback position, i.e., that without focus wells, defendants need an additional 60 months (i.e.,

five years) of discovery in the first-filed case alone.   See id. at 9-10.

Further observations are in order.   First, defendants complain that, as of the filing of

the parties' Joint Motion, 11 of the 27 plaintiffs in the related cases had provided no

information whatsoever in response to an interrogatory served by defendants more than a year

ago, on January 21, 2020, requesting identification of the source of the dioxane contamination

in the wells, and that the remaining plaintiffs had provided information as to only about "60 of

the 500-plus wells at issue."   Id. at 5.   The discovery schedule set forth herein in the *SCWA*

case assumes that the parties will be responding to discovery demands in a timely and

2

reasonable manner.   To the extent that plaintiffs' interrogatory responses remain lacking or incomplete, they are directed to cure those omissions by April 16, 2021, and to file a certification with the Court by April 19, 2021, confirming that they have done so.   Should defendants – or, for that matter, any parties – require judicial intervention in order to obtain responses to discovery demands and thus to comply with the Court's discovery schedule, they should promptly file letter-motions with the magistrate judge, after first attempting to resolve the issue informally with opposing counsel.

Secondly, in order to provide a measure of certainty as to the dates of the various deadlines set by the Court, and to avoid further delays resulting from unnecessary motion practice, the Court, on reflection, modifies that aspect of its Scheduling Order of February 17, 2021, providing for the addition of third-party defendants "by agreement or with leave of the Court following a request for a premotion conference."   2/17/21 Scheduling Order at 2. Instead, the Court is fixing a firm deadline for adding third-party defendants, without requiring agreement or leave of the Court.   In addition, proof of service on any third-party defendant must be served within 21 days of the filing of claims against that third-party defendant.

The Court sets the following schedule for discovery:

| Substantial Completion of Party Document Discovery (outstanding requests) | **March 31, 2021** |
|---|---|
| Joint status reports due (approximately every 90 days) | **June 3, 2021 forward** |
| Deadline to add third-party defendants in any of the 27 cases | **July 16, 2021** |
| Commencement of party (and consultant) depositions in all 27 cases, as per the Court's 2/17/21 Scheduling Order at 2 | **September 8, 2021** |
| Completion of Fact Discovery in *SCWA* and date for submissions regarding additional prioritized cases, as per the Court's 2/17/21 Scheduling Order at 2 | **June 3, 2022** |
| Affirmative expert reports due in the *SCWA* case | **September 2, 2022** |
| Responsive expert reports due in the *SCWA* case | **November 1, 2022** |
| Completion of expert depositions in the *SCWA* case | **December 2, 2022** |

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 19, 2021**

/s *Nina Gershon*

**NINA GERSHON**
**UNITED STATES DISTRICT JUDGE**

/s *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

4