

33 Whitehall Street
14th Floor
New York, NY 10004

**VIA ECF**
Magistrate Judge Roanne L. Mann
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

May 6, 2021

Re: *Suffolk County Water Authority v. The Dow Chemical Company et al.*, No. 2:17-cv-6980-NG-RLM, and *Related Cases*

Dear Judge Mann:

Plaintiffs respond to Defendants' April 29, 2021 motion to compel further responses to Defendants' First Common Interrogatory. Simply put, the undersigned counsel certified to this Court on April 19, 2021 that the responses were complete (ECF 172); *they were and remain so*.

Defendants received the answer to the interrogatory posed. Any Defendant who properly sought to meet and confer pursuant to Local Rule 37.3 would concede that fact in good faith. Defendants *failed* to comply with the Rule despite Plaintiffs' repeated invitations to confer.[1] Instead, Defendants filed a blunderbuss motion to compel based upon, *inter alia*, a request Defendants did *not* make (but to which Plaintiffs will provide a response anyway), an inquiry that rests upon information known to *Defendants* but not necessarily to Plaintiffs, and even speculation about Plaintiffs' "knowledge" concocted by mischaracterizing a *Newsday* article.

Plaintiffs' obligation to respond to Defendants' Interrogatory is a fair and forthright one: to "provide the best answer they can based upon information within their possession." *Trueman v. N.Y. State Canal Corp.*, No. 109-049, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010). There is no heightened requirement—as Defendants would prefer—"to provide all evidentiary proof or every shred of evidence" (*i.e.*, that which could later be discovered and which Defendants may hope could support third-party responsibility for disposal of the carcinogenic material that *Defendants* put in the stream of commerce without proper warnings). *Id*.; *Edebali v. Bankers Standard Ins. Co.*, No. 147095, 2016 WL 4621077, at *2 (E.D.N.Y. Sept. 6, 2016). A party must produce responses based on the information that it possesses, and Plaintiffs have done so here.

In addition to providing a narrative response, SCWA and numerous other Plaintiffs further responded with Bates numbers of documents containing information Defendants sought. It is Defendants who bear the burden of proving that Plaintiffs failed to respond to their Interrogatory, and they "must make a prima facie showing that the use of Fed. R. Civ. P. 33(d) ("FRCP 33(d)") is somehow inadequate." *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 148 (E.D.N.Y. 2008) (quoting Moore's Fed. Practice § 33.105). Defendants have wholly failed to do so.

[1] *See e.g.*, ECF 173, Ex. E (April 15, 2021 letter from Plaintiffs inviting Defendants to "confer telephonically" and referencing March 30, 2021 email from Plaintiffs to defense counsel, twice inviting conferral); ECF 173, Ex. F (April 16, 2021 letter from Hicksville Water District "stand[ing] ready to meet and confer"); ECF 173, Ex. G (April 16, 2021 letter from New York American Water "welcom[ing] the opportunity to discuss"); ECF 174, Ex. G (Dec. 14, 2020 letter from Plaintiffs reiterating that "As always, we are happy to continue to discuss any of the issues below."); ECF 174, Ex. F (Nov. 25, 2020 letter from Plaintiffs "encourag[ing] Defendants to find available time to talk").

The text of the Interrogatory at issue, conspicuously absent from the motion, is as follows:

> For each Supply Well you allege requires treatment to remove 1,4-dioxane, identify: (a) Each source You know to have contributed to the 1,4-dioxane in such Supply Well; or (b) If You do not know the source of the 1,4-dioxane in such Supply Well, each source You suspect to have contributed to the 1,4-dioxane in such Supply Well.
>
> *See* ECF 173, Ex. A.

As Defendants recognize, a "source" means that "the dioxane came from ***someone*** or someplace on Long Island" (ECF 173 at 2 (emphasis added)). Plaintiffs agree: 1,4-dioxane is not a naturally occurring chemical in groundwater, and Plaintiffs state that Defendants are the "***someone***" constituting the source of contamination in Plaintiffs' wells. ECF 173, Appx. B.

By contrast, Defendants' insinuations of Plaintiffs' "feigned uncertainty" concerning the "someplace" from which Defendants' 1,4-dioxane was released (*see* ECF 173 at 2) are pure projection and hypocrisy. Facts surrounding whether and when a specific user or discharger of Defendants' dioxane products released a product at issue are not now generally within Plaintiffs' "knowledge" or "suspicion." These facts are in the purview of third-party and expert discovery—and of course, within Defendants' own knowledge and access to information, since they manufactured and sold such products to their customers, whose identities *Defendants* know better than anyone. Nonetheless, where these facts may be within information possessed by Plaintiffs, Plaintiffs have so stated and produced documents (*e.g.*, engineering reports for dioxane treatment projects). *See* ECF 173, Ex. E. Defendants, like Plaintiffs, can take discovery concerning circumstances of release—and indeed, by virtue of their superior knowledge concerning their customers, have had a head start on informal inquiries of whatever owners of car washes, laundromats or septic systems they wish, concerning use and disposal of Defendants' carcinogenic products (to state the obvious, Plaintiffs are in the business of providing water, not tracking users of Defendants' products). But Defendants have not yet served a single Rule 45 subpoena for such information.

Defendants' implication that Plaintiffs are withholding information relating to a proposed agreement between SCWA and the Suffolk County District Attorney ("SCDA") to determine the "source" of groundwater contamination is similarly nonsensical. That agreement was only approved on April 29, is not even executed yet, and involves *prospective* "attempt[s] to identify the source" of contamination (ECF 173 at 2)—*in the future*, to the extent possible. The *Newsday* article on which Defendants rely explicitly states that SCWA "***will begin*** providing data identifying the source of contaminants" and "***will*** map the flow of groundwater to identify pollution sources" (emphasis added), *i.e.*, future tense. SCWA is withholding nothing here.

Defendants claim that they seek "factual information from the ordinary course of Plaintiffs' business" (ECF 173 at 2–3) while asking for pre-litigation investigation material and expert information. This "pre-litigation investigation" information request is absent from Defendants' single Interrogatory at issue, and Plaintiffs have repeatedly advised Defendants that source attribution is the subject of expert discovery, and any privileged pre-litigation investigation material regarding potential sources of dioxane will not be produced. However, where appropriate and not privileged, and without waiver, Plaintiffs have provided some of this information, as

Defendants concede. *See id.* at 3 ("Plaintiffs have provided some of this information for some wells").

Unable to dispute Plaintiffs' fulsome responses, Defendants attack the Federal Rules, arguing that citations to documents per Rule 33(d) are "deficient." ECF 173 at 3. Such challenges to responding to an interrogatory with specific Bates numbers are routinely rejected. *See e.g.*, *Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05-4837, 2006 WL 1517583, at *3 (S.D.N.Y. June 2, 2006) (plaintiff can answer an interrogatory by identifying Bates numbers); *Sadofsky*, 252 F.R.D. at 148 (finding invoices cited by Bates number provided sufficient interrogatory answers despite allegations they were "too voluminous" or unable to be "deciphered"). Defendants have made no showing that the identified documents here are an inadequate response at all.

The purported information that Defendants seek—such as point source contamination information for "*each* Supply Well"—simply does not exist in Plaintiffs' control at this time, or, as noted in Plaintiffs' Interrogatory responses, to the limited extent there is information, it is protected by applicable privileges and properly the subject of expert discovery. Discoverable information with regard to "source" contamination and possible sites *has* been produced and/or identified by Plaintiffs. (*See, e.g.*, engineering reports for dioxane treatment projects, Source Water Assessment & Protection ("SWAP") reports for all wells, and Toxics Targeting reports, EDR Radius Map reports, and other associated documents that depict potential point sources of contamination within well capture zones.) Likewise, Defendants' generalized references to certain NYCRR sections, implying more is outstanding, are misplaced.[2] Plaintiffs have complied with applicable regulations by sampling their wells for 1,4-dioxane, determining that Defendants are the sources of dioxane products, and seeking to hold Defendants accountable.

Remarkably, Defendants request that SCWA be "order[ed]" to identify the wells for which it seeks damages, even though Defendants have *never requested* such a list of wells at issue—in the subject Interrogatory or through other discovery. And Defendants ***have*** had *complete dioxane and related contamination detection data* since November of 2019 (which Plaintiffs will continue to supplement as periodic monitoring reports become available). That was provided in response to what Defendants *did* request for the fact sheets: the identity of all wells with any detection, at any time. As a courtesy, in a November 25, 2020 letter, Plaintiffs' counsel provided aggregate counts regarding Plaintiffs' wells with dioxane detections, based on the sampling information already produced. *See* ECF 174, Ex. F. Plaintiffs have repeatedly stated, consistent with the law, that every well that currently has or is at future risk of dioxane detections is at issue, and dioxane continues to spread throughout the aquifer. Although Plaintiffs have no formal (or informal) obligation to create a list (and Defendants could readily compile one from the specific information they have), SCWA will provide a list of the wells with detections.

Your Honor, Plaintiffs are not naïve. Defendants likely are dissatisfied with the Court's fair and reasonable scheduling order for SCWA's action, and dilatory tactics like the instant motion are to be expected. But that does not excuse them. Plaintiffs respectfully request the Court deny Defendants' motion to compel, and they otherwise reserve all of their rights.

---

[2] The New York MCL for dioxane was not adopted until August of 2020—years after filing this litigation. Plaintiffs determined that Defendants are sources of dioxane contamination and hired attorneys to further investigate; other than privileged documents and those subject to expert discovery, Plaintiffs have produced responsive documents.

Respectfully submitted,

*/s/ Scott Martin*
SCOTT MARTIN
smartin@hausfeld.com
JEANETTE BAYOUMI
jbayoumi@hausfeld.com
**HAUSFELD LLP**
33 Whitehall St., 14th Floor
New York, NY 10004
(646) 357-1100

RICHARD S. LEWIS
rlewis@hausfeld.com
YELENA W. DEWALD
ydewald@hausfeld.com
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
(202) 540-7200

KATIE R. BERAN
kberan@hausfeld.com
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 985-3270

*Attorneys for Plaintiff Suffolk County Water Authority*

*/s/ Matthew K. Edling*
Matthew K. Edling
MATTHEW K. EDLING
matt@sheredling.com
VICTOR M. SHER
vic@sheredling.com
STEPHANIE D. BIEHL
stephanie@sheredling.com
KATIE H. JONES
katie@sheredling.com
**SHER EDLING LLP**
100 Montgomery St. Suite 1410
San Francisco, CA 94104
(628) 231-2500

*Attorneys for Plaintiffs*[3]

[3] The Sher Edling firm represents all Plaintiffs in these related cases except Plaintiffs New York American Water

FRANK R. SCHIRRIPA
fschirripa@hrsclaw.com
MICHAEL A. ROSE
mr@hachroselaw.com
HILLARY M. NAPPI
hnappi@hrsclaw.com
**HACH ROSE SCHIRRIPA & CHEVERIE, LLP**
112 Madison Avenue - 10th Floor
New York, New York 10016
(212) 213-8311

J. NIXON DANIEL, III
jnd@beggslane.com
MARY JANE BASS
mjb@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, FL 32502
850-469-3306

T. ROE FRAZER, II
roe@frazer.law
THOMAS ROE FRAZER, III
trey@frazer.law
W. MATTHEW PETTIT
mpettit@frazer.law
**FRAZER PLC**
30 Burton Hills Blvd
Suite 450
Nashville, TN 37215
615-647-0987

*Attorneys for Plaintiff New York American Water Company, Inc.*

PAUL J. NAPOLI
pnapoli@nsprlaw.com
LILIA FACTOR
lfactor@napolilaw.com
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, NY 10017
(212) 397-1000
*Attorneys for Plaintiff Hicksville Water District*

---

(19-cv-2150) and Hicksville Water District (19-cv-5632).