
VIA ECF  
June 3, 2021

The Honorable Nina Gershon
  United States District Judge
The Honorable Roanne L. Mann
  United States Magistrate Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    Joint Status Report: *Suffolk County Water Authority v. The Dow Chemical Co. et al.*, No. 2:17-cv-6980-NG-RLM, and *Related Cases*

Dear Judge Gershon and Judge Mann:

On behalf of all 32 Parties in the referenced cases, we write to provide this joint status report pursuant to the Court's March 19, 2021 Case Scheduling Order. (ECF 171). Consistent with the status report provided to Judge Mann on May 27, 2021 (ECF 179), the Parties also provide an update on their ongoing discussions regarding Defendants' motions to compel (ECF 173, 174).

## I.    Party Document Discovery

As the Court is aware, the Parties have provided rolling productions of documents since November 2019. On March 19, 2021, the Court set a deadline for "Substantial Completion of Party Document Discovery (outstanding requests)" for March 31, 2012 (ECF 171). The Parties currently dispute the adequacy of some of those productions and are continuing to confer to resolve these issues, including those discussed before Judge Mann at the May 20 motion to compel hearing regarding certain categories of Plaintiffs' document productions.

The following describes the categories of Plaintiffs' documents that are still at issue, including updates from the Parties' May 27 status report and the continued efforts to resolve the remaining disputes.

**Emails**. Plaintiffs are still reviewing emails for production and privilege. Specifically, SCWA is reviewing a universe of approximately 200,000 potentially privileged emails. At present, Sher Edling, counsel for 24 other Plaintiffs, estimates that it has collected, or will collect, from these Plaintiffs approximately 100,000 emails and will review them for relevance and privilege. NYAW has approximately 29,000 potentially privileged documents, consisting of emails and their attachments, to review for relevance and privilege, and will by June 4 provide Defendants with a date for completion of the review and supplemental production of any non-privileged, responsive documents. Hicksville has over 11,600 emails to review from prior collections, and is in the process of making additional collections of emails and recent documents, which will need to be reviewed. Hicksville will make a rolling production beginning tomorrow, June 4. The remaining non-SCWA Plaintiffs are determining the amount of additional, non-duplicative emails that will
ATTORNEYS AT LAW

JOEL A. BLANCHET    PARTNER    DIRECT 716 847 7050    JBLANCHET@PHILLIPSLYTLE.COM
ONE CANALSIDE 125 MAIN STREET BUFFALO, NEW YORK 14203-2887 PHONE (716) 847-8400 FAX (716) 852-6100 | PHILLIPSLYTLE.COM
NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | WASHINGTON, DC | CANADA: WATERLOO REGION

be reviewed as part of the Plaintiffs' ongoing supplemental collections. Plaintiffs have made various proposals regarding the remaining production of emails to allow for sufficient time between completing these productions and the beginning of depositions for certain Plaintiffs.

The Parties are continuing their discussions about the overall review and potential production of emails at issue, including, potentially, email cutoff dates, the time it will take to review and produce the remaining volumes, and ways to possibly streamline this process. Plaintiffs have already committed substantial additional reviewer resources to expedite the completion of document production, and Defendants have committed to work with Plaintiffs where possible to streamline the processes and volumes remaining to be reviewed and produced. The Parties will have a follow-up meet-and-confer on these issues next week.

**SCWA's groundwater testing databases**. At the direction of Judge Mann, the Parties and their technical representatives have conferred twice since May 20 to determine whether and how SCWA's databases could be produced. Those discussions were productive. The Parties determined that SCWA is able to produce the relevant databases by remotely exporting them to a cloud-based server. SCWA has started this process, and after addressing certain technical challenges, has completed two of the three exports. The Parties expect that process to be concluded this week.

In addition, SCWA is searching for and has agreed to produce any technical documentation—to the extent it exists—related to its databases that Defendants' technical specialists requested. Assuming no substantial technical issues are encountered, the Parties expect production of these materials to be complete within the next week. The Parties have agreed to try to resolve any technical issues they may encounter in this process.

**Drinking water distribution models.** The Parties' technical specialists conferred to determine whether and how the Plaintiffs with distribution models can produce them to Defendants, and determined that doing so appears feasible. Plaintiffs SCWA, Carle Place, Jericho, Mineola, and Port Washington produced distribution modeling files on June 2. Barring any technical hurdles, the remaining Plaintiffs with distribution models in the possession of their third party consultant, H2M (Bethpage, Garden City Park, Hicksville, Huntington/Dix Hills, Manhasset-Lakeville, Plainview, Roslyn, South Farmingdale, and Western Nassau) intend to produce their distribution modeling files by tomorrow, June 4. H2M has advised Plaintiffs' counsel that this process is taking somewhat longer than expected and will provide further updates if necessary. NYAW, which uses modeling software that is different from the other Plaintiffs' software, has also agreed to produce its distribution modeling files, and expects to do so by June 11.

**Groundwater models.** Plaintiffs have provided Defendants with information sufficient for Defendants to determine whether the groundwater models at issue are either duplicative of materials previously produced by third-parties, or otherwise not of sufficient significance to pursue further. The Parties anticipate they can resolve any dispute over these issues by stipulation within the next week.

**Investigatory documents.** Subject to their ongoing privilege review and supplemental collections, Plaintiffs believe they have produced all non-privileged "investigatory" documents

relating to their investigation of dioxane in various wells. SCWA has agreed to run targeted searches for well radius reports that may be subject to privilege review and to prioritize those for productions. As before, SCWA has advised that it does not have historic "investigatory" documents pertaining to TCA. The other Plaintiffs will also prioritize production of any well radius reports that may be in the privilege queue to the extent there are any. Plaintiffs anticipate producing any such reports currently subject to privilege review by June 14. Plaintiffs have advised Defendants that they do not believe any other "investigatory" documents exist and are in the process of confirming this. Hicksville has advised Defendants that to the extent other "investigatory" documents exist, they are subject to ongoing privilege review and only non-privileged documents will be produced.

**Well files.** The 24 Plaintiffs other than SCWA that are represented by Sher Edling have agreed to produce digitized well permits and water supply applications pertaining to wells contaminated with dioxane that remain outstanding by June 14. The Parties are conferring on the timing of production of these documents that may exist only in hard copy.

SCWA has agreed to produce any outstanding digitized water supply applications and well permits by June 4. Following review of these documents, and to the extent Defendants still believe they need additional "well files" from SCWA, SCWA has agreed to determine what those "well files" might be and the potential volumes of those files.

NYAW believes it has produced the requested well information that is in its possession, custody and control, but has committed to review the production, search again for additional well file documents, and to supplement its production with any additional documents that are located by June 30.

Hicksville has committed to producing well permit documents in its possession by June 4, together with updated water quality and testing data, and historical pumpage reports. The Parties have also agreed to cooperate to prioritize the production of "well files," and to find other ways (*e.g.*, making original files available for Defendants' on-site review) to provide Defendants with access to the information they seek in a prompt manner if necessary.

**Well Lists.** Plaintiffs SCWA, Water Authority of Great Neck North, and South Farmingdale have each provided updated lists of wells with dioxane detections. The remaining Plaintiffs are confirming that the lists of affected wells they provided in their fact sheet responses remain accurate and will provide Defendants with any updates by June 9. NYAW has already provided Defendants with an update on affected wells based on the most recent sampling data and will be supplementing its document productions to provide information on the newly identified impacted wells. Plaintiffs have agreed to update those lists to the extent necessary. Hicksville has advised Defendants that its list of affected wells has not changed.

## II.  Third-Party Discovery

Collectively, the Parties have served a total of 50 document subpoenas or FOIA requests on third-parties, which has resulted in the production of approximately 190,000 third-party documents.

As part of this process, the Parties have spent considerable time conferring with the New York Department of Environmental Conservation and the Environmental Protection Agency. Defendants believe these agencies may have a large volume of documents relating to environmental remediation sites on Long Island and, in turn, information relating to Plaintiffs' wells at issue. While the Parties have worked cooperatively with these agencies over the last year, progress has been slow. The reasons these agencies have offered for their limited production include the volume of documents at issue, COVID-related constraints, and the agencies' competing priorities. These agencies have stated they will continue to produce responsive documents over the coming months. If necessary, the Court may be presented with a motion seeking to order speedier document productions from the agencies.

In addition to document subpoenas, Plaintiffs have served a third-party deposition subpoena on Pride Solvents & Chemical Co., Inc., which was a distributor of chemical products on Long Island and has historically bought and sold some of the products at issue to various customers over the years. By agreement of the Parties and Pride, and to avoid multiple depositions of the same parties, the deposition of Pride has been postponed until sometime in the first two weeks of August, following the deadline to add third-party defendants. Plaintiffs also have served third-party subpoenas seeking documents from numerous of Defendants' customers and other distributors. Defendants have not issued any such subpoenas.

### III.   Plaintiffs' Interrogatory Responses

Defendants believe that a dispute relating to their motion to compel still exists between Defendants and most of the Plaintiffs regarding responses to the two-part interrogatory Defendants served asking Plaintiffs to identify, for each well at issue, the known or suspected source of the dioxane contamination. NYAW has agreed to supplement its interrogatory response to include additional wells at issue and known or suspected sources of contamination. The remaining Plaintiffs have conveyed to Defendants that they have produced documents from which Defendants can identify potential (intermediary) sources as readily as Plaintiffs, and therefore, do not currently intend to amend their responses. Plaintiffs have reiterated that to the extent applicable, Plaintiffs will of course supplement their responses pursuant to the Federal Rules. Hicksville has agreed to reconsider whether it will amend its response and will advise Defendants of its decision by tomorrow, June 4. The Parties continue to engage in conversations to try to resolve this dispute without further involvement of the Court. If they are unable to do so, they will promptly seek the Court's intervention.

### IV. Plaintiff-Only Statement

The Defendants added the Defendant-Only Statement below 25 minutes before the filing deadline of this submission. The content below is not accurate. Plaintiffs have provided volumes of documents left for review, as indicated above, and have committed to identifying volumes of supplemental collections as they occur. Plaintiffs have proposed several methods to narrow the

volume of the documents left to review, and Defendants have not responded to their proposals. The Parties are continuing to confer regarding ways to streamline the volume of documents.[1]

### V. Defendant-Only Statement

Because Plaintiffs have refused to include the following facts in a joint submission, they are provided solely by Defendants.

Of the 4.5 million pages of documents Plaintiffs have produced in this case since November 2019, Plaintiffs produced approximately 4 million pages (almost 90%) between March 19, 2021 and the March 31, 2021 deadline for "Substantial Completion of Party Document Discovery (outstanding requests)" set by the Court (ECF 171).

Despite this document dump, Plaintiffs have admitted that their productions still remain incomplete. Defendants have asked Plaintiffs on many occasions to provide an estimate of the volume of emails, investigatory documents and well files Plaintiffs still need to collect, review or produce. Defendants have also asked Plaintiffs to estimate how long it will take Plaintiffs to complete this work. Plaintiffs (other than NYAW) have refused to provide this information.

\* \* \*

The Parties continue their efforts to resolve these issues. The Parties also have agreed to provide Judge Mann with a further brief update on the status of open issues on or before June 18, 2021.

The Parties are available to discuss the issues set forth above, or any other issues, at the Court's convenience.

Respectfully submitted,

| | |
|---|---|
| _/s/ Joel A. Blanchet_ | STEPHANIE D. BIEHL |
| JOEL ALAN BLANCHET | stephanie@sheredling.com |
| jblanchet@phillipslytle.com | MATTHEW K. EDLING |
| ANDREW P. DEVINE | matt@sheredling.com |
| adevine@phillipslytle.com | VICTOR M. SHER |
| **PHILLIPS LYTLE LLP** | vic@sheredling.com |
| One Canalside | KATIE H. JONES |
| 125 Main Street | katie@sheredling.com |
| Buffalo, NY 14203 | **SHER EDLING LLP** |
| (716) 847-7050 | 100 Montgomery St. Suite 1410 |
| | San Francisco, CA 94104 |
| KEVIN T. VAN WART | (628) 231-2500 |

---

[1] Defendants' last-minute edits adding the Defendant-Only Statement do not apply to all Plaintiffs, if it even applies to any.

| | |
|---|---|
| kevinvanwart@kirkland.com<br>NADER R. BOULOS<br>nboulos@kirkland.com<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000<br>*Attorneys for Defendant The Dow Chemical Company* | *Attorneys for Plaintiffs*[2]<br><br>SCOTT MARTIN<br>smartin@hausfeld.com<br>JEANETTE BAYOUMI<br>jbayoumi@hausfeld.com<br>**HAUSFELD LLP**<br>33 Whitehall St., 14th Floor<br>New York, NY 10004<br>(646) 357-1100<br><br>RICHARD S. LEWIS<br>rlewis@hausfeld.com |
| ROBB W. PATRYK<br>robb.patryk@hugheshubbard.com<br>FARANAK SHARON TABATABAI<br>fara.tabatabai@hugheshubbard.com<br>**HUGHES HUBBARD & REED LLP**<br>One Battery Park Plaza<br>New York, NY 10004<br>(212) 837-6000<br>*Attorneys for Defendant Ferro Corporation* | **HAUSFELD LLP**<br>1700 K Street, NW, Suite 650<br>Washington, DC 20006<br>(202) 540-7200<br><br>KATIE R. BERAN<br>kberan@hausfeld.com<br>**HAUSFELD LLP**<br>325 Chestnut Street, Suite 900 |
| STEPHEN C. DILLARD, *pro hac vice*<br>steve.dillard@nortonrosefulbright.com<br>**NORTON ROSE FULBRIGHT US LLP**<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010<br>(713) 651-5151 | Philadelphia, PA 19106<br>(215) 985-3270<br>*Attorneys for Plaintiff Suffolk County Water Authority*<br><br>FRANK R. SCHIRRIPA<br>fschirripa@hrsclaw.com<br>MICHAEL A. ROSE |
| FELICE B. GALANT<br>felice.galant@nortonrosefulbright.com<br>**NORTON ROSE FULBRIGHT US LLP**<br>1301 Avenue of the Americas<br>New York, NY 10019<br>(212) 318-3000<br>*Attorneys for Defendant Vulcan Materials Company* | mr@hachroselaw.com<br>HILLARY M. NAPPI<br>hnappi@hrsclaw.com<br>**HACH ROSE SCHIRRIPA & CHEVERIE, LLP**<br>112 Madison Avenue - 10th Floor<br>New York, New York 10016<br>(212) 213-8311 |
| MEGAN R. BRILLAULT<br>mbrillault@bdlaw.com<br>DANIEL M. KRAININ | J. NIXON DANIEL, III<br>jnd@beggslane.com<br>MARY JANE BASS |

---

[2] The Sher Edling firm represents all Plaintiffs in these related cases except Plaintiffs New York American Water (19-cv-2150) and Hicksville Water District (19-cv-5632).

dkrainin@bdlaw.com
PAULA J. SCHAUWECKER
pschauwecker@bdlaw.com
**BEVERIDGE & DIAMOND P.C.**
477 Madison Avenue
15th Floor
New York, NY 10022
212-702-5400
*Attorneys for Defendant Shell Oil Company*

DAVID J. LENDER
david.lender@weil.com
JED PAUL WINER
jed.winer@weil.com
**WEIL, GOTSHAL & MANGES, LLP**
767 Fifth Avenue
New York, NY 10153
212-310-8000

DIANE P. SULLIVAN
diane.sullivan@weil.com
**WEIL GOTSHAL & MANGES LLP**
17 Hulfish Street, Suite 201
Princeton, NJ 08542
609-986-1120
*Attorneys for Defendant The Procter & Gamble Company*

mjb@beggslane.com
**BEGGS & LANE, RLLP**
501 Commendencia Street
Pensacola, FL 32502
850-469-3306

T. ROE FRAZER, II
roe@frazer.law
THOMAS ROE FRAZER, III
trey@frazer.law
W. MATTHEW PETTIT
mpettit@frazer.law
**FRAZER PLC**
30 Burton Hills Blvd., Suite 450
Nashville, TN 37215
615-647-0987
*Attorneys for Plaintiff New York American Water Company, Inc.*

PAUL J. NAPOLI
pnapoli@nsprlaw.com
LILIA FACTOR
lfactor@napolilaw.com
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, NY 10017
(212) 397-1000
*Attorneys for Plaintiff Hicksville Water District*

cc: All Counsel of Record (by ECF)