# SHER EDLING LLP
*PROTECTING PEOPLE AND THE PLANET*

*Via ECF*  October 5, 2021

| | |
|---|---|
| The Honorable Nina Gershon | The Honorable Roanne L. Mann |
| United States District Judge | United States Magistrate Judge |
| United States District Court | United States District Court |
|   for the Eastern District of New York |   for the Eastern District of New York |
| 225 Cadman Plaza East | 225 Cadman Plaza East |
| Brooklyn, New York 11201 | Brooklyn, NY 11201 |

Re: **Motion to Sever and Stay Third-Party Contribution Claims.** *Suffolk County Water Authority v. The Dow Chemical Co. et al.*; No. 2:17-cv-6980-NG-RLM, and Related Cases

Dear Judges Gershon and Mann:

Pursuant to Federal Rules of Civil Procedure 1, 14(a), 21, and 42(b), Plaintiff Suffolk County Water Authority ("SCWA") and Plaintiffs in all related cases move this Court to sever and stay the contribution claims brought by The Dow Chemical Company ("Dow"), Vulcan Materials Company ("Vulcan"), and Ferro Corporation ("Ferro") (collectively, "Solvent Source Defendants") against 84 recently added third-party defendants in 17 of the 27 related cases.[1]

The third-party defendants range from towns and municipalities to commercial businesses and the United States government, and the only "substantive" allegation against them is an alleged *failure to abate the migration* of 1,4-dioxane from their properties to Plaintiffs' wells. *See, e.g.*, Defs.' Third-Party Compl. ("TPC"), Case No. 17-cv-6980, ECF No. 195, ¶¶ 66–67.[2] The third-party complaints do ***not*** allege that any of these 84 new parties contributed to the conduct that forms the basis of the Plaintiffs' lawsuits. They also do ***not*** allege that any of the 84 new parties present superseding or intervening causes that would cut off Dow, Vulcan, or Ferro's liability. The third-party complaints admit the claims are no more than an "if–then" proposition that only becomes relevant *after* Plaintiffs are successful against the Solvent Source Defendants. *See, e.g.*, TPC ¶¶ 68–70.

All of the contribution claims should be adjudicated following resolution of Plaintiffs' underlying claims. The third-party claims are distinct from and do not alter the Solvent Source Defendants' exposure to liability in the underlying litigation, such that they fairly can be severed. Indeed, Defendants' liability in these actions constitutes a *predicate* for imposing contribution liability against third-party defendants. Furthermore, because the contribution claims are unrelated and severable, they should be stayed to permit the Court's current schedule for fact and expert discovery to proceed without the substantial delay that necessarily would occur if 84 new parties were added to the current pretrial track.[3]

---

[1] Pursuant to Local Rule 37.3, Plaintiffs have conferred with the affected parties, including all third-party defendants that have appeared as of the date of this filing. *See* Ex. A. Solvent Source Defendants oppose this motion.

[2] The Third-Party Complaint excerpts herein are from the SCWA matter, 17-cv-6980, and are representative of the same allegations in the remaining 16 third-party complaints in the related cases.

[3] The Scheduling Order (ECF No. 171) sets a deadline of June 3, 2022 for completion of fact discovery in the SCWA action and requires completion of expert discovery in that lead case by December 2, 2022.

The Honorable Nina Gershon and The Honorable Roanne L. Mann
October 5, 2021
Page 2

### A. Relevant background

Nearly four years have passed since SCWA filed the first of these related actions, alleging, *inter alia*, that the Solvent Source Defendants manufactured, promoted, and/or sold 1,4-dioxane or products containing 1,4-dioxane—the chemical that now contaminates Plaintiffs' drinking water wells—and that these Defendants knew of 1,4-dioxane's toxicity and that 1,4-dioxane would reach groundwater. *See generally* Compl., ECF No. 1.

Ironically, none of the third-party complaints cite to or apparently rely upon any documents produced by the Plaintiffs, despite repeated suggestions throughout document discovery and positions taken in Defendants' motion to compel document discovery that such documents were needed to identify potential third-party defendants. *See, e.g.*, Exs. B and C. The contribution claims are based on public documents available to these Defendants since day one.

### B. The Court should sever and stay the third-party contribution claims.

When deciding a motion to sever pursuant to Federal Rules of Civil Procedure 14(a), 21, or 42(b), courts in the Second Circuit weigh the following five factors:

(1) Whether the claims arise out of the same transaction or occurrence;
(2) Whether the claims present some common questions of law or fact;
(3) Whether settlement of the claims or judicial economy would be facilitated;
(4) Whether prejudice would be avoided if severance were granted; and
(5) Whether different witnesses and documentary proof are required for the claims.

*Mosca v. City of New York*, 2019 WL 5592855, at *2 (E.D.N.Y. Oct. 30, 2019); *Colonomos v. Ritz-Carlton Hotel Co.*, 2002 WL 732113, at *5 & *5 n.10 (S.D.N.Y. Apr. 25, 2002). The Court may exercise this right, in its broad discretion, "[f]or convenience, to avoid prejudice, or to expedite and economize." *Gusinski v. Genger*, 2010 WL 4877841, at *4 (S.D.N.Y. Nov. 30, 2010). Although this Court need only find *one* of these factors met, *id.*, **all five** weigh in favor of granting severance of and staying the contribution claims until the resolution of Plaintiffs' claims.

**1. The contribution claims do not arise out of the same transaction or occurrence.** Plaintiffs' claims are about public wells contaminated as a direct result of the Solvent Source Defendants' manufacture, sale, and promotion of 1,4-dioxane and/or industrial solvents containing 1,4-dioxane. There are two types of parties involved in the underlying actions—water providers (plaintiffs) and manufacturers (defendants). In contrast, the third-party contribution claims are directed at several types of entities, including municipalities and commercial businesses, and focus on abatement actions that they took (or did not take) on their own properties decades after the products were used. *See* TPC ¶ 66. Accordingly, severance is appropriate because these two types of claims arise out of separate conduct by separate actors, and implicate different parties, relationships, and evidence. *See Gusinski*, 2010 WL 4877841, at *5 (severance appropriate "[b]ecause the third-party claims involve different actors and refer to different transactions"); *In re Merrill Lynch & Co., Ins. Research Reports Sec. Litig.*, 214 F.R.D. 152, 156 (S.D.N.Y. 2003) (severance appropriate where "[t]here are two sets of defendants and two sets of claims").

**2. The contribution claims do not present common questions of law or fact.** The factual and legal questions in the third-party actions are limited to whether the third-party defendants were under a duty to abate, whether they did abate, and the extent to which they should contribute to the Solvent Source Defendants' determined liabilities as a consequence of any *non-abatement*. These



The Honorable Nina Gershon and The Honorable Roanne L. Mann
October 5, 2021
Page 3

are entirely distinct from Plaintiffs' claims, which require the finder of fact to determine whether *the Solvent Source Defendants* knew or should have known of the toxicity of 1,4-dioxane; whether *the Solvent Source Defendants* failed to warn users of the dangers of 1,4-dioxane; whether *the Solvent Source Defendants* failed to use an alternative design for their products when they did discover the toxicity of 1,4-dioxane; and whether *the Solvent Source Defendants'* products contaminated Plaintiffs' water supplies. *See, e.g.*, *T.S.I. 27, Inc. v. Berman Enter., Inc.*, 115 F.R.D. 252, 254 (S.D.N.Y. 1987) (granting motion to sever; counterclaims severable when based "on an entirely different factual situation from that underlying plaintiff's claim for payment").

**3. Severance will facilitate judicial economy.** Seeking discovery from these 84 different entities—and incorporating the availability of counsel for 84 third parties into deposition scheduling for the underlying lawsuits—would unduly delay this litigation and the progress of Plaintiffs' separate claims. *See Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 237 F.R.D. 679, 682–84 (N.D. Okla. 2006) (granting motion to sever and stay claims against 160 third-party defendants in a water pollution case in order to serve judicial efficiency because third-party claims "complicate" and "transform" action); *Gusinski*, 2010 WL 4877841, at *5 (severance "avoid[s] the specter of exceedingly expensive and lengthy" discovery against third parties "whose acts cannot offset the determination of whether *defendant* [] is liable to plaintiff"); *see also In re Merrill Lynch*, 214 F.R.D. at 157 ("Discovery burdens and associated expenses would operate expansively absent a severance. . . ."). Moreover, the Solvent Source Defendants' liability in this case is not "derivative of the conduct and liability" of another, but rather is "a predicate for the imposition of liability" against the third-party defendants. *Gusinski*, 2010 WL 4877841, at *6. Under such circumstances, severance is appropriate "where litigation of one issue may obviate the need to try another issue." *Id*. (quoting *Vichare v. AMBAC, Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)).

**4. Severance is necessary to avoid prejudice to Plaintiffs.** In light of the public health issues underlying these cases, additional delay in resolving Plaintiffs' claims increases public investment and taxpayer dollars required to fund treatment systems, increasingly burdening the public and prejudicing Plaintiffs. Subjecting Plaintiffs to the expense and delay of discovery of 84 additional parties would be "wasteful and unfair." *Id.* Navigating and coordinating party depositions and discovery among more than 100 parties (including Plaintiffs, Defendants, and third parties) would paralyze the progression of the cases.

**5. The contribution claims require different witnesses and documentary proof.** Finally, the third-party claims are not reliant upon the same evidentiary proof or the same witnesses as the underlying actions. *See Deajass Med. Imaging, P.C. v. Travelers Indem. Co.*, 222 F.R.D. 563, 564 (S.D.N.Y. 2004) (granting severance for claims relying on different evidence than the underlying action). The question in Plaintiffs' cases is whether Defendants' manufacturing and sale of 1,4-dioxane or products containing 1,4-dioxane resulted in the contamination of Plaintiffs' wells. The main witnesses will be Plaintiffs and Defendants, with a few third-party manufacturers, distributors, and/or organizations *not* named by the Solvent Source Defendants. By contrast, the third-party complaints will require all 84 third parties to appear as witnesses and provide documentary evidence in their possession related to potential contamination of 1,4-dioxane on their property. *See Gusinski*, 2010 WL 4877841, at *6.

For the foregoing reasons, Plaintiffs respectfully move this Court to sever and stay the Solvent Source Defendants' third-party contribution claims.



SHER EDLING LLP
PROTECTING PEOPLE AND THE PLANET

The Honorable Nina Gershon and The Honorable Roanne L. Mann
October 5, 2021
Page 4

Respectfully submitted,

*/s/ Matthew K. Edling*
MATTHEW K. EDLING
matt@sheredling.com
VICTOR M. SHER
vic@sheredling.com
STEPHANIE D. BIEHL
stephanie@sheredling.com
KATIE H. JONES
katie@sheredling.com
SHER EDLING LLP
100 Montgomery St. Suite 1410
San Francisco, CA 94104
(628) 231-2500

*Attorneys for Plaintiffs*[4]

SCOTT MARTIN
smartin@hausfeld.com
JEANETTE BAYOUMI
jbayoumi@hausfeld.com
**HAUSFELD LLP**
33 Whitehall St., 14th Floor
New York, NY 10004
(646) 357-1100

RICHARD S. LEWIS
rlewis@hausfeld.com
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
(202) 540-7200

JAMES GOTZ
jgotz@hausfeld.com
TAMARA FREILICH
tfreilich@hausfeld.com
**HAUSFELD LLP**
One Marina Park Dr. Suite 1410
Boston, MA 02210

*Attorneys for Plaintiff Suffolk County Water Authority*

FRANK R. SCHIRRIPA
fschirripa@hrsclaw.com
MICHAEL A. ROSE

---

[4] The Sher Edling firm represents all Plaintiffs in these related cases except Plaintiffs New York American Water (19-cv-2150) and Hicksville Water District (19-cv-5632).



The Honorable Nina Gershon and The Honorable Roanne L. Mann
October 5, 2021
Page 5

    mr@hachroselaw.com
    HILLARY M. NAPPI
    hnappi@hrsclaw.com
    **HACH ROSE SCHIRRIPA & CHEVERIE, LLP**
    112 Madison Avenue - 10th Floor
    New York, New York 10016
    (212) 213-8311

    J. NIXON DANIEL, III
    jnd@beggslane.com
    MARY JANE BASS
    mjb@beggslane.com
    **BEGGS & LANE, RLLP**
    501 Commendencia Street
    Pensacola, FL 32502
    850-469-3306

    T. ROE FRAZER, II
    roe@frazer.law
    THOMAS ROE FRAZER, III
    trey@frazer.law
    W. MATTHEW PETTIT
    mpettit@frazer.law
    **FRAZER PLC**
    30 Burton Hills Blvd
    Suite 450
    Nashville, TN 37215
    615-647-0987

    *Attorneys for Plaintiff New York American Water Company, Inc.*

    PAUL J. NAPOLI
    pnapoli@nsprlaw.com
    LILIA FACTOR
    lfactor@napolilaw.com
    **NAPOLI SHKOLNIK PLLC**
    360 Lexington Avenue, 11th Floor
    New York, NY 10017
    (212) 397-1000

    *Attorneys for Plaintiff Hicksville Water District*

cc: All Counsel of Record via ECF

