UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
SUFFOLK COUNTY WATER AUTHORITY,

                    Plaintiff,                                MEMORANDUM
                                                                 AND ORDER

        -against-                                   17-CV-6980 (NG)(RLM)

THE DOW CHEMICAL COMPANY, FERRO
CORPORATION, and VULCAN MATERIALS
COMPANY,

                    Defendants.
-------------------------------------------------------------------------------x
AND RELATED CASES:
2:18-cv-07266 (NG); 2:18-cv-07272 (NG); 2:18-cv-07279 (NG);
2:18-cv-07281 (NG); 2:19-cv-01351 (NG); 2:18-cv-07269 (NG);
2:19-cv-01404 (NG); 2:18-cv-07271 (NG); 2:18-cv-07278 (NG);
2:19-cv-01348 (NG); 2:19-cv-00085 (NG); 2:18-cv-07282 (NG);
2:19-cv-02490 (NG); 2:19-cv-02990 (NG); 2:19-cv-02973 (NG);
2:19-cv-02974 (NG); 2:19-cv-02975 (NG); 2:19-cv-03059 (NG);
2:19-cv-03197 (NG); 2:18-cv-07277 (NG); 2:19-cv-02150 (NG);
2:19-cv-03570 (NG); 2:19-cv-02986 (NG); 2:19-cv-05632 (NG);
2:19-cv-05775 (NG); 2:19-cv-05825 (NG)
-------------------------------------------------------------------------------x

        Citing Rules 1, 14(a)(4), 21 and 42(b) of the Federal Rules of Civil Procedure, all plaintiffs in these 27 related actions move to sever and stay the third-party contribution claims brought by the defendants - the Dow Chemical Company, Vulcan Materials Company and Ferro Corporation - against 84 entities, businesses, governments and individuals in 17 of the cases. See, e.g., Letter Motion to Sever and Stay Third Party Contribution Claims (Oct. 5, 2021), DE #232; Reply in Support (Oct. 20, 2021), DE #241.[1] The third-party claims are limited to a single legal theory, i.e., that the third-party defendants have a common law duty to abate the presence and migration of 1,4-dioxane contamination on their properties. See, e.g.,

---

[1] Citations to docket entries correspond to the lead docket 17-cv-6980, unless otherwise noted.

Third Party Complaint (Aug. 30, 2021), DE #195. All third-party defendants have either expressly consented to a severance, see, e.g., Response to Motion (Oct. 6, 2021), DE #233; Response to Motion (Oct. 13, 2021), DE #238; Reply in Support (Oct. 20, 2021), DE #242; Response to Motion (Oct. 13, 2021), DE #120 in 19cv5775, or have implicitly acquiesced in plaintiff's motion, which defendants oppose, see, e.g., Response in Opposition (Oct. 13, 2021), DE #237; Reply to Response to Motion (Oct. 20, 2021), DE #240.

"The decision whether to grant a severance is committed to the sound discretion of the trial court." State of N.Y. v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir. 1988). In exercising its discretion, this Court has considered all of the various factors that inform the decision of whether or not to sever the third-party claims. See, e.g., Mosca v. City of New York, 17-CV-4327 (SJF)(SIL), 2019 WL 5592855, at *2 (E.D.N.Y. Oct. 30, 2019). The plaintiffs' claims seek damages arising out of the manufacture, promotion, distribution and sales of 1,4-dioxane and/or industrial solvents containing 1,4-dioxane. See, e.g., Complaint (Nov. 30, 2017), DE #1. Those claims implicate issues as to the defendants' knowledge and failure to warn of the dangers of 1,4-dioxane. It is thus clear that the plaintiffs' claims are different from the defendants' third-party claims for contribution, which do not turn on such issues but rather concern entirely separate acts or omissions on the part of the third-party defendants. Put simply, the plaintiffs' claims and third-party claims do not arise out of the same transaction or occurrence and do not present common questions of law. Nor, except in the most limited way, can it be said that the respective claims present common issues of fact for discovery or trial. Insofar as a severance may result in some duplication of discovery, that

potential inefficiency is far outweighed by the massive judicial efficiency and saving of the parties' resources that will be achieved by severing the contribution claims against 84 third-party defendants.  See generally Oklahoma ex rel. Edmondson v. Tyson Food, Inc., 237 F.R.D. 679 (N.D. Okla. 2006).

    Accordingly, the plaintiffs' motion is granted and the third-party claims are severed and stayed until resolution of the plaintiffs' claims, or until further order of the Court.

    **SO ORDERED.**

**Dated:**    Brooklyn, New York
            October 22, 2021

/s *Nina Gershon*
**NINA GERSHON**
**UNITED STATES DISTRICT JUDGE**

/s *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**