UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUFFOLK COUNTY WATER AUTHORITY,

                   Plaintiff,

       v.

THE DOW CHEMICAL COMPANY, FERRO
CORPORATION, VULCAN MATERIALS
COMPANY, PROCTER & GAMBLE COMPANY,
SHELL OIL COMPANY, individually and
doing business as SHELL CHEMICAL LP,

                   Defendants.
------------------------------------------------------------------X
THE DOW CHEMICAL COMPANY, FERRO
CORPORATION and VULCAN MATERIALS
COMPANY,

                 Third-Party Plaintiffs,

       v.

120 MARCUS REALTY LLC, 5 CUBA HILL
OWNER LLC, 550 LIBERTY PLAZA LLC,
AIRPORT PLAZA, LLC, ANTHONY ANTONIOU,
ANWAR CHITAYAT AS TRUSTEE OF THE
ANWAR CHITAYAT ENVIRONMENTAL TRUST,
CRESCENT GROUP REALTY INC., EMPIRE
PROPERTIES LI LLC, FED 717-725 LLC,
FGG REALTY ASSOCIATES, LLC,
GSM 717-725 LLC, ICA 717-725 LLC, MAKO
PROPERTIES, LLC, OMEGA MELVILLE LLC,
ONE ADAMS OWNER LLC, SAF 717-725 LLC,
STEEL FOREST, LLC, THE SUFFOLK COUNTY
LANDBANK CORPORATION, TOWN OF
BABYLON, and TOWN OF ISLIP,

                 Third-Party Defendants.
------------------------------------------------------------------X

Case No.: 2:17-cv-06980-NG-RLM

**ANSWER TO THIRD-PARTY COMPLAINT**

The third-party defendant, ANTHONY ANTONIOU, by his attorneys, AHMUTY, DEMERS & McMANUS, as and for his answer to the defendants/third-party plaintiffs' third-party complaint, alleges upon information and belief:

## AS AND FOR AN ANSWER TO PARTIES

1: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "1", "2", "3", "4", "5", "6", "7", "8", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20" and "21" of the third-party complaint and refers all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO JURISDICTION AND VENUE

2: Denies upon information and belief each and every allegation contained in paragraphs designated "22" and "23" of the third-party complaint and refers all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO CONTRIBUTION CLAIM

3: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "24 and "25" of the third-party complaint and begs leave to refer to all pleadings at the time of trial and refers all questions of law to this Honorable Court.

4: Denies upon information and belief each and every allegation contained in paragraphs designated "26", "27", "28", "29", "64", "66", "67", "68", "69" and "70" of the third-party complaint as to this answering third-party defendant, otherwise denies having knowledge or information sufficient to form a belief as to each and every allegation and refers all questions of law to this Honorable Court.

5: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63" and "65" of the third-party complaint and refers all questions of law to this Honorable Court.

6: Denies upon information and belief each and every allegation contained in paragraphs designated ""40", "41" and "71" of the third-party complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7: That the complaint fails to state a valid cause of action as against the third-party defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8: If any damages are recoverable against said third-party defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiffs have or shall receive from such collateral source.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9: That the third-party defendant acted at all times in good faith.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10: Pursuant to CPLR 1603, this answering third-party defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11: Plaintiff's claims are barred by the Doctrine of Laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12: That the plaintiff assumed the risk related to activity causing the damages sustained.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13: That the causes of action herein are barred by the applicable Statutes of Limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14: The plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15: That the damages alleged to have been sustained by the plaintiff was caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of the answering third-party defendant and the answering third-party defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiffs in the proportion which the culpable conduct, attributable to the plaintiffs, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16: That the causes of action herein are barred pursuant to the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17: That the third-party plaintiffs have failed to join a necessary party pursuant to CPLR 1001.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18:   That there is no privity between the plaintiff and the answering third-party defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19:   This answering third-party defendant is pleading set off, partial payment and release for any and all monies received by plaintiffs with respect to the damages alleged.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20:   Third-party plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21:   Third-party plaintiffs' claims are barred by the doctrine of waiver.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22:   Third-party defendant, ANTHONY ANTONIOU, hereby incorporated by reference any and all potentially applicable affirmative defenses asserted by other defendants.

## AS AND FOR A COUNTERCLAIM OVER AND AGAINST THE THIRD-PARTY PLAINTIFFS, THE DOW CHEMICAL COMPANY, FERRO CORPORATION, and VULCAN MATERIALS COMPANY, THIS THIRD-PARTY DEFENDANT, ANTHONY ANTONIOU, ALLEGES UPON INFORMATION AND BELIEF:

23.   That if the plaintiff, SUFFOLK COUNTY WATER AUTHORITY, were caused to sustain resulting damages at the time and place set forth in the plaintiff's complaint and in the manner alleged therein, through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than of the plaintiff, then the said damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence

and breaches of duty and/or obligation and/or Statute and/or Warranty and/or contract in fact or implied in law, upon the part of the, third-party plaintiffs, THE DOW CHEMICAL COMPANY, FERRO CORPORATION, and VULCAN MATERIALS COMPANY, with indemnification and save harmless agreement and/or responsibility by it in fact and/or implied in law and without any breaches or any negligence of the answering third-party defendant contributing thereto; and if the answering third-party defendant is found liable as to the plaintiff, for the damages as set forth in the plaintiff's verified complaint, then, and in that event, the relative responsibilities of said parties in fairness must be apportioned by a separate determination in view of the existing factual disparity, and the third-party plaintiffs, THE DOW CHEMICAL COMPANY, FERRO CORPORATION, and VULCAN MATERIALS COMPANY, herein will be liable over jointly and severally to the answering third-party defendant and bound to fully indemnify and hold the answering third-party defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the answering third-party defendant in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this counterclaim.

<strong>AS AND FOR A CROSS COMPLAINT OVER AND AGAINST THE DEFENDANTS/CO-THIRD-PARTY DEFENDANTS, PROCTER & GAMBLE COMPANY, SHELL OIL COMPANY, individually and doing business as SHELL CHEMICAL LP, 120 MARCUS REALTY LLC, 5 CUBA HILL OWNER LLC, 550 LIBERTY PLAZA LLC, AIRPORT PLAZA, LLC, ANWAR CHITAYAT AS TRUSTEE OF THE ANWAR CHITAYAT ENVIRONMENTAL TRUST, CRESCENT GROUP REALTY INC., EMPIRE PROPERTIES LI LLC, FED 717-725 LLC, FGG REALTY ASSOCIATES, LLC, GSM 717-725 LLC, ICA 717-725 LLC, MAKO PROPERTIES, LLC, OMEGA MELVILLE LLC, ONE ADAMS OWNER LLC, SAF 717-725 LLC, STEEL FOREST, LLC, THE SUFFOLK COUNTY LANDBANK CORPORATION, TOWN OF BABYLON, and TOWN OF ISLIP, THIS THIRD-PARTY DEFENDANT, ANTHONY ANTONIOU, ALLEGES UPON INFORMATION AND BELIEF:</strong>

24: That if the plaintiff, SUFFOLK COUNTY WATER AUTHORITY, was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's complaint and in the manner alleged therein, through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than of the plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or Statute and/or Warranty and/or contract in fact or implied in law, upon the part of the defendant/co-third-party defendants, with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law and without any breaches or any negligence of the answering third-party defendant contributing thereto; and if the answering third-party defendant is found liable as to the plaintiff for the injuries and damages as set forth in the plaintiff's complaint, then, and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination in view of the existing factual disparity, and the said co-defendants herein will be liable over jointly and severally to the answering third-party defendant and bound to fully indemnify and hold the answering third-party defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the answering third-party defendant in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross complaint.

WHEREFORE, the third-party defendant, ANTHONY ANTONIOU, demands judgment dismissing the plaintiff's complaint on the merits; and if the plaintiff, SUFFOLK COUNTY WATER AUTHORITY, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident and damages, and further demands, judgment dismissing the third-party plaintiffs' complaint on the merits; and if the, third-party plaintiffs, are found to have contributed to the accident or damages, that any damages be reduced in proportion to which the third-party plaintiffs may be found to have so contributed to the accident or damages and further demands judgment over and against the third-party plaintiffs on the counterclaim, for the amount of any judgment obtained against the answering third party defendant by plaintiff or any other party or on the basis of the apportionment of responsibility and further demands judgment over and against the defendants/co-third-party defendants on the cross claim, for the amount of any judgment obtained against the answering third-party defendant by plaintiff or any other party or on the basis of the apportionment of responsibility in such amounts as a jury or Court may direct together with the costs, disbursements and expenses of this action including attorney's fees

Dated:   Albertson, New York
         November 4, 2021

_____
FREDERICK SOLLER (FS-7182)
AHMUTY, DEMERS & McMANUS
Attorneys for Third-Party Defendant
ANTHONY ANTONIOU
200 I.U. Willets Road
Albertson, NY 11507
(516) 535-1845
 E-Mail: Frederick.Soller@admlaw.com
File No.: MS2 072521 FS

STATE OF NEW YORK)
: SS.:
COUNTY OF NASSAU )

FREDERICK SOLLER, ESQ., being duly sworn, deposes and says:

That the undersigned is **a member** of the law firm of AHMUTY, DEMERS & McMANUS, the attorneys for third-party defendant, ANTHONY ANTONIOU, in the above entitled action; that the undersigned has read and knows the contents of the foregoing ANSWER TO THIRD-PARTY COMPLAINT and that same is true to the undersigned's own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters the undersigned believes it to be true.

Deponent further says that the grounds for the undersigned's belief as to all matters therein stated upon information and belief are statements made to the undersigned by the defendant, and papers and documents received by deponent from the third-party defendant or his representatives and which are now in the undersigned's possession.

Deponent further says that the reason why this verification is made by deponent and not by the answering third-party defendant is that the answering third-party defendant is not within Nassau County were deponent has his offices.

_____
FREDERICK SOLLER (FS-7182)

Sworn To Before Me This
4th day of November, 2021

_____
NOTARY PUBLIC, N.Y.S.

RHONDA J HERBERT
Notary Public, State of New York
No. 01HE4809529
Qualified in Nassau County
My Commission Expires June 30, 20 22