**Phillips Lytle LLP**

**Via ECF**                                                         March 17, 2022
Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Suffolk County Water Authority v. The Dow Chemical Company, et al.*
        Civil Action No. 2:17-cv-6980 and all *Related Cases*

Dear Magistrate Judge Mann:

Pursuant to Fed. R. Civ. P. 37 and 45, Local Rule 37.3, and the Court's Individual Rules,
Defendants The Dow Chemical Company, Ferro Corporation, Legacy Vulcan, LLC (formerly
known as Vulcan Materials Company), and Plaintiff Suffolk County Water Authority
(collectively, the Parties) respectfully request that the Court resolve a confidentiality issue the
New York State Department of Environmental Conservation (DEC) has raised so that it can
promptly produce data it has otherwise indicated it has no objection to producing.  The Parties'
jointly-issued subpoena that covers the data sought is attached as Ex. A.[1]

The data at issue are the results of groundwater testing DEC conducted at various public and
private wells on Long Island.  Subpoena Req. Nos. 1, 3.  The Parties have narrowed this request
to groundwater sampling results for 1,4-dioxane and just four other contaminants (TCA, DCE,
DCA, and TCE).  The subpoena also seeks documents concerning environmental cleanup sites
on Long Island.  *Id.* Req. No. 15.

Regarding the sampling data, DEC represented it has a policy that precludes it from producing
test results of groundwater it collected from private wells because that data could reveal the

---

[1] Plaintiff Suffolk County Water Authority joins this motion as it issued the subpoena for the information subject to
this motion with Defendants. As detailed in this motion, SCWA agrees with Defendants the data at issue should be
produced. Without seeing the information itself, SCWA takes no position on whether the information does in fact
need to be protected from public disclosure but maintains that the Protective Order in this case contemplates and
resolves the concern DEC has regarding production of the information.  The Parties reserve all rights related to
information DEC has yet to produce in response to the subpoena, including documents not currently at issue in this
motion, and the Parties maintain their respective positions and rights regarding whether the DEC's production
timelines should (or should not) affect any discovery deadlines in this case.

ATTORNEYS AT LAW

JOEL A. BLANCHET   PARTNER   DIRECT 716 847 7050   JBLANCHET@PHILLIPSLYTLE.COM

ONE CANALSIDE 125 MAIN STREET BUFFALO, NEW YORK 14203-2887 PHONE (716) 847-8400 FAX (716) 852-6100 | PHILLIPSLYTLE.COM
NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | WASHINGTON, DC | CANADA: WATERLOO REGION



Magistrate Judge Roanne L. Mann                                    March 17, 2022
Page 2

location of a private well/residence. DEC also stated it maintains the 1,4-dioxane testing data in a database that cannot separate public well data from private well data. Finally, it contends the Protective Order (ECF 125) the Court entered at the start of this case does not sufficiently address DEC's confidentiality concerns.

Despite repeated requests, DEC has never provided the Parties with a satisfying explanation of its confidentiality concerns, or why the existing Protective Order does not protect its interests. The Protective Order provides for confidential designation of this exact type of information— data that producing parties believe should be protected from the public's access. To protect the data from public disclosure, DEC simply needs to mark the production or data export "confidential." The Parties have repeatedly advised DEC that although they do not agree that the data is in fact confidential, the Parties are willing to accept the data with an initial "confidential" designation by DEC.

Nevertheless, the Parties' primary objective is to receive the data promptly so they can continue to press forward with discovery in these cases. To achieve that, the Parties have discussed with DEC proposals to address its concerns, including changes to the Protective Order, and entering into a standalone confidentiality agreement. (DEC's last proposed Confidentiality Agreement is attached as Ex. B). These discussions have been unsuccessful. For reasons the Parties explained to DEC, and DEC offered no disagreement with, this Motion became the best option to resolve this issue in a prompt manner. *See* Blanchet-Bower E-mail Chain, Ex. C.

For these reasons, the Parties respectfully request that the Court issue an order compelling DEC to promptly produce, in a usable format that is acceptable to the Parties, any data, test results, and associated information (e.g., dates and locations of the samples tested) in its possession, custody or control, related to the presence of 1,4-dioxane, TCA, DCE, DCA, and TCE in the environment. To the extent the Court deems it necessary, the Parties respectfully request the Court include in its order whatever extra confidentiality protection, if any, the data at issue merits.

Respectfully submitted,

Phillips Lytle LLP


By: /s/ Joel A. Blanchet

Joel A. Blanchet



Magistrate Judge Roanne L. Mann                                    March 17, 2022
Page 3


cc:     All Counsel of Record (via ECF)
        Caryn Bower, Esq., New York State Department of Environmental Conservation
        (Via Email and Process Server)