UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
SUFFOLK COUNTY WATER AUTHORITY,

                              Plaintiff,                    **MEMORANDUM &**
                                                                     **ORDER**

      -against-                                      17-CV-6980 (NG)

THE DOW CHEMICAL COMPANY, et al.,

                              Defendants.
---------------------------------------------------------------------------x
AND RELATED CASES:
2:18-cv-07266 (NG); 2:18-cv-07272 (NG); 2:18-cv-07279 (NG);
2:18-cv-07281 (NG); 2:19-cv-01351 (NG); 2:18-cv-07269 (NG);
2:19-cv-01404 (NG); 2:18-cv-07271 (NG); 2:18-cv-07278 (NG);
2:19-cv-01348 (NG); 2:19-cv-00085 (NG); 2:18-cv-07282 (NG);
2:19-cv-02490 (NG); 2:19-cv-02990 (NG); 2:19-cv-02973 (NG);
2:19-cv-02974 (NG); 2:19-cv-02975 (NG); 2:19-cv-03059 (NG);
2:19-cv-03197 (NG); 2:18-cv-07277 (NG); 2:19-cv-02150 (NG);
2:19-cv-03570 (NG); 2:19-cv-02986 (NG); 2:19-cv-05632 (NG);
2:19-cv-05775 (NG); 2:19-cv-05825 (NG)
---------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In a letter-motion filed on March 17, 2022, as docket entry ("DE") #275 in the first-filed of these related cases, Suffolk County Water Authority v. The Dow Chemical Co._, et al._, 17cv6980 (NG)(RLM), defendants The Dow Chemical Company, Ferro Corporation, Legacy Vulcan LLC and plaintiff Suffolk County Water Authority (the "parties") jointly request that the Court resolve a dispute with non-party New York State Department of Environmental Conservation ("DEC"); the dispute relates to the disclosure of materials pursuant to a subpoena served jointly by the parties on the DEC, seeking the results of groundwater testing conducted by the DEC at various public and private wells on Long Island. See Joint Motion to Compel Non-Party New York State Department of Environmental Conservation to Produce Long Island

Sampling Data Pursuant to Subpoena (Mar. 17, 2022), DE #275. According to the DEC, it has "requested certain enhancements to the existing Protective Order to protect personal privacy and critical infrastructure security concerns[.]" Response to Motion (Mar. 25, 2022) ("DEC Resp.") at 1, DE #280. The DEC therefore cross-moves for modification of the Protective Order in the form it has proposed, see id. at 5 & DE #280-1, over the parties' objection, see Reply to Response to Motion (Mar. 30, 2022) ("Parties' Reply"), DE #281.

## DISCUSSION

In the Second Circuit, there is a strict standard that must be met in order for a third-party to secure modification of a protective order. "It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied. Once a court enters a protective order and the parties rely on that order, it cannot be modified absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." AT & T Corp. v. Sprint Corp., 407 F.3d 560, 562 (2d Cir. 2005) (internal quotation marks and citations omitted); see Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979). Modifying a protective order is a matter left to the "sound discretion of the trial court." In re "Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 147 (2d Cir. 1987).

The Protective Order in this action was crafted by the parties and approved by the Court in order to limit the dissemination of confidential, proprietary, or sensitive information. See So-Ordered Protective Order (July 29, 2019) ("Protective Order"), DE #125 at ECF p. 19. Contrary to the DEC's suggestion, see DEC Resp. at 3, the Protective Order and the safeguards it contemplates expressly apply to third-party discovery. See id. ¶ 18 (a non-party "is entitled to

2

avail itself of the provisions and protections of this Protective Order").[1]  Indeed, the parties and numerous non-parties have relied on the Protective Order in connection with more than 100 document subpoenas in this case.  See Parties' Reply at 2.  The DEC fails to identify an extraordinary circumstance or a compelling need to justify modification of the Protective Order, except to the extent noted below.

First, the DEC seeks to create a new category of confidential documents to be designated "NYS Confidential Information," which would cover materials as to which the DEC has a good faith basis to believe that their disclosure might implicate personal privacy concerns, but which, according to the DEC, fall outside the definition of "personal identifying information" as set forth in the existing Protective Order.  See DEC Resp. at 5-6.  The DEC's concerns about the limited scope of "personal identifying information" are unfounded.  The existing Protective Order already permits any party or non-party to designate as "Confidential" materials that contain "personal identifying information" and "critical infrastructure information."  Protective Order, DE #125 at ECF pp. 19-33.  The examples of "personal identifying information" described in the Protective Order are not exclusive, and include any "personal addresses" and "unique personal identifying number, characteristic, or code."  Protective Order ¶ 15.  To the extent that the DEC believes in good faith that the locations of private wells (which may be identified with longitude and latitude) and any chemical sampling results may reveal sensitive personal, medical and property information, the DEC may treat the same as Confidential Information.[2]  Likewise, if the

---

[1] Some of the paragraphs in the Protective Order are misnumbered.

[2] The Court expresses no opinion as to whether, if challenged, the designation of such information as "Confidential" would be upheld.

DEC believes in good faith that the results of contaminant sampling from private wells constitute sensitive information that falls within the definition of "critical infrastructure information," the existing Protective Order contains a provision for designating such information as Confidential. See Protective Order ¶ 3.

Second, the DEC seeks to limit the disclosure of its confidential information to attorneys' eyes only, to narrow the universe of people who are permitted to receive material designated as "Confidential" without signing the affirmation attached to the Protective Order, and to exclude "focus group members" from receiving such information. See DEC Resp. at 6. The Court concludes that these additional restrictions are unnecessary and unduly burdensome. The DEC has not demonstrated a "particular need" for an attorneys' eyes only limitation on the disclosure of the data at issue. See Diaz v. Local 338 of the Retail, Wholesale Dep't Store Union, United Food & Com. Workers, No. 13–CV–7187 (SJF)(SIL), 2014 WL 4384712, at *4 (E.D.N.Y. Sept. 3, 2014). The existing Protective Order strikes the right balance between protecting against the unnecessary disclosure of "Confidential" information and establishing procedures that allow the requesting party to use the information for purposes of this litigation. Based on the current record, and because the alleged injury is entirely speculative in nature, the Court finds that the DEC has failed to meet the good cause standard to justify a second tier of confidentiality.

Nevertheless, out of an abundance of caution, the Court will permit the DEC to make a further application to restrict to attorneys' eyes only particular documents that contain information about drinking water sources that could be used by bad actors to target drinking water supplies. The DEC would have to make a particularized showing as to why existing confidential treatment

would be insufficient to protect the interests implicated by that information.

Finally, the DEC requests that its counsel be notified when a person receives DEC's confidential information and executes the corresponding affirmation or refuses to sign an affirmation. See DEC Resp. at 6. These additional protections are unnecessary. The Protective Order already provides a procedure for resolving disputes related to the disclosure of information designated as "Confidential," which applies to non-parties. See Protective Order ¶¶ 6, 18.

## CONCLUSION

For the foregoing reasons, the DEC's motion to modify the Protective Order is denied in large part. The parties' motion to compel is granted; the DEC is directed to produce, in a usable format that is acceptable to the parties, any data, test results, and associated information in its possession, custody or control, related to the presence of 1,4-dioxane, TCA, DCE, DCA, and TCE in the environment.

SO ORDERED.

Dated: Brooklyn, New York
April 6, 2022

/s *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**