IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUFFOLK COUNTY WATER AUTHORITY,<br><br>        Plaintiff,<br><br>      -against-<br><br>THE DOW CHEMICAL COMPANY, FERRO CORPORATION, VULCAN MATERIALS COMPANY, PROCTER &GAMBLE COMPANY, SHELL OIL COMPANY, individually and doing businessas SHELL CHEMICAL LP.<br><br>        Defendants. | Case No. 17-CV-6980<br><br>Hon. Nina Gershon<br><br>Hon. Roanne L. Mann |
| AND ALL RELATED CASES | |

**[PROPOSED] JOINT CONFIDENTIALITY STIPULATION AND ORDER**

  **WHEREAS**, on July 29, 2019, the plaintiffs and defendants in the related actions (collectively, the "Parties") submitted a stipulated protective order to govern party and non-party discovery in the related actions, and the Court so-ordered the proposed stipulated protective order on July 30, 2019 (the "Protective Order");

  **WHEREAS**, the Parties served a jointly-issued subpoena dated January 30, 2020 on non-party New York State Department of Environmental Conservation (DEC) seeking production of documents (the "2020 Subpoena");

  **WHEREAS**, on March 17, 2022, the Parties jointly moved to compel DEC to comply with the 2020 Subpoena insofar as the Parties sought an order directing DEC to produce to the Parties "any data, test results, and associated information in its possession, custody or control, related to the presence of 1,4-dioxane, TCA, DCE, DCA, and TCE in the environment" on Long Island;

1

**WHEREAS**, on March 25, 2022, DEC cross-moved for modification of the Protective Order;

**WHEREAS**, on April 6, 2022, the Court (Mann, J.) granted the Parties' motion to compel and denied DEC's cross-motion to modify the Protective Order, except that the Court permitted DEC "to make a further application to restrict to attorneys' eyes only particular documents that contain information about drinking water sources that could be used by bad actors to target drinking water supplies";

**WHEREAS**, in April 2022, various defendants in the above-captioned action (No. 17-CV-6980) served DEC with subpoenas pursuant to Federal Rule of Civil Procedure ("FRCP") 45 and notices for deposition pursuant to FRCP 30(b)(6) with requests for production of documents (the "Defendants' 30(b)(6) Subpoenas");

**WHEREAS**, in May 2022, plaintiff Suffolk County Water Authority served DEC with a subpoena pursuant to FRCP 45 and a notice for deposition pursuant to FRCP 30(b)(6) with requests for production of documents (the "SCWA 30(b)(6) Subpoena" and, collectively, with the Defendants' 30(b)(6) Subpoenas, the "SCWA Action 30(b)(6) Subpoenas");

**WHEREAS**, on May 9, 2022, DEC filed a motion for a protective order (the "DEC Motion") pertaining to documents DEC is producing, or may produce, in response to the 2020 Subpoena that contain information about the specific locations of thousands of groundwater monitoring wells on Long Island, or the specific locations and/or other physical features of Long Island public water supply wells (the "Covered Documents"). In the DEC Motion, DEC asked that the Covered

2

Documents be afforded heightened confidentiality treatment beyond that provided by the Protective Order and not be shared with "[t]he insurers or indemnitors of the defendants or any agents retained by the insurers or indemnitors, including independent claims management personnel" (paragraph 5(d) of the Protective Order) nor with "mock jurors or focus group members" (paragraph 5(f) of the Protective Order);

**WHEREAS**, the Parties stipulated via e-mail on May 6, 2022 that if a rolling production of the Covered Documents by DEC proceeded on May 9, 2022, the Parties would not share the Covered Documents with the entities referenced in paragraph 5(d) and the persons referenced in 5(f) of the Protective Order pending the Court's resolution of the DEC Motion, and DEC continued producing Covered Documents to the Parties subject to that understanding;

**WHEREAS**, on May 16, 2022, the Parties jointly opposed the DEC Motion;

**WHEREAS**, on May 20, 2022, the Court (Mann, J.) held oral argument on the DEC Motion telephonically, and thereafter issued an Order dated May 20, 2022 "den[ying] in substantial part the DEC's application, insofar as the parties and the DEC must submit, by 10:00 am on May 27, 2022, a joint proposed confidentiality stipulation restricting the dissemination of specific locations of groundwater monitoring wells, as discussed" and specifying that "the parties may disclose such information to insurers, indemnitors, mock jurors or focus groups for their review, but may not give copies of the information to such entities or individuals" (the "May 20 Order," Dkt. No. 302); and

**WHEREAS**, because the DEC motion sought the same protection for "the specific locations and/or other physical features of Long Island public water supply wells" as for the locations of thousands of groundwater monitoring wells, DEC and the Parties understand the May 20 Order to apply to both categories of wells;

**IT IS HEREBY STIPULATED AND AGREED** by and between undersigned counsels for the Parties and DEC that:

1. Until the Court has approved and so-ordered this Joint Confidentiality Stipulation, the e-mail stipulation of May 6, 2022 among the Parties and DEC shall continue to be in effect for all Covered Documents (as defined above), whether produced by DEC in response to the 2020 Subpoena or in response to the SCWA Action 30(b)(6) Subpoenas;

2. After the Court has approved and so-ordered this Joint Confidentiality Stipulation, all Covered Documents produced by DEC to any of the Parties shall be entitled to the following enhanced confidentiality protections, beyond that provided for in the Protective Order:

   (i) any of the Defendants may visually display (either in person or via video conference) the Covered Documents to insurers or indemnitors of the defendants or any agents retained by the insurers or indemnitors, including independent claims management personnel, but may only allow such individuals physical custody of the Covered Documents when Defendants' counsel are with them, and at the close of any session where such access is provided Defendants' counsel must

|     | retrieve all hard copies of any such Covered Documents provided, and shall direct that any digital copies of any such Covered Documents that Defendants may have been shared are permanently deleted; |
|-----|---|
| (ii) | any of the Parties may visually display (either in person or via video conference) the Covered Documents to mock jurors or focus group members, but may not share digital copies of such Covered Documents with such individual, and to the extent the Parties provide physical custody of the Covered Documents in hard copy to such individuals. the Parties must retrieve all hard copies of such Covered Documents at the end of the session during which such access is provided; |
| (iii) | if the Parties visually display, or temporarily provide physical custody of, the Covered Documents to any individuals or entities under paragraphs 2.i or 2.ii above, counsel for the party allowing such disclosure shall direct the receiving individual or entity not to write down or otherwise record the location information of any groundwater monitoring wells or Long Island public supply wells, and take reasonable steps to ensure that the receiving individual or entity does not do so; |
| (iv) | prior to any of the defendants visually displaying the Covered Documents to any individuals or entities under paragraph 2.i above, and prior to any of the Parties visually displaying to any individuals under paragraph 2.ii above, the party wishing to do so shall obtain |

5

from an authorized person for any such entity (paragraph 2.i), or from such person (paragraph 2.ii), a completed, signed and dated "Agreement to Respect Confidential Material" in the form attached hereto as "Exhibit A" and shall maintain a copy of any such completed, signed and dated "Agreement" for one year after the termination of these related actions.

3. For the avoidance of doubt, the production and handling of any confidential information produced by DEC or any other party or non-party in these related actions shall continue to be governed by the Protective Order, other than as provided above for the Covered Documents. To the extent DEC intends for documents it produces to be considered Covered Documents subject to this Joint Confidentiality Stipulation and Order, DEC shall designate the documents as such by expressly referencing this Joint Confidentiality Stipulation and Order in the header or footer of the produced documents and/or in the correspondence accompanying the document production. As to documents that DEC produced prior to the Court's so-ordering of this Joint Confidentiality Stipulation, DEC will advise the Parties in writing of any Covered Documents included in those productions.

4. The Parties and DEC shall promptly confer in good faith to resolve any disputes pertaining to this Joint Confidentiality Stipulation. If the Parties and/or DEC are unable to resolve their dispute within fourteen (14) calendar days of the dispute, then any of the Parties or DEC may request that the Court resolve the dispute.

Dated: May 26, 2022

/s/ Andrew P. Devine
ANDREW P. DEVINE
adevine@phillipslytle.com
**PHILLIPS LYTLE LLP**
One Canalside, 125 Main Street
Buffalo, NY 14203
(716) 847-7050
*Counsel for Defendant The Dow Chemical Company*

/s/ Amina Hassan
AMINA HASSAN
amina.hassan@hugheshubbard.com
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
(212) 837-6000
*Counsel for Defendant Ferro Corporation*

/s/ Felice B. Galant
FELICE B. GALANT
felice.galant@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, NY 10019
(212) 318-3000
*Counsel for Defendant Legacy Vulcan, LLC (f/k/a Vulcan Materials Company)*

/s/ Daniel M. Krainin
DANIEL M. KRAININ
dkrainin@bdlaw.com
**BEVERIDGE & DIAMOND P.C.**
477 Madison Avenue, 15th Floor
New York, NY 10022
212-702-5400
*Counsel for Defendant Shell Oil Company*

/s/ David J. Lender
DAVID J. LENDER
david.lender@weil.com
**WEIL, GOTSHAL & MANGES, LLP**
767 Fifth Avenue
New York, NY 10153
212-310-8000
*Counsel for Defendant The Procter & Gamble Company*

/s/ Stephanie D. Biehl
STEPHANIE D. BIEHL
stephanie@sheredling.com
**SHER EDLING LLP**
100 Montgomery St. Suite 1410
San Francisco, CA 94104
(628) 231-2500
*Counsel for Plaintiffs*[1]

/s/ Hillary M. Nappi
HILLARY M. NAPPI
hnappi@hrsclaw.com
**HACH ROSE SCHIRRIPA & CHEVERIE, LLP**
112 Madison Avenue - 10th Floor
New York, New York 10016
(212) 213-8311
*Counsel for Plaintiff New York American Water Company*

/s/ Lilia Factor
LILIA FACTOR
lfactor@napolilaw.com
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, NY 10017
(212) 397-1000
*Counsel for Plaintiff Hicksville Water District*

---

[1] The Sher Edling firm represents all Plaintiffs in these related cases except Plaintiffs New York American Water (19-cv-2150) and Hicksville Water District (19-cv-5632).

*/s/ Max Shterngel*
MAX SHTERNGEL
max.shterngel@ag.ny.gov
**OFFICE OF THE ATTORNEY GENERAL**
**OF THE STATE OF NEW YORK**
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-6692
*Counsel to Non-Party New York State*
*Department of Environmental Conservation*

<u>EXHIBIT A</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUFFOLK COUNTY WATER AUTHORITY,<br><br>                     Plaintiff,<br><br>-against-<br><br>THE DOW CHEMICAL COMPANY, FERRO CORPORATION, VULCAN MATERIALS COMPANY, PROCTER &GAMBLE COMPANY, SHELL OIL COMPANY, individually and doing businessas SHELL CHEMICAL LP.<br><br>                     Defendants.<br><br>AND ALL RELATED CASES | Case No. 17-CV-6980<br><br>Hon. Nina Gershon<br><br>Hon. Roanne L. Mann |

**AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL**

I, _____, hereby affirm that:

1.    My address is _____.

2.    My present employer is _____ and my present occupation and basic job description is _____.

    3.  I received a copy of the Stipulated Protective Order of 2019 ("2019 Protective Order") and the Joint Confidentiality Stipulation and Order of 2022 ("2022 Confidentiality Order") entered in the above-captioned actions.

    4.  I carefully reviewed the provisions of the 2019 Protective Order and the 2022 Confidentiality Order and understand those provisions.

    5.  I will comply with all of the provisions of the 2019 Protective Order and the 2022 Confidentiality Order.

  6. In particular, I will hold in confidence any Confidential Information I receive in connection with the above-captioned action(s) and will not further disclose or disseminate any such information, except as permitted under the Protective Order.

  7. Additionally, as to any Confidential Information that is visually displayed to me (either in person or via video conference) or included within a temporarily-shared document that contains information about the specific locations of groundwater monitoring wells on Long Island, or the specific locations and/or other physical features of Long Island public water supply wells, I will hold in confidence such information and will not photograph, screenshot, transcribe or otherwise retain such information in written form. At the conclusion of each session with counsel for any of the parties in these related actions, I shall permanently delete any electronic files I may have received in the course of being shown the kind of Confidential Information discussed in this paragraph 7.

  8. I will only use any Confidential Information I receive as necessary in connection with the above-captioned action(s)and as permitted under the Protective Order, and not for any other purpose.

  9. I hereby submit to the jurisdiction of the Court in the above-captioned actions for thepurpose of enforcement of this agreement.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

**IT IS SO ORDERED.**

Dated: _____, 2022    _____
                                                            HON. ROANNE L. MANN