UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
SUFFOLK COUNTY WATER AUTHORITY,

                                                        **Plaintiff,**            **MEMORANDUM
AND ORDER**

                  -against-                                       17-CV-6980 (NG) (RLM)

THE DOW CHEMICAL COMPANY, *et al.*,

                                                     **Defendants.**
-------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        By letter-motions filed on June 23, 2022, defendants the Dow Chemical Company, Ferro Corporation, and Legacy Vulcan LLC ("defendants") move to compel the production of certain materials from plaintiff Suffolk County Water Authority (the "SCWA").

        First, defendants seek "complete copies of [SCWA's] water supply applications, together with any exhibits and related correspondence, for [approximately 275 such wells] SCWA alleges are at issue in this case." Motion to Compel (June 23, 2022) ("Water Supply Mot.") at 1, Electronic Case Filing ("ECF") Docket Entry ("DE") #308. Defendants had previously raised this issue in a motion to compel filed in April 2021. See Letter Motion to Compel Plaintiffs to Produce Documents (Apr. 29, 2021) at 3, DE #174. Following a hearing on that motion, the parties advised the Court that the SCWA (and other plaintiffs) had produced, by June 14, 2021, "all known well permits and water supply applications that were digitized[,]" and that, to the extent that plaintiffs "had any other well permit or water supply applications that existed only in hard copy," those had been digitized and would be produced "no later than August 6" of that year. Joint Status Report (July 16, 2021) ("7/16/21 Status

Report") at 2, DE #188.

As it turns out, the SCWA does not dispute that its archives apparently do contain hard-copy water supply applications that the SCWA has not produced, but the SCWA argues that most of its hard-copy applications are duplicative of documents produced by the New York State Department of Environmental Conservation ("DEC"). See Response to Motion (June 27, 2022) ("Water Supply Response") at 1, DE #314. Significantly, the parties had agreed, more than a year ago, that if, after reviewing the SCWA's production of "well files," defendants sought additional files of that kind, the parties would confer and address whether additional hard-copy collections were needed. See 7/16/21 Status Report at 2; Joint Status Report (June 3, 2021) at 3, DE #180.

In responding to defendants' motion to compel, the SCWA confirms that it has produced "all digital and digitized water supply applications in its possession" and will "identify[,]" by July 7, 2022, "any hard copy applications pertaining to wells at issue for which duplicative documents have not already been produced by SCWA or [DEC]." Water Supply Response at 1. In this Court's view, both sides are to blame for the delay in production of the hard-copy files, which should have been produced long ago. That said, the Court is satisfied with the SCWA's proposed resolution, with the following additional directive: to the extent that there are materials contained within water supply application files that have not already been produced by the DEC, see Water Supply Mot. at 2-3 & Ex. I, J, those materials and the files in which they are contained are not duplicative and must be produced expeditiously. The parties are directed to promptly confer on the logistics of the production, including the cost of inspection and copying, and to file a joint status report by

July 8, 2022.  <u>The discovery schedule will not be further extended.</u>

Second, defendants seek a copy of the SCWA's Supervisory Control and Data Acquisition database, which purportedly "contains key data and information regarding the pumping, operational, and blending history" of the wells at issue.  <u>See</u> Letter Motion to Compel (June 23, 2022) at 1, DE #310.  On that issue, the SCWA responds that it "expects to be able to produce [the database] within two weeks[.]"  Response to Motion (June 27, 2022) at 1, DE #315.  Accordingly, the parties must promptly confer regarding the process to accomplish that production, which must be completed by July 11, 2022.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants' motions to compel are granted to the extent discussed above.

**SO ORDERED.**

**Dated:   Brooklyn, New York**
**         July 1, 2022**

/s *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

3