**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**SUFFOLK COUNTY WATER AUTHORITY,**

                                        **Plaintiff,**          **MEMORANDUM**
                                                               **AND ORDER**

                  -against-                                **17-CV-6980 (NG)**

**THE DOW CHEMICAL COMPANY, et al.,**

                                        **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

By letter-motion filed on July 8, 2022, defendants the Procter and Gamble Company, Shell Oil Company, the Dow Chemical Company, Ferro Corporation, and Legacy Vulcan LLC ("defendants") move to compel responses from plaintiff Suffolk County Water Authority (the "SCWA") to various discovery requests concerning the SCWA's "actual clean-up practices" in connection with thirteen contaminants.  See Letter Motion to Compel Suffolk County Water Authority (July 8, 2022) ("Def. Motion"), DE #317.[1]

Local Civil Rule 37.1 requires that a motion to compel discovery "specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed."  S.D.N.Y./E.D.N.Y. Local Civ. R. 37.1.  Although defendants' motion to compel implicates a variety of discovery requests, including requests for admission, document requests and three different sets of interrogatories, see Def. Motion at 1 n.1, defendants failed to submit with their motion the SCWA's responses to most of those

---

[1] An unredacted version of defendants' motion to compel was also filed under seal on July 8, 2022.  See DE #319.

discovery requests. Moreover, defendants' motion is premature because they seek an order directing the SCWA to respond to revised discovery requests that have never been served on the SCWA either formally or informally. See Response to Motion (July 12, 2022) ("SCWA Opp.") at 1, DE #322.[2] Therefore, defendants' motion to compel is denied without prejudice.

In any event, in addition to the procedural defects discussed above, defendants have not demonstrated the relevance of the SWCA's historical practices—over the course of 40 years—with respect to using water treatment systems for thirteen contaminants, none of which is at issue in this litigation.[3] See Defendants' Revised Discovery Requests, DE #317-1 at ECF p. 4. The parties agree that a key question for the jury to decide in this case is whether (and to what extent) a reasonable water provider in the SCWA's position would treat groundwater to reduce the levels of dioxane contamination. See Def. Motion at 2; SCWA Opp. at 2. On this record, defendants have not demonstrated the similarity between the chemical structure, health risks or costs of remediation of (on the one hand) thirteen unrelated contaminants, and (on the other) 1,4-dioxane.

Moreover, the discovery sought by defendants is also temporally overbroad and appears to be duplicative of the information the SCWA has already produced or is in the process of producing. Cf. Sadofsky v. Fiesta Prods., LLC, 252 F.R.D. 143, 148 (E.D.N.Y. 2008) (requiring requesting party to "make a prima facie showing that . . . the information [sought

---

[2] An unredacted version of the SCWA's response was filed under seal on July 13, 2022. See DE #324.

[3] Defendants argue that they seek this discovery because SCWA has "changed its tune" regarding the clean-up of dioxane. See Def. Motion at 1. The Court does not view as unexpected or controversial the SCWA's position that available funding affects the scope of the clean-up of wells where synthetic organic contamination is present. See (Sealed) DE #319-3 at ECF p. 4.

2

by interrogatory] is not fully contained in the documents or because it is too difficult to extract"). "On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative[.]" Fed. R. Civ. P. 26(b)(2)(C); see Fed. R. Civ. P. 26(b) advisory committee's note to 1983 amendment (cautioning the court "to minimize redundancy in discovery" and "reduce repetitiveness"). For example, this Court has previously ordered the SCWA to produce its Supervisory Control and Data Acquisition ("SCADA") database, which contains all of the "key data and information regarding the pumping, operational, and blending history" of the wells at issue. See Memorandum and Order (July 1, 2022) at 3, DE #316. The SCWA has also produced its "full LIMS sampling history database, treatment candidate lists and treatment priority lists," from which defendants could ascertain the information sought. See email dated June 22, 2022 from Katie Jones to Jack Nolan and Megan Brillault, DE #317-14 at ECF p.2. Therefore, for all that appears in the record, the discovery sought is overbroad as well as duplicative, because defendants may obtain the data directly from the SCWA's records.

## CONCLUSION

For the foregoing reasons, defendants' motion to compel is denied without prejudice.

**SO ORDERED.**

**Dated:** Brooklyn, New York
July 19, 2022

/s *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**

3