```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SUFFOLK COUNTY WATER AUTHORITY,                :
                                               :
                                  Plaintiff,   :
                                               :       MEMORANDUM AND
        -against-                              :       ORDER
                                               :
THE DOW CHEMICAL COMPANY, et al.,              :       No. 17-CV-6980-NG-JRC
                                               :
                                  Defendants.  :
                                               :
------------------------------------------------------------------ x
```

JAMES R. CHO, United States Magistrate Judge:

      Defendants The Dow Chemical Company and Legacy Vulcan, LLC (the "moving defendants") move, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel the production of a 19-page attorney-summary ("attorney-summary"), which was included in a larger 800-page "Summary Document" provided by counsel for plaintiff Suffolk County Water Authority ("plaintiff" or "SCWA") to its expert, Dr. Bruce Dale ("Dr. Dale"), in connection with the preparation of his expert report. *See* Defs.' Mot. to Compel, Dkt. 411.  At a motion hearing held on November 29, 2023, plaintiff agreed to provide the moving defendants with a list of the discovery materials counsel provided to Dr. Dale via the "Summary Document," but maintained its objection to producing the attorney-summary.[1]  *See* Minute Entry for Motion Hearing held on 11/29/2023.  The Court ordered plaintiff to submit the attorney-summary for *in camera* review. *See id*.

      On December 4, 2023, plaintiff produced a list of the documents identified in the

---

[1] The "Summary Document" is "comprised primarily of materials produced by Defendants in this litigation, which are accessed through hyperlinks" in the attorney-summary.  Defs.' Mot. to Compel at 5, Dkt. 411.

attorney-summary (referred to as the "First List")[2] as well as a second list of additional documents provided to Dr. Dale (referred to as the "Second List"). Dkt. 439-2. Following plaintiff's production of the list of the discovery materials provided to Dr. Dale, the parties filed supplemental submissions. *See* Defs.' Supp. Letter in Support of Mot. to Compel, Dkt. 438; SCWA's Resp. to Defs.' Supp. Letter, Dkt. 439. Having considered the parties' positions and reviewed the 19-page attorney-summary *in camera* (Dkt. 430), the Court denies the motion to compel (Dkt. 411).

## Discussion

Rule 26(a)(2)(B)(ii) of the Federal Rules of Civil Procedure requires that "[u]nless otherwise stipulated" a testifying expert must disclose in his expert report "the facts or data *considered* by the witness in forming [his opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii) (emphasis added). "The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Fed. R. Civ. P. 26(a)(2)(B), Advisory Committee Notes to the 2010 Amendment. However, the rule protects against the disclosure of "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)." *See* Fed. R. Civ. P. 26(b)(4)(C);[3] *see also Deangelis v. Corzine*, No. 11-CV-7866, 2016 WL 93862, at *4-*5 (S.D.N.Y. Jan 7, 2016)

---

[2] Based on the Court's *in camera* review of the attorney-summary, the Court finds that the "First List" accurately identifies the documents referenced in the attorney-summary.

[3] Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure provides that "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications: . . . (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii) and (iii).

2

(discussing history of 2010 amendments to Rule 26 and noting that the prior disclosure rules had the "undesirable" effect of chilling communication between counsel and the expert). Importantly, the rule is intended to limit the required disclosures "to material of a factual nature by excluding theories or mental impressions of counsel." Fed. R. Civ. P. 26(a)(2)(B), Advisory Committee Notes to the 2010 Amendment.

Pursuant to the parties' "Agreement Re: Expert Discovery" (referred to as "Expert Discovery Agreement"), Dkt. 411-2, and as permitted by the Federal Rules, the parties further limited their experts' disclosure obligations to "all documents that are *relied upon* in the expert report," Expert Discovery Agreement ¶ 1, Dkt. 411-2 (emphasis added), instead of "the facts or data *considered* by the witness" as set forth in Rule 26(a)(2)(B)(ii). In addition, the parties specifically agreed that "[c]ommunications between counsel and experts will *not be discoverable*, unless the communication is the only source of facts and/or assumptions on which the expert relies in his/her expert report." Expert Discovery Agreement ¶ 3 (emphasis added).

Based on the parties' Expert Discovery Agreement, the record adduced by the parties, and the Court's *in camera* review of the attorney-summary, the Court finds that the at-issue attorney-summary generated by plaintiff's counsel does not constitute material that Dr. Dale "relied upon" in his expert report, within the meaning of paragraph 1 of the parties' Expert Discovery Agreement. The attorney-summary contains hyperlinks to materials produced by the parties. There is no evidence, however, that Dr. Dale specifically "relied upon" the attorney-summary -- as contemplated by the parties' Expert Discovery Agreement -- in formulating his expert opinions, other than to access the hyperlinked documents referenced therein.

The Court finds that Dr. Dale has disclosed to the moving defendants the materials that he "relied upon" in preparing his expert report as required by the Expert Discovery Agreement.

*See* excerpts from the deposition transcript of Dr. Dale ("Dale Tr.") (Dkts. 411-1, 439-1) at 221:6-14; 229:12-25; *see also* Dale Tr. at 76:8-13 (Dkt. 439-1). Dr. Dale testified that the documents he relied upon are cited in his report. Dale Tr. at 229:16-18 ("You have the documents that affect my opinion, you have those, they are in my expert opinion."); Dale Tr. at 142:7-14, Dkt. 411-1 ("Q: So I can go to the set of documents actually cited in your report and say this is a complete universe of what Dr. Dale is relying on for his opinions? A: Yeah. Yes, I think that's fair."). Dr. Dale also testified at his deposition that while he read all of the "hyperlinked documents" in the attorney-summary, "not all of them impacted [his] opinion." *Id.* at 229:12-18; *id*. at 231:23-25.

The Court further finds that the attorney-summary is a protected communication "between counsel and expert" not subject to disclosure pursuant to paragraph 3 of the parties' Expert Discovery Agreement. Further, the moving defendants have not established that the exception to disclosure -- where the "communication is the only source of facts and/or assumptions on which the expert relies in his/her expert report" -- applies.

The attorney-summary, which contains plaintiff's counsel's protected work product, falls within the type of "communications" protected from disclosure under paragraph 3 of the Expert Discovery Agreement. The attorney-summary identifies select documents and contains excerpts from those cited documents. The Court finds that the excerpts that counsel chose to identify in the attorney-summary constitute protected work product and reflect counsel's mental impressions that are not subject to disclosure under the parties' Expert Discovery Agreement.

In addition, the moving defendants have failed to establish that the exception to disclosure of communications between counsel and expert (*i.e.*, that the communication constitutes "the only source of facts and/or assumptions on which" Dr. Dale relied upon to

4

formulate his opinions) warrants disclosure of the attorney-summary. Dr. Dale did not testify at his deposition that he relied on the attorney-summary as the "only source" of any facts or assumptions, nor did he cite to the attorney-summary itself in his expert report as the only source of any facts or assumptions. Instead, Dr. Dale testified that he only relied upon the information contained in the documents cited in his report in formulating his opinions.

The moving defendants sought production of the attorney-summary, in part, because they were unable to determine which documents Dr. Dale considered, but did not rely upon in formulating his opinions. In response and notwithstanding the Expert Discovery Agreement that does not require production of documents "considered" by the expert, plaintiff voluntarily agreed to identify all the documents listed in the attorney-summary (*e.g.*, the First List) that Dr. Dale considered. Plaintiff's counsel also produced a second list of documents not referenced in the attorney-summary that counsel had provided to Dr. Dale (the "Second List"). After the motion hearing, plaintiff produced both the First and Second Lists to the moving defendants to compare. With this information, the moving defendants are now able to compare the universe of litigation materials available for Dr. Dale's review with the hand-picked documents plaintiff's counsel actually provided to Dr. Dale.

In addition, the moving defendants had an adequate opportunity to question Dr. Dale at his deposition about the facts and data he did and did not rely upon in reaching his opinions. *See, e.g.,* Dale Tr. at 64:2-7 ("Q: There may be documents that weren't provided to you that would assist in your knowledge, is that true? . . . A: Yes."); *id*. at 56:2-6 ("Q: . . . [Y]ou did not consider the sworn testimony of any witness in this lawsuit, true or false? . . . A: That's true, correct."); *id*. at 64:8-15, 65:3-5 ("Q: And because you haven't read any depositions in this case or any summaries of any depositions in this case there could be sworn testimony in our lawsuit

5

that assists you in understanding these facts better. Is that a fair assessment?" . . . A: [Y]es, I'm prepared to learn more from other documents."). The moving defendants are free to cross-examine Dr. Dale about any documents that contradict his opinions or documents on which he relied that do not support his opinions. Accordingly, the Court denies the motion to compel. *See In re Elysium Health-ChromaDex Litig.*, No. 17-CV-7394, 2021 WL 1249223, at *3-*4 (S.D.N.Y. Apr. 5, 2021) (Rule 26 "does not require production of each underlying document that contains the facts considered or the assumptions upon which the expert relied").

## Conclusion

For the reasons set forth above, the Court denies the moving defendants' motion to compel.

**SO ORDERED**

Dated: Brooklyn, New York
July 2, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge