UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

SUFFOLK COUNTY WATER
AUTHORITY,

                           **Plaintiff,**

                **-against-**

THE DOW CHEMICAL COMPANY,
VIBRANTZ CORPORATION,
FORMERLY KNOWN AS FERRO
CORPORATION AND LEGACY
VULCAN, LLC, FORMERLY KNOWN AS
VULCAN MATERIALS COMPANY,

                         **Defendants.**

**OPINION & ORDER**

**17-cv-6980 (NG) (JRC)**

---------------------------------------------------------- x

**GERSHON, United States District Judge:**

       This action was brought by the Suffolk County Water Authority ("Suffolk") against The Dow Chemical Company ("Dow"), Legacy Vulcan, LLC, formerly known as Vulcan Materials Company ("Vulcan") and Vibrantz Corporation, formerly known as Ferro Corporation ("Ferro"). On July 9, 2025, I issued an order denying, with a few exceptions, the Defendants' motions to exclude the opinions of seven of Suffolk's experts relevant to the summary judgment briefing, granting in part and denying in part the Defendants' joint motion for summary judgment, denying Dow's and Vulcan's individual motions for summary judgment and granting in part and denying in part Ferro's individual motion for summary judgment. See *Suffolk Cnty. Water Auth. v. Dow Chem. Co.*, 2025 WL 1907206 (E.D.N.Y. July 10, 2025).

       The Defendants now seek an order, under 28 U.S.C. § 1292(b), certifying two conclusions from that order for interlocutory appeal and a stay of proceedings. Those conclusions are: first,

that a reasonable jury could find on a well-by-well basis that it was the Defendants' products that invaded Suffolk's wells (or, what the Defendants describe as the "product-identification holding") and second, that N.Y. CPLR 214-h(5) is not unconstitutional under the New York State Constitution's Due Process Clause and, thus, that Suffolk's claims are timely (or, what the Defendants describe as the "statute-of-limitations holding").

Section 1292(b) provides that a district court may certify an interlocutory appeal if all of three criteria are met: (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." However, interlocutory appeals are disfavored. The Second Circuit has "repeatedly cautioned" that the use of this certification procedure should be "strictly limited" because only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (alteration in original). Put differently, § 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

Beginning with the first conclusion, a controlling question of law is one that the reviewing court "could decide quickly and cleanly without having to study the record." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014). No such question of law is present here. I relied on the Second Circuit's decision *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 725 F.3d 65 (2d Cir. 2013), and found that Suffolk's evidence on product identification was sufficient under *MTBE* to go to the jury. Suffolk's product identification showing was based on the opinions of its expert witnesses. Consideration of whether sufficient evidence was presented from which a reasonable jury could conclude on a well-by-well basis that

2

the Defendants' products invaded Suffolk's wells would require the Second Circuit to examine the record, including these experts' opinions, in detail. The Defendants' disagreement with my analysis of *MTBE* based on factual differences between this case and *MTBE* does not present a controlling question of law. Indeed, the Defendants' emphasis on the facts of the two cases only underscores that a controlling question of law, much less one as to which there is substantial ground for difference of opinion, is not presented.

      Turning to the second conclusion, a question of law may not be "controlling" when there is an alternative ground for the ruling that was not reached by the district court's decision. *See Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95–96 (2d Cir. 2004). While I concluded that the claim-revival statute was not unconstitutional, I did not reach Suffolk's alternative argument that its claims never lapsed under N.Y. CPLR 214-c(2). As to the second criterion, under § 1292(b), I applied the principles set forth in the Court of Appeals' decision *In re World Trade Center Lower Manhattan Disaster Site Litigation*, 30 N.Y.3d 377 (2017), which, on a question certified by the Second Circuit about the appropriate standard of review for a due process challenge to a claim-revival statute under the New York State Constitution, clarified that standard. *See also In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 892 F.3d 108, 111 (2d Cir. 2018) (noting the Court of Appeals' answer to the certified question). Considering this definitive decision, there is simply no substantial ground for difference of opinion regarding the holding that I made in this case.

      Finally, for both conclusions, as to the third criterion, I am not persuaded that an immediate appeal from the order may materially advance the ultimate termination of the litigation. On the contrary, the likelihood is great that an immediate appeal would severely and unnecessarily delay the resolution of this litigation.

3

For the foregoing reasons, the Defendants' motion for an interlocutory appeal under 28 U.S.C. § 1292(b) and a stay of proceedings is denied.

**SO ORDERED.**

_____/S/_____

**NINA GERSHON**
**United States District Judge**

September 10, 2025
Brooklyn, New York