UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

SUFFOLK COUNTY WATER
AUTHORITY,

                      **Plaintiff,**

            **-against-**

THE DOW CHEMICAL COMPANY AND
VIBRANTZ CORPORATION,
FORMERLY KNOWN AS FERRO
CORPORATION,

                    **Defendants.**

------------------------------------------------------------- x

**OPINION & ORDER**

**17-cv-6980 (NG) (JRC)**

**GERSHON, United States District Judge:**

In this water contamination case, plaintiff Suffolk County Water Authority ("Suffolk") brings suit against manufacturers Dow Chemical Company ("Dow") and Vibrantz Corporation ("Ferro"). *See Suffolk Cnty. Water Auth. v. Dow Chem. Co.*, 2025 WL 1907206 (E.D.N.Y. July 10, 2025). Suffolk contends that it must design, construct, and maintain treatment facilities and equipment for what it calls the TCA Claim Wells to remove dioxane from the groundwater, and it offers the opinions of its expert Ronald K. Berryhill in support of its intended mitigation plan. Ferro rebuts this proof through the opinions of its own expert witness, Jaime E. Moreno, who opines that there exist lower-cost, reasonable alternatives to Suffolk's mitigation plan. Suffolk now moves to exclude Mr. Moreno's core opinions relating to these alternatives as well as the Second Errata to his Report. For the reasons set forth below, Suffolk's motion is denied.

## I.      Expert Qualifications

Jaime E. Moreno is a licensed Professional Engineer who is employed as a Principal Consultant by GSI Environmental Inc. ("GSI"). Rebuttal Expert Report of Jaime E. Moreno, PE

("Moreno Report") at 5. He has nearly forty years of experience developing and managing drinking water resources. *Id.* He received a B.S. in Civil Engineering from the University of California, Berkeley and a M.S. in Civil Engineering from Stanford University. *Id.* Mr. Moreno has completed numerous projects involving water system planning, source development, storage, distribution, and treatment, and he has advised clients on water quality considerations. *Id.* He is a licensed professional engineer and a member of American Society of Civil Engineers, National Society of Professional Engineers, American Water Works Association, and Water Environment Federation. *Id.*

The expert report at issue was prepared by GSI and signed by Mr. Moreno.

## II.    The Moreno Report and the Second Errata

Suffolk's expert, Mr. Berryhill, issued a December 15, 2022 report evaluating Suffolk's proposed approach to removing dioxane from the TCA Claim Wells, which consists of installing systems at each Claim Well to treat the water through chemical processes, and found it to be "reasonable and appropriate." Expert Report of Ronald K. Berryhill ("Berryhill Report") at 2-4. In his rebuttal report issued on April 12, 2023, Mr. Moreno presented two alternatives to Suffolk's plan; he opines that they are reasonable, lower-cost methods of addressing dioxane contamination. Moreno Report at 8.

Both of Mr. Moreno's alternatives involve retiring certain TCA Claim Wells and replacing their lost pumping capacity with "in-kind replacement capacity" from newly constructed or existing wells. *Id.* at 44, 55, 61. Mr. Moreno concluded that both alternatives would sufficiently replace the calculated lost pumping capacity from retiring wells on a gallon-for-gallon basis. *Id.* at 44-61. He modeled groundwater conditions under both average pumping conditions from the year 2016 as well as short-term peak pumping conditions by using the maximum monthly pumping

- 2 -

rate for each well during the 2016-2021 period. *Id.* at 44, 55, App'x K at 1. Using the "average daily demand" and "maximum monthly demand" figures, Mr. Moreno concluded that neither alternative would negatively impact groundwater levels or the direction of groundwater flows under either average or peak pumping conditions. *Id.*

On May 25, 2023, Mr. Berryhill issued a rebuttal report in which he criticized Mr. Moreno's use of average daily demand and maximum monthly demand pumping rates. Expert Rebuttal Report of Ronald K. Berryhill ("Berryhill Rebuttal Report") at 4-5. He stated that Mr. Moreno's peaking analysis was deficient because he did not consider peak hour demand or maximum daily demand pumping rates and failed to account for fire flow scenarios. *Id.* According to Mr. Berryhill, the water supply industry recognizes and prescribes the use of these more stressing demand scenarios when undertaking a peaking analysis. *Id.* Mr. Berryhill testified to these opinions at his deposition in July 2023. Berryhill Dep. Tr. at 448:14-452:24.

On July 27, 2023, two weeks after Mr. Berryhill's deposition, Mr. Moreno issued a Second Errata which includes a "Clarification Regarding Section 3.4.4":

> As explained in the first paragraph under Section 3.4.4 of my rebuttal report in this case, my analyses confirm that under both Alternative A and Alternative B, SCWA'S existing capacities regarding water demands continue to be fully met on a gallon-for-gallon basis for all wells to be retired from service, including for peak, fire flow and similarly related demands.

Moreno Report, Second Errata, at 1.

### III.    Discussion

Suffolk challenges two facets of Mr. Moreno's Report. It contends that Mr. Moreno's opinions relating to his two alternative remedial designs should be excluded for failure to consider peak hour, maximum daily, and fire flow demand scenarios. And it argues that Mr. Moreno's Second Errata should be struck under Federal Rules of Civil Procedure 26 and 37 for introducing new opinions relating to peak and fire flow demand scenarios.

The basic principles for the admission of expert evidence under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), are set forth in *Suffolk Cnty.*, 2025 WL 1907206, at *2, and will not be repeated here.

### A. Failure to Consider Demand Scenarios

Suffolk's argument that Mr. Moreno's opinions regarding his alternative solutions are unreliable is based upon a mischaracterization of his Report. A careful review of his Report confirms that Mr. Moreno does not evaluate Suffolk's distribution system, that is, the flow of water from where it is stored in reservoirs to actual customers. And, insofar as he speaks of a "peaking analysis," Mr. Moreno is not addressing the ability of the distribution system to accommodate peak demand scenarios such as fire flow. Mr. Moreno stated at his deposition that, because his proposed alternatives merely "replace gallon-for-gallon replacements into the system exactly where they are being delivered today," the delivery system's "ability to achieve peaks is entirely unaffected." Moreno Dep. Tr. at 133:8-22. Rather, his "peaking analysis," based on maximum monthly demand figures, addresses only the question of whether his alternative scenarios will negatively impact groundwater levels or the direction of groundwater flows under extended peak pumping conditions. *Id.* at 103:12-105:2. Therefore, the industry guidance that Suffolk relies on concerning peak demand scenarios applicable to distribution systems does not provide a basis for *Daubert* exclusion of Mr. Moreno's testimony.[1]

### B. Second Errata

---

[1] Mr. Moreno applied his alternative solutions only to the limited number of wells where other of the defendants' experts, Mr. Connor and Dr. Adamson, opined that dioxane-stabilized TCA was a possible source of the dioxane. Moreno Report at 7. The parties have not yet had the opportunity to address how Mr. Moreno's testimony will be presented to ensure that the excluded testimony of Mr. Connor and Dr. Adamson, *see Suffolk Cnty. Water Auth. v. Dow Chem. Co.*, 2026 WL 799752 (E.D.N.Y. Mar. 23, 2026), is not offered to the jury through Mr. Moreno. The parties and the court can address this issue in later pre-trial proceedings.

Suffolk's request to treat the Second Errata "as an impermissible sur-rebuttal responding to Berryhill's rebuttal report" is denied.  Pl's Reply Br. at 9.  The mere fact that this document was issued in response to Mr. Berryhill's Rebuttal Report does not make it an impermissible sur-rebuttal.  Most importantly, the Second Errata is, as Ferro claims, a clarification and does not contain new opinions.  That is, Mr. Moreno is not claiming in the Second Errata that he performed a peaking analysis to evaluate Suffolk's distribution system.  He merely clarifies that, in his opinion, his gallon-for-gallon replacement theory is sufficient to cover peak periods.

## IV.     Conclusion

For the foregoing reasons, Suffolk's motion to exclude the opinions of Mr. Moreno is DENIED.

**SO ORDERED.**

_____

**NINA GERSHON**
**United States District Judge**

April 3, 2026
Brooklyn, New York