UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

SUFFOLK COUNTY WATER
AUTHORITY,

                      **Plaintiff,**

          **-against-**

THE DOW CHEMICAL COMPANY AND
VIBRANTZ CORPORATION,
FORMERLY KNOWN AS FERRO
CORPORATION,

                    **Defendants.**

------------------------------------------------------------- x

**OPINION & ORDER**

**17-cv-6980 (NG) (JRC)**

**GERSHON, United States District Judge:**

In this water contamination case, plaintiff Suffolk County Water Authority ("Suffolk") brings suit against manufacturing defendants Dow Chemical Company and Vibrantz Corporation. Suffolk claims that 253 of its wells (the "TCA Claim Wells") have been contaminated by dioxane that comes from dioxane-stabilized TCA. On October 30, 2023, nearly three years ago and following briefing by the parties, I adopted Suffolk's proposal that all of the TCA Claim Wells be tried in a single trial. Defendants now move the court to revisit the trial structure order issued that day and adopt their proposal of a "phased trial plan," where subgroups of wells, 30 at a time, are tried in separate trials. For the reasons set forth below, Defendants' motion is denied.

## I.      Background

In September 2023, the parties submitted competing trial structure proposals. Suffolk argued in favor of a single trial. Defendants argued for a phased trial approach, in which ten wells would be tried at a time; that is, they sought multiple complete trials in front of multiple juries, as they do now. Defendants also argued that a final trial structure determination should not be made

until their summary judgment motions and certain motions under *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993), were resolved.  On October 30, 2023, I adopted Suffolk's single-trial approach while leaving open the possibility of revisiting this ruling:

> I have reviewed the parties' submissions regarding trial structure in the Suffolk County Water Authority case.
>
> While, of course, the resolution of the forthcoming *Daubert* and summary judgment motions may affect the determination of an appropriate trial structure, and may require revisiting this ruling, I conclude that it would be salutary to make a decision on trial structure now, in accordance with the agreed-upon scheduling order.
>
> Plaintiff's proposal for a single trial on all wells is adopted.  Plaintiff has prepared its case with a single trial in mind and intends to use the same theories and evidence for all 286 wells.[1]  Plaintiff will either succeed or fail in that proposal.  But if Plaintiff's theories survive *Daubert* and summary judgment motions, it would be a highly inefficient use of the time of the court, jurors, and parties, to adopt the competing proposal put forth by Manufacturing Defendants for trial of only 10 wells at a time.
>
> I am not persuaded by Manufacturing Defendants' argument that Plaintiff's proposal should not be adopted because Defendants are entitled to present their defenses on a well-specific basis.  Even in a single trial on all the wells, Defendants may present their defenses on a well-specific basis if they so choose.

On July 10, 2025, I dismissed Suffolk's design defect claims as well as Suffolk's market share and alternative liability causation theories for its failure to warn claims, but otherwise denied Defendants' summary judgment motions. *Suffolk Cnty. Water Auth.*, 2025 WL 1907206, at *33 (E.D.N.Y. July 10, 2025). With a few exceptions, I denied Defendants' motions to exclude Suffolk's experts. *Id.*  In sum, I concluded that Suffolk could proceed on its principal causation theory, under which it would present a "mosaic of circumstantial evidence that traces" the "Defendants' dioxane from the production plant to the end user, to the groundwater system, and ultimately to individual wells." *Id.* at 20.  I concluded that "a reasonable jury could find on a well-by-well basis that it was the Defendants' products that invaded Suffolk's wells."  *Suffolk Cnty.*

---

[1] 253 TCA Claim Wells currently remain in the case.

*Water Auth. v. Dow Chem. Co.*, 2025 WL 2611702, at *1 (E.D.N.Y. Sept. 10, 2025) (denying Defendants' motion for certification of interlocutory appeal).

Defendants now move to revisit the October 30, 2023 trial structure order.  They argue that they will present well-by-well defenses that cannot be presented in a single trial of a reasonable length without impinging on their due process right to fully present their defenses.  Although, as just described, nothing in the summary judgment and *Daubert* rulings suggests a need to revisit the trial structure adopted in 2023, I will nonetheless address Defendants' arguments.

## II.    Discussion

Defendants' principal argument is that their well-specific defenses will require so much trial time that trying all of the TCA Claim Wells in a single trial would be unfeasible.  The bases for this argument proved illusory.

Defendants provide declarations from two experts, John A. Connor and Jaime E. Moreno, whom they claim will require a great deal of trial time.  Mr. Connor's proposed testimony addresses the source of dioxane in each well.  In his declaration in support of the instant motion, he estimates that it would require one to three hours for him to present each individual well analysis.  Connor Expert Decl. ℙℙ 6, 13.  Startlingly, however, in reviewing the *Daubert* motion challenging the source identification conclusions of Mr. Connor and his colleague Dr. Adamson, I learned that Mr. Connor and Dr. Adamson had not, in fact, provided any well-by-well analyses in their expert report, just conclusions.  *Suffolk Cnty. Water Auth. v. Dow Chem. Co.*, 2026 WL 799752 (E.D.N.Y. Mar. 23, 2026).  Their well-by-well source identification conclusions were therefore excluded from the case.  *Id.*[2]  (Indeed, Mr. Connor's exemplar analysis of the Wicks

---

[2] Defendants' subsequent attempt to add well-by-well narrative analyses through a supplemental expert report of Mr. Connor and Dr. Adamson was rejected.  *Suffolk Cnty. Water Auth. v. Dow Chem. Co.*, 2026 WL 1980920 (E.D.N.Y. July 1, 2026).

Road well in his expert declaration on the instant motion is the first time he explained how he and Dr. Adamson reached their well-by-well source identification conclusions.  *See* Connor Expert Decl. ¶¶ 14-19.)  Since Mr. Connor's intended well-by-well testimony has been excluded under *Daubert*, it cannot provide a basis to grant Defendants' motion.  *See Suffolk Cnty.*, 2026 WL 799752, at *5 ("Defendants' suggestion that they can have their experts describe in narrative form how they reached their source identification conclusions well-by-well for the first time at the trial, without having provided their analyses pre-trial, violates fundamental principles of pre-trial expert discovery.").

As to Mr. Moreno's proposed testimony, which has *not* been excluded, *see Suffolk Cnty. Water Auth. v. Dow Chem. Co.*, 2026 WL 936145 (E.D.N.Y. April 7, 2026), Defendants conceded on oral argument that it could be readily categorized and presented to the jury in groupings of wells rather than well by individual well.  February 6, 2026 Tr. of Oral Argument at 10:3-15.  This would be in keeping with the Federal Rules of Evidence.  *See* Fed. R. Evid. 1006 (expressly authorizing summaries, charts, and calculations).  Groupings and summary devices are common tools used even in criminal cases to make trials more effective and efficient and to ease the burden on juries in complex cases.  My review of Mr. Moreno's Report confirms that his testimony would not require an extensive presentation for each individual TCA Claim Well.

In sum, the foundations for Defendants' motion are lacking.  Defendants simply have not shown that their phased trial approach is necessary or even a more efficient way to try the case. Suffolk will present virtually the same evidence as to all wells.  And much of Defendants' factual and expert evidence will be the same as to all wells.  While Defendants remain free to present their defenses on a well-specific basis, their effort on this motion to show that there will be lengthy well-by-well testimony has failed.

In support of their argument that fairness requires multiple trials in order to avoid the risk of jury confusion, Defendants rely on two mass tort actions in which the Court of Appeals for the Second Circuit reversed consolidation orders, *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346 (2d Cir. 1993), and *In re Repetitive Stress Inj. Litig.*, 11 F.3d 368 (2d Cir. 1993), *on reh'g,* 35 F.3d 637 (2d Cir. 1994).[3]  But the complexity of the issues in those cases, and the corresponding risk of jury confusion, are not present here.  In *Malcolm*, an asbestos case, the Court found that "the maelstrom of facts, figures, and witnesses, with 48 plaintiffs, 25 direct defendants, numerous third-and-fourth party defendants, and evidence regarding culpable non-parties and over 250 worksites throughout the world was likely to lead to jury confusion."  995 F.2d at 352.  *In re Repetitive Stress Inj. Litig.* concerned the consolidation of 44 separate cases against multiple defendants, with plaintiffs employed in varying occupations across numerous worksites each alleging distinct injuries.  11 F.3d at 371.  The Court found that "the sole common fact among these cases is a claim of injury of such generality that it covers a number of different ailments for each of which there are numerous possible causes other than the tortious conduct of one of the defendants."  *Id.* at 373.  Moreover, "the plaintiffs come from a variety of jurisdictions and rely for their claims on the laws of different states."  *Id.*

This case, on the other hand, concerns a single plaintiff and, at this point, two manufacturing defendants.  All third-party claims have been severed.  *See Suffolk Cnty. Water Auth. v. Dow Chem. Co.*, 2021 WL 4942782 (E.D.N.Y. Oct. 22, 2021).  Suffolk is proceeding on a unified theory of the case with a limited number of New York state common law claims that apply to all wells.  Thus, common issues of law are presented.  Defendants simply have not shown

---

[3] Here, of course, there has been no consolidation of separate claims.  Rather, Defendants seek to split Suffolk's claims into at least eight trials.

a risk of jury confusion.  Defendants wish to present well-by-well defenses, but, as described above, these defenses can be fairly presented in a single trial without impinging on Defendants' due process rights.

Defendants rely heavily on Judge Scheindlin's order in *In re Methyl Tertiary Butyl Ether (MTBE) Prods.*, 2007 WL 1791258, at *2 (S.D.N.Y. June 15, 2007), where Suffolk successfully argued for a bellwether trial approach in which a subset of representative wells would be tried before a jury before the other wells would be tried.  *Id.* at *2.  I am unpersuaded that a bellwether or phased trial approach is warranted here.  As Suffolk points out, Judge Scheindlin later ordered all claims remaining after the bellwether trial to be tried in a single trial, "so long as such a trial protects the constitutional rights of all the parties."  *In re MTBE*, 2019 WL 4744250, at *1 (S.D.N.Y. Sept. 30, 2019).  I am convinced that the parties' rights here will be adequately protected by the single trial approach.

## III.    Conclusion

For the foregoing reasons, Defendants' Motion for a Phased Trial Plan is DENIED.

**SO ORDERED.**

/s/(NG)

**NINA GERSHON**
**United States District Judge**

July 21, 2026
Brooklyn, New York